IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| USG CORPORATION, | : | |
| a Delaware corporation, et al., | : | Jointly Administered |
| | : | Case No. 01-2094 (JKF) |
| Debtors. | : | |
| | : | |
| | : | |
| USG CORPORATION, et al., | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | Civil Action No. 04-1559 (JFC) |
| | : | Civil Action No. 04-1560 (JFC) |
| OFFICIAL COMMITTEE OF | : | |
| ASBESTOS PERSONAL INJURY | : | |
| CLAIMANTS, OFFICIAL | : | |
| COMMITTEE OF UNSECURED | : | |
| CREDITORS, OFFICIAL | : | |
| COMMITTEE OF ASBESTOS | : | |
| PROPERTY DAMAGE CLAIMANTS | : | |
| AND LEGAL REPRESENTATIVE | : | |
| FOR FUTURE CLAIMANTS, | : | |
| | : | |
| Respondents. | : [1] | |

**ORDER ESTABLISHING CASE MANAGEMENT AND SCHEDULING PROCEDURES FOR ALL MATTERS IN THE ABOVE CAPTIONED BANKRUPTCY CASES WHICH THE REFERENCE HAS BEEN WITHDRAWN FROM THE UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE TO THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF DELAWARE**

Whereas, the above-captioned debtors and debtors in possession (the "Debtors") commenced the above-captioned bankruptcy cases (the "Bankruptcy Cases") by filing voluntary petitions for relief under chapter 11 of title 11 of the United States Code on June 25, 2001;

---

[1] The Debtors are the following 11 entities: USG Corporation, United States Gypsum Company, USG Interiors, Inc., USG Interiors International, Inc., L&W Supply Corporation, Beadex Manufacturing, LLC, B-R Pipeline Company, La Mirada Products Co., Inc., USG Industries, Inc., USG Pipeline Company and Stocking Specialists, Inc.

Whereas, this Court, by order dated December 23, 2004, formally withdrew the reference with respect to the Debtors' Motion for a Declaration With Respect to Voting Rights of Certain Putative Claimants (the "Voting Rights Motion") (filed August 21, 2002) [Bankruptcy Case Docket No. 2635] and all related matters from the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") to the United States District Court for the District of Delaware (the "District Court");

Whereas, the Voting Rights Motion and all related matters have been assigned civil action number 04-CV-1559 by the Clerk of the District Court;

Whereas, this Court, by order dated December 23, 2004, formally withdrew the reference with respect to the Motion of Debtors for Entry of a Case Management Order for Substantive Estimation Hearings (filed June 21, 2002) [Bankruptcy Case Docket No. 2456] (the "Estimation Motion") and all related matters from the Bankruptcy Court to the District Court;

Whereas, the Estimation Motion and all related matters have been assigned civil action number 04-CV-1560 by the Clerk of the District Court (civil action number 04-CV-1560 together with civil action number 04-CV-1559, the "Withdrawn Matters");

Whereas, this Court finds it necessary to establish case management procedures for all matters to be considered by the District Court with respect to the Withdrawn Matters;

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

This Order shall govern all scheduling and procedural matters with respect to the Withdrawn Matters.[2] To the extent the reference is withdrawn with respect to other matters in the Bankruptcy Cases subsequent to the entry of this Order, such matter(s) shall be considered a "Withdrawn Matter" and the terms of this Order shall apply to all such matters.

---

[2] Interested parties should refer to the Order Establishing Case Management and Scheduling Procedures and Superceding Prior Orders Related Thereto (the "Bankruptcy Case Management Order") [Bankruptcy Case Docket No. 6429] for all filings to be made in, and all matters to be considered by, the Bankruptcy Court in the Bankruptcy Cases.

RLF1-2834220-2

### Hearing Dates

Unless otherwise ordered by the Court, hearings will be scheduled in these cases at the request of interested parties or at the direction of the Court on an as needed basis. Any party in interest filing a motion or other pleading requesting relief from the District Court shall at the time of filing of such pleading contact the chambers of the Honorable Joy Flowers Conti and request a hearing date for such pleading. The date of the hearing shall be set so as to allow for the notice periods set forth in this Order.

### Agenda and Hearing Notebook

Counsel for the Debtors, in cooperation with all parties that have matters pending for a hearing, shall file with the Office of the Clerk of the District Court an agenda (the "Agenda") at least seven (7) days prior to such hearing. The Agenda shall indicate those matters that will go forward at such hearing.

Simultaneously with the filing of the Agenda, a copy shall be transmitted by the Debtors, via e-mail, to the undersigned's courtroom deputy in Pittsburgh, Pennsylvania at Chambers_of_Judge_Joy_Conti@pawd.uscourts.gov.

The Agenda shall be served upon local counsel who have entered an appearance in the Bankruptcy Cases, counsel to all official committees, the United States Trustee, the Futures Representative, and other counsel with a direct interest in any matter on the Agenda, reasonably contemporaneous with the court filing of the Agenda.

Contemporaneous with the filing of the Agenda, Debtors' counsel shall deliver by overnight mail a complete hearing notebook (the "Hearing Notebook") containing hard copies of all pleadings referenced in the Agenda to the chambers of the undersigned. The Hearing Notebook shall not be served on any party.

### Contents of the Hearing Notebook

The Hearing Notebook shall include those pleadings relating to all agenda items which are scheduled to be heard at the hearing. The Hearing Notebook shall not include any affidavits or certificates of service or any pleadings which relate to matters which are continued or adjourned by consent of the parties, or otherwise not scheduled to be heard at the hearing.

Proposed forms of order should be conspicuously tabbed in the Hearing Notebook for the District Court's convenience.

No additions or corrections to the Hearing Notebook or the Agenda will be permitted within the seven (7) days prior to any hearing without prior approval of the District Court.

### Filing of Motions, Briefs and Related Pleadings

Except as set forth below, the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "District Court Local Rules") shall apply in all proceedings related to the Withdrawn Matters. Unless otherwise ordered by the District Court, or unless otherwise agreed by parties in interest with the approval of the District Court, all motions, briefs, accompanying affidavits and related pleadings (hereinafter a "Motion") shall be filed and served at least forty (42) days prior to the hearing on such Motion. The hearing date established by the District Court for any Motion shall be identified in the caption of such Motion. Any objection, response, answering brief, accompanying affidavits and related pleadings (hereinafter an "Answer") to the Motion shall be filed and served no later than twenty (21) days after service of the Motion. Any reply brief shall be filed and served no later than ten (10) days after filing and service of the Answer. Unless otherwise ordered by the District Court, or unless otherwise agreed by parties in interest with the approval of the District Court, oral argument on all Motions shall be on the hearing date established by the District Court for such Motion.

### Procedures for Certificates of No Objection

To the extent no Answer is filed on or before the expiration of the response deadline for a Motion, the movant may file with the District Court, and serve on all parties, a certificate of no objection setting forth the name of the pleading, the date of filing, the docket number for the pleading and stating that no Answer was filed or received on or before the response deadline for such Motion. Upon the submission of the certificate of no objection, the District Court may enter an order granting the relief requested in the Motion without further notice or hearing.

### Notice of Filings in the District Court

All documents filed in the Withdrawn Matters shall be filed with the Clerk of the District Court. Contemporaneously with the filing of any document, the filing party shall file with the Clerk of the Bankruptcy Court a notice (hereinafter a "Notice of Filing") stating the

name of the document, the date of filing in the District Court, referencing the applicable civil action number and attaching a copy of the document.

### Service

All documents filed in the Withdrawn Matters shall be served on the general service list (the "Service List") maintained in the Bankruptcy Cases. Parties may request to be added to the Service List in accordance with the procedures noted below.

Any creditor or party in interest may enter an appearance and request receipt of all pleadings filed with respect the Withdrawn Matters by filing a written request with the Bankruptcy Court (a "Notice Request") and providing a copy of the Notice Request to counsel to the Debtors at each of the addresses set forth on Exhibit A hereto. A Notice Request must include (a) the name, organization (if any), full street address (no P.O. boxes), phone number, fax number (if any) and e-mail address of the party requesting service, (b) if an attorney, the party which such attorney represents and (c) a certification that the Notice Request has been served upon counsel to the Debtors at each of the addresses set forth on Exhibit A hereto and the date and manner of service. Any party filing a Notice Request shall be deemed to consent to service by e-mail in these cases. A Notice Request shall be deemed granted unless the Debtors file and serve a written objection to such Notice Request within ten (10) days of receipt thereof. Promptly after approval or deemed approval of the Notice Request, counsel to the Debtors shall add the party filing such Notice Request to the Service List. A Notice Request shall automatically be deemed invalid and of no effect unless and until such Notice Request complies with the procedures set forth herein (including the requirement that the Notice Request include an e-mail address to receive notice).

Whenever a party on the Service List is required to serve a pleading, a copy of an order or any other document pursuant to this Order, the District Court Local Rules or another order of this Court, such party on the Service List is authorized to effectuate service by e-mail; provided, however, that a party on the Service List is not required to effectuate service by e-mail. All documents served by parties on the Service List by e-mail shall include access to an attached computer file containing the entire document, including the proposed form of order and any exhibits, attachments or other materials in ".pdf" format, readable by Adobe Acrobat or other equivalent document reader programs commonly available without cost. The relevant filing shall either be attached to the e-mail in the format specified above or the e-mail shall contain a

RLF1-2834220-2

link to such filing in such format. Notwithstanding the requirement to serve the Service List by e-mail, if a party on the Service List is unable to serve a filing by e-mail due to technological difficulties (e.g., the electronic file is too large to send by e-mail or the party's e-mail system is

adequate if by U.S. mail, hand or overnight delivery or facsimile.

### Computation of Time

All time periods and deadlines set forth herein shall be computed in accordance with Bankruptcy Rule 9006(a).

### Effect of this Order

**Promulgation of this Order**

To ensure that all parties who may participate in these cases are aware of the terms of this Order, (1) counsel for the Debtors shall serve a copy of the Order on each party on the Service List, including all parties that have filed a notice of entry of appearance in accordance with Del. Bankr. L.R. 2002-1; (2) in the Bankruptcy Cases, the Clerk of District Court is hereby directed to make a conspicuous notation on the docket for these cases indicating the existence of this Order and the docket number assigned to the Order; and (3) Debtors' counsel shall have an ongoing obligation to notify parties in interest of the terms of this Order, as amended from time to time.

**Terms of This Order**

Any party may, at any time, apply for reconsideration or modification of this Order. Service of such Motion shall be made upon each party on the Service List, including all parties that have filed a notice of appearance in accordance with Del. Bankr. L.R. 2002-1 and shall be filed in compliance with the time limitations as set forth in this Order. The Court may, *sua sponte*, amend this Order at any time. Without modifying or amending this Order, the Court may, on request of a party or on its own motion, add or delete parties from the Special Service List.

This Order shall continue in effect until modified by further order of this Court.

Dated: March 23, 2005

/s/
The Honorable Joy Flowers Conti
United States District Judge

**EXHIBIT A**

EXHIBIT A

In re USG Corporation, et al.
Case No.: 01-2094 (JKF)

*Special Service List*

**Office of the United States Trustee**
Frank Perch, Esq.
Office of the United States Trustee
844 King Street
Room #2311- U.S. Courthouse
Wilmington, DE 19801
Facsimile No.: 302-573-6497
E-mail: Frank.J.Perch@usdoj.gov

**Outside Counsel to the Debtors**
Brad B. Erens, Esq.
Ilana Glazier, Esq.
Jones Day
77 W. Wacker Drive
Chicago, IL 60601
Facsimile No.: 312-782-8585
E-mail: usg@jonesday.com

**Delaware Counsel to the Debtors**
Daniel J. DeFranceschi, Esq.
Paul N. Heath, Esq.
Richard, Layton & Finger, P.A.
One Rodney Square
P.O. Box 551
Wilmington, DE 19899
Facsimile No.: 302-651-7701
E-mail: usg@rlf.com

**Outside Counsel to the Official Committee of Unsecured Creditors**
Ken Pasquale, Esq.
Denise Wildes, Esq.
Stroock & Stroock & Lavan LLP
180 Maiden Lane
New York, NY 10038
Facsimile No.: 212-806-9023
E-mail: kpasquale@stroock.com
        dwildes@stroock.com

**Delaware Counsel to the Official Committee of Unsecured Creditors**
Michael R. Lastowski, Esq.
Duane Morris, LLP
1100 North Market Street, Suite 1200
Wilmington, DE 19801-1246
Facsimile No.: 302-657-4901
E-mail: mlastowski@duanemorris.com

**Outside Counsel to the Official Committee of Asbestos Property Damage Claimants**
Scott L. Baena, Esq.
Jay M. Sakalo, Esq.
Bilzin Sumberg Baena Price & Axelrod LLP
2500 Wachovia Financial Center
200 S. Biscayne Blvd., Suite 2500
Miami, FL 33131-2336
Facsimile No.: 305-374-7593
E-mail: sbaena@bilzin.com
E-mail: jsakalo@bilzin.com

**Delaware Counsel to the Official Committee of Asbestos Property Damage Claimants**
Steven M. Yoder, Esq.
The Bayard Firm
222 Delaware Avenue, 9th Floor
Wilmington, DE 19801
Facsimile No.: 302-658-6395
E-mail: syoder@bayardfirm.com

**Outside Counsel to the Official Committee of Asbestos Personal Injury Claimants**
Elihu Inselbuch, Esq.
Caplin & Drysdale, Chartered
399 Park Avenue
New York, NY 10022-4614
Facsimile No.: 212-644-6755
E-mail: ei@capdale.com

Peter Van N. Lockwood, Esq.
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, D.C. 20005-5802
Facsimile No.: 202-429-3301
E-mail: pvnl@capdale.com

**Delaware Counsel to the Official Committee of Asbestos Personal Injury Claimants**
Marla R. Eskin, Esq.
Kathleen J. Campbell, Esq.
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801
Facsimile No.: 302-426-9947
E-mail: meskin@camlev.com
E-mail: kcampbell@camlev.com

**Legal Representative for Future Claimants**
Dean M. Trafelet
9130 Wild Lane
P. O. Box 518
Baileys Harbor, WI 54202
Facsimile No.: 920-839-9438
E-mail: dtrafelet@dcwis.com

**Outside Counsel to Legal Representative for Future Claimants**
Nicholas J. Cremona, Esq.
Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022
Facsimile No.: 212-836-8689
E-mail: ncremona@kayescholer.com
E-mail: mcrames@kayescholer.com

**Delaware Counsel to Legal Representative for Future Claimants**
James L. Patton, Jr., Esq.
Sharon Zieg, Esq.
Young Conaway Stargatt & Taylor, LLP
The Brandywine Building
1000 West Street, 17th Floor
P. O. Box 391
Wilmington, DE 19899-0391
Facsimile No.: 302-571-1253
E-mail: jpatton@ycst.com
E-mail: szieg@ycst.com

**Special Asbestos Counsel to the Debtors**

Stephen C. Neal
Gordon C. Atkinson
Scott D. Devereaux
Cooley Godward LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155