IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | |
| | : | Chapter 11 |
| **USG CORPORATION,** | : | |
| a Delaware corporation, et al., | : | **Jointly Administered** |
| | : | **Case No. 01-2094 (JKF)** |
| Debtors. | : | |
| | : | |
| | : | |
| **USG CORPORATION, et al.,** | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | **Civil Action No. 04-1559 (JFC)** |
| **OFFICIAL COMMITTEE OF** | : | **Civil Action No. 04-1560 (JFC)** |
| **ASBESTOS PERSONAL INJURY** | : | |
| **CLAIMANTS, et al.,** | : | **Hearing:    6/13/05 2:00 p.m.** |
| | : | |
| Respondents. | : | |

**DEBTORS' BRIEF REGARDING REQUEST FOR DISCOVERY IN ADVANCE OF
HEARING ON ISSUES TO BE CONSIDERED IN ESTIMATION**

COOLEY GODWARD LLP
Stephen C. Neal (CA 170085)
Scott D. Devereaux (CA 146050)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Tel: (650) 843-5000

RICHARDS, LAYTON, & FINGER, P.A.
Daniel J. DeFranceschi (DE No. 2732)
Paul N. Heath (DE No. 3704)
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Tel: (302) 651-7700

JONES DAY
David G. Heiman (OH 0038271)
Brad B. Erens (IL 6206864)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Tel: (216) 586-3939

*Counsel for Debtors*

## I.    INTRODUCTION

A central issue in this case is whether the Court will consider the merits of the asbestos personal injury claims in estimating debtor United States Gypsum Company's ("U.S. Gypsum") liabilities, or rely solely upon certain claims resolution history, as proposed by the Official Committee of Asbestos Personal Injury Claimants and the Future Claimants' Representative (collectively the "ACC").

There is no question that the goal of estimation is to predict the number and value of *valid* asbestos personal injury claims that have been and will be asserted against U.S. Gypsum or the asbestos trust, so that a plan of reorganization will provide for the proper funding of payable claims.  This does not mean that estimation determines the merits of the claims of particular individuals but, rather, that estimation outlines the characteristics of those claims that likely will be valid, so that the number and value of such claims may be estimated.

This exercise is not only important to Debtors[1], it is important to Debtors' creditors and stakeholders, including those asbestos claimants with legitimate claims.  All parties have an interest in seeing that Debtors' resources are used to pay only valid claims; thus, the characteristics of valid claims must be considered in estimation.  Where claims are contested, as in this case, due process guarantees Debtors the opportunity to present a meaningful defense to those claims.  As Judge Wolin concluded with respect to the issues to consider in estimation:  "In an asbestos bankruptcy, the Court will, within the constraints of the law, reject unsubstantiated claims, bogus medical evidence and

---

[1] The term "Debtors," as used herein, is a convention used for convenience.  The vast majority of the asbestos personal injury claims at issue are asserted against only one debtor, U.S. Gypsum.  Debtors other than U.S. Gypsum are not responsible for the asbestos liabilities arising from products manufactured or sold by U.S. Gypsum.

1

fanciful theories of causation.  The Court will protect those who have been truly harmed."
(February 19, 2003 Order at 4.)

Pursuant to Debtors' estimation proposal, Debtors will present evidence during estimation that certain categories of claimants have sustained no compensable harm or, based on their alleged asbestos exposures, likely cannot establish that U.S. Gypsum's products are responsible for any claimed injuries.  (*See* Debtors' previously filed Estimation Decision Tree, attached hereto as Exhibit A.)  The ACC, on the other hand, submits that estimation should consist only of testimony with respect to U.S. Gypsum's claims resolution history and, based solely on that history, predictions regarding the number of future claims that should be paid.  The ACC argues that evidence about the characteristics of claimants who have no compensable injury or no meaningful exposure to U.S. Gypsum's products should be excluded entirely from estimation.

The parties agree that the question of which issues and evidence will be considered in estimation is the threshold question for the Court to decide after briefing and a hearing.  The parties disagree, however, as to what, if any, discovery is needed before the Court can make an informed decision.

The Court does not need discovery to decide whether it is necessary to consider the merits of claims in estimation.  Indeed, Judge Wolin entered an order in this case that estimation would consider the merits of the claims after briefing on the issue, absent any discovery and without any request for discovery from any party, including the ACC.

The ACC now requests, for the first time, discovery in three general areas prior to the Court's determination of the issues to be considered in estimation.  The three general areas are: (1) the scientific evidence regarding the merits of the personal injury claims;

(2) Debtors' tort system experience; and (3) Debtors' proposed sampling of personal injury claims for estimation purposes.[2]  The ACC purports to need four to six months for this discovery.  Debtors understand that the ACC does *not* contemplate mutual and complete discovery on these issues, but, rather, one-sided discovery where the ACC obtains discovery of Debtors and their experts, but Debtors are not granted the reciprocal discovery on the same issues.  Debtors repeatedly have offered to begin full and complete discovery, but the ACC continues to reject this offer and instead adheres to their proposal for only partial and one-sided discovery before the estimation determination.

The ACC's discovery proposal is impermissible and wasteful.  The Court cannot decide whether to consider the merits in estimation based on one-sided discovery.  And, if the Court ultimately does consider the merits, as Debtors believe it must, the discovery will have to be repeated.  Debtors respectfully request that the Court deny the ACC's call for another half-year of delay for unnecessary and one-sided discovery and, instead, schedule complete and mutual discovery at the appropriate time.

II.    DISCUSSION

    A.    **Discovery Regarding Scientific Evidence is Not Relevant to Determining Whether to Consider the Merits of Claims in Estimation.**

In estimating U.S. Gypsum's liability for asbestos personal injury claims, the Court should consider: (1) whether claimants who do not manifest physical harm (those who are "unimpaired") have a compensable injury under applicable law and how those claims should be treated in estimation; (2) whether the scientific evidence supports the claim that chrysotile asbestos causes mesothelioma; (3) whether claimants who, by

---

[2] To date, the ACC has not provided a statement of the specific discovery they wish to take and have been vague on exactly what discovery they seek.  Debtors' present understanding of the desired discovery is based on meet and confer conversations and correspondence with counsel.

virtue of their occupations or otherwise, have not had exposure to U.S. Gypsum's asbestos-containing products sufficient to cause disease have compensable claims; (4) whether the scientific evidence supports the claim that asbestos exposure causes cancers other than lung and mesothelioma; and (5) whether the scientific evidence supports the claim that lung cancer in the absence of asbestosis is asbestos-related. (*See* Exhibit A, "Part 1:  Determine the Characteristics of Valid Claims" on Debtors' Estimation Decisional Tree.)

Although Debtors do not have the benefit of the ACC's specific discovery proposal, based on meet and confer communications to date, Debtors believe that the ACC will seek discovery to support their argument that some epidemiologists still believe chrysotile asbestos can cause mesothelioma.  Debtors similarly expect that the ACC's discovery will be designed to demonstrate that not all epidemiologists agree as to the level of asbestos exposure needed to cause disease.  But this discovery is not relevant to whether evidence regarding claim validity should be *heard,* which is the question at hand; it may be relevant to whether this evidence ultimately will be *accepted* and accounted for in the estimation.  The ACC's belief that their arguments regarding the science ultimately will prevail, and therefore an estimation considering the merits of claims is futile, provides no basis to deny Debtors their right to present the evidence and contest the claims against them.

B.    **The Discovery Proposed Will Impermissibly Disadvantage All Other Parties and Waste the Estates' Resources.**

Although Debtors do not believe that the discovery the ACC seeks is appropriate at this stage, to move this proceeding forward, Debtors offered to proceed with mutual discovery on all medical, scientific, and factual questions relevant to

4

estimation of U.S. Gypsum's liability.  Debtors believed that such an approach would resolve the dispute between the parties and allow all discovery to be conducted efficiently and at one time.  The ACC rejected this offer.

By pursuing only one-sided discovery and avoiding the discovery Debtors require to establish their defenses (such as claimant discovery), the ACC is manipulating the discovery process.  The ACC seeks to ensure that the Court's decision regarding the issues to consider in estimation can only result in (1) a summary rejection of Debtors' arguments regarding claim validity without Debtors ever being given a full and fair hearing on these issues or (2) a decision to hear the merits in estimation, which would require a round of mutual discovery and an inevitable repetition of the discovery previously taken from the Debtors' experts.  In this way, the hearing regarding the issues to consider in estimation offers no possibility for Debtors to advance their case, yet guarantees the ACC "two bites at the apple."  The ACC's attempt to use discovery as a tool to gain an undue advantage should not be condoned.  *Buffington v. Wood*, 351 F.2d 292, 297 (3d Cir. 1964) (finding that courts must "avoid giving potential discovery advantages to one party over the other").

By seeking only partial discovery, the ACC asks the Court to decide that Debtors' claim validity arguments will not be heard without considering all the relevant evidence. For example, the ACC will try to establish that experts disagree as to how much exposure is needed to cause disease, but at the same time the ACC opposes any discovery of claimants (even those with pending lawsuits against U.S. Gypsum) regarding their exposure history.  By this approach, the ACC hopes to keep from the Court the evidence that will reveal that many claimants, because they never worked in the construction

5

industry where U.S. Gypsum's products were used, have such minimal or non-existent levels of exposure to U.S. Gypsum's products that no credible expert would find those products were a cause of disease.  The Court should not make a determination to exclude Debtors' claim validity arguments from estimation based only on partial evidence.

The ACC's proposal is as inefficient as it is unfair.  The ACC proposes that rather than hear all of the relevant evidence in a single hearing, the Court should hold a one-sided preview and then decide whether to hold another hearing on the same issues later. The ACC, in essence, proposes that the Court have a hearing to consider the merits of the scientific issues in deciding whether to have a hearing to consider the merits of the scientific issues.  Not only would a mini-hearing on the merits waste the Court's time, it will needlessly drain the estates' resources.  If the Court determines that the estimation must consider the merits of claims, full discovery will inevitably produce redundancies of the previous discovery efforts.  There is little doubt that if the ACC's discovery requests were granted, many or most of Debtors' experts will need to prepare reports, give depositions, and testify twice.

### C.    The ACC Already Has Access to U.S. Gypsum's "Tort System History."

Another area of potential discovery referenced by the ACC in their Estimation Decision Tree is Debtors' "tort system history (CCR and USG)."   The ACC, however, already has the *very same database* that Debtors have, which contains the settlement history of claims filed against U.S. Gypsum since 1985, when U.S. Gypsum became a member of the Asbestos Claims Facility, which existed prior to the Center for Claims Resolution ("CCR").   In fact, the ACC's involvement with many asbestos defendants, both in and out of bankruptcy, likely gives them *broader knowledge* of the

6

settlement history of asbestos personal injury claims than Debtors possess.  It is difficult to fathom what additional tort system history discovery the ACC needs to be in a position to brief the Court regarding what issues should be considered in estimation.

      **D.**      **Sampling Is An Accepted Discovery Tool, Although Issues Relating to Sample Size and Composition May Be the Subject of Discovery.**

The ACC also has asserted that they believe claimant sampling, in general, is not reliable or useful in the estimation process, and the ACC previously has suggested that they would like discovery to demonstrate that proposition.  Whether sampling is appropriate is, however, a legal question for the Court.  Indeed, the use of statistical sampling is a well accepted alternative to impractically costly and time-consuming discovery.  *See, e.g.*, *Manual for Complex Litigation, Third* § 21.422 ("statistical sampling techniques may be used to measure whether the results of the discovery fairly represent what unrestricted discovery would have been expected to produce"); § 21.493 ("In some cases, sampling techniques may provide the only practicable means to collect and present relevant data").  Given the Court's broad discretion to admit statistical sampling evidence, discovery into the issue of sampling is unnecessary prior to the Court's decision regarding the issues to consider in estimation.

The ACC also has asserted that Debtors' proposed sampling raises statistical and factual issues, such as whether the sample size is sufficient.  In an effort to resolve these issues, Debtors have offered to provide discovery of their expert statistician with respect to Debtors' sampling plan.  Debtors also proposed that the ACC provide discovery of their expert who will criticize, or offer an alternative to, Debtors' sampling proposal. Debtors submit that the particulars of the sampling protocol for discovery purposes may be resolved after the estimation methodology determination; however, Debtors are not

7

opposed to engaging in reciprocal discovery with respect to the sampling protocol prior to that determination.

**E.    Under Debtors' Proposal, the ACC Will Not Be Deprived of Discovery.**

Denying the ACC's requested discovery at this point will in no way deprive the ACC of the opportunity to pursue discovery and present their arguments on the merits. The ACC will have the opportunity to pursue their desired discovery prior to a determination of the characteristics of valid claims, and the ACC may advance their theories with respect to Debtors' arguments at the estimation hearing. At that time, the Court will have all the substantive evidence before it and will be in a position to make a fully informed decision as to claim validity and estimation.

**III.    CONCLUSION**

The partial, one-sided discovery requested by the ACC before the hearing regarding whether to consider the merits of claims in estimation is unnecessary and unfair. The ACC improperly views the hearing on whether to consider the merits of claims in estimation as an opportunity to serve up their contentions of the alleged flaws in Debtors' claim validity arguments. The ACC seeks to do so while refusing the discovery Debtors require to demonstrate the characteristics of truly valid claims.

Debtors respectfully request that the Court deny the ACC's discovery and set a briefing and hearing schedule with respect to the estimation methodology determination or, alternatively, order full and complete discovery requested by all parties prior to the

estimation methodology determination to avoid a duplication of efforts and a waste of resources.

Dated:  April 26, 2005

COOLEY GODWARD LLP
Stephen C. Neal (CA 170085)
Scott D. Devereaux (CA 146050)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Tel: (650) 843-5000

JONES DAY
David G. Heiman (OH 0038271)
Brad B. Erens (IL 6206864)
North Point - 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Tel: (216) 586-3939

    /s/ *Paul N. Heath*
Daniel J. DeFranceschi (DE No. 2732)
Paul N. Heath (DE No. 3704)
RICHARDS, LAYTON, & FINGER, P.A.
One Rodney Square
P.O. Box 551
Wilmington, Delaware 19899
Tel: (302) 651-7700

9

**EXHIBIT A**

# ESTIMATION DECISIONAL TREE

Yes (Debtors' Proposal)

Will the Court Consider the Merits In Determining Debtors' Asbestos Liability in Estimation?

No (ACC's Proposal)

## Part 1 - Determine the Characteristics of Valid Claims

Questions to be determined:
1. Do "unimpaired" claimants have a compensable injury?
2. What level of exposure must a claimant demonstrate to establish that Debtors' products were a "substantial factor" in causing injury?
3. Does chrysotile asbestos cause mesothelioma?
4. Can lung cancer without asbestosis be asbestos-related?
5. Does asbestos cause "other cancers?"

## Part 2 – Estimate the Number of Valid Claims

Determine the Number of Sample Claims in Each Disease Category That Have the Characteristics of a Valid Claim (Based on the Claimant Discovery and Characteristics of Valid Claims Rulings)

Assume All Present and Future Claims Are Valid in Proportion to the Percentage of Historical Claims Debtors Settled or Paid

Estimate the Total Number of Valid Present and Future Claims Through Statistical Extrapolation

## Part 3 – Estimate the Value of Valid Claims

Determine What Claims Resolution History Best Represents Likely Claimant Recovery and Estimate the Value of the Average Claim in Each Disease Category

Multiply the Projected Number of Valid Claims in Each Disease Category by the Appropriate Values for Each Disease Category to Estimate Debtors' Total Liability and Determine the Size of the Trust

935996 v1/SF
k27w01!.DOC

# UNITED STATES DISTRICT COURT
# DISTRICT OF DELAWARE

## CERTIFICATE OF SERVICE

I hereby certify that on April 26, 2005, I electronically filed *Debtors' Brief*

*Regarding Request for Discovery in Advance of Hearing on Issues to be Considered in*

*Estimation* with the Clerk of Court using CM/ECF which will send notifications of such filing to

the following:

| | |
|---|---|
| **Steven T. Davis** <br> steven.davis@obermayer.com | **Michael R. Lastowski** <br> mlastowski@duanemorris.com |
| **Marla Rosoff Eskin** <br> meskin@camlev.com | **Christopher D. Loizides** <br> loizides@loizides.com |
| **Brett D. Fallon** <br> bfallon@morrisjames.com | **Christopher A. Ward** <br> bankserve@bayardfirm.com <br> cward@bayardfirm.com |
| **Paul N. Heath** <br> heath@rlf.com; rbgroup@rlf.com | |

I hereby certify that on April 26, 2005, I caused a copy of the **Debtors' Brief**

**Regarding Request for Discovery in Advance of Hearing on Issues to be Considered in**

**Estimation** to be served via e-mail upon the attached *Service List*[1]:

                              /s/ Paul N. Heath
                              Paul N. Heath (No. 3704)
                              Richards, Layton & Finger, P.A.
                              One Rodney Square, P. O. Box 551
                              Wilmington, Delaware 19899-0551
                              Phone:  302-651-7700
                              Fax:  302-651-7701
                              E-mail:  heath@rlf.com

---

[1] As defined in and in accordance with *Order Establishing Case Management and Scheduling Procedures for All Matters in the Above-Captioned Bankruptcy Cases Which the Reference has been Withdrawn from the United States Bankruptcy Court for the District of Delaware to the United States District Court for the District of Delaware* [Docket No. 8 in Case #04-1560; Docket No. 6 in Case #04-1559 – entered March 23, 2005]

*In re: USG Corporation*
*Service List as of April 26, 2005*

*Representing Marathon Ashland Petroleum and Coral Energy Canada*
John D. Demmy
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

*Representing Official Committee of Asbestos Personal Injury Claimants*
Marla R. Eskin
Kathleen J. Campbell
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801

*Representing Edward Wally*
Robert Jacobs
Jacobs & Crumplar, P.A.
P.O. Box 1271
2 East 7th Street
Wilmington, DE 19899

*Representing Official Committee of Unsecured Creditors*
Michael R. Lastowski
Duane Morris, LLP
P.O. Box 195
1100 North Market Street, Suite 1200
Wilmington, DE 19899-1246

*Representing Airgas, Inc.*
Kathleen M. Miller
Smith Katzenstein & Furlow, LLP
P.O. Box 410
800 Delaware Avenue, 7th Floor
Wilmington, DE 19899

*Representing Dean M. Trafelet, Futures Representative*
James L. Patton
Sharon Zieg
Young Conaway Stargatt & Taylor, LLP
P.O. Box 391
1000 West Street, 17th Floor
Wilmington, DE 19899

*Representing US Trustee*
Frank J. Perch
Office of the United States Trustee
J. Caleb Boggs Federal Building, 844 King Street, Room 2313 Lockbox 35
Wilmington, DE 19801-3519

*Representing Official Committee of Asbestos Property Damage Claimants*
Steven M. Yoder
Neal B. Glassman
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

*Representing Atlas Roofing Corporation*
Jennifer M. Zelvin
McCarter & English, LLP
P.O. Box 111
919 N. Market Street, Suite 950
Wilmington, DE 19899

*Representing Ancel Abadie and additional claimants*
Julie A. Ardoin
Stephen B. Murray
The Murray Law Firm
909 Poydras Street, Suite 2550
New Orleans, LA 70112-4000

*Representing Asbestos Property Damage Committee*
Scott L. Baena
Jay Sakalo
Annie Martinez
Allyn Danzeisen
Bilzin Sumberg Baena Price & Axelrod LLP
2500 First Union Financial Center, 200 South Biscayne Blvd.
Miami, FL 33131-2336

Gary L. Barnhart
Missouri Dept. of Revenue
P.O. Box 475
301 West High Street, Room 670
Jefferson City, MO 65105-0475

Robert W. Bollar
Southern Counties Oil Co.
P.O. Box 4159
1800 West Katella Avenue, Suite 400
Orange, CA 92863-4159

*Representing Airgas, Inc.*
David Boyle
Airgas, Inc.
P.O. Box 6675
259 Radnor-Chester Road, Suite 100
Radnor, PA 19087

*Representing West Coast Estates*
Thomas J. Brandi
Terrence Edwards
Law Offices of Thomas J. Brandi
44 Montgomery Street, #1050
San Fancisco, CA 94104

*Representing Various Asbestos Claimants*
Alan R Brayton
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

*Representing Various Asbestos Claimants*
Russell Budd
Alan B. Rich
Baron & Budd, P.C
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

ReGen Capital I, Inc.
P.O. Box 626
Planetarium Station
New York, NY 10024-0540

Peter A. Chapman
572 Fernwood Lane
Fairless Hills, PA 19030

*Representing Central States, Southeast and Southwest Areas Pension Fund*
Rathna Chikkalingaiah
Central States, Southeast and Southwest Areas Pension Fund
Legal Department 9377 West Higgins Road
Rosemont, IL 60018-4938

*Representing Oracle Corporation and Oracle Credit Corporation*
Shawn M. Christianson
Buchalter, Nemer, Fields & Younger
333 Market Street, 25th Floor
San Francisco, CA 94105-2130

*Representing Tennessee Dept. of Treasury - Unclaimed Property*
Marvin E. Clements, Jr.
C/O TN Attorney General's Office, Bankr. Unit
P.O. Box 20207
Nashville, TN 37202-0207

*Representing Barbara G. Billet, Esq., Deputy Commissioner and Counsel*
Elaine Z. Cole
New York State Department of Taxation and Finance
340 E. Main St.
Rochester, NY 14604

*Representing Committee Member*
Newberry College
c/o Edward J. Westbrook, Esquire
Richardson Patrick Westbrook & Brickman
LLC
P.O. Box 1007
1037 Chuck Dawley Blvd, Building A
Mount Pleasant, SC 29465

*Representing Dean M. Trafelet, Futures
Representative*
Nicholas J. Cremona
Andress A. Kress
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

*Representing Ker McGee*
Myron K. Cunningham
Kerr McGee Center
P.O. Box 25861
Oklahoma City, OK 73125

*Representing Catholic Archdiocese of New
Orleans*
Martin Dies
1009 Green Avenue
Orange, TX 77630

*Representing Port St. Helens, Oregon*
Charles R. Ekberg
Lane Powell Sears Lubersky LLP
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338

*Representing Debtors*
Brad B. Erens
Robert Krebs
Scott A. Huff
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692

*Representing Hayward Industrial Park
Associates, a CA general partnership*
Gregg M. Ficks
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111

*Representing Federal Express Corp.*
Charles J. Filardi, Jr.
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890-1436

Ryan A. Foster
The Foster Law Firm, PLLC
440 Louisiana, Suite 2100
Houston, TX 77002

Charles O. Freedgood
JP Morgan Chase
270 Park Avenue Floor 12
New York, NY 10017-2036

*Representing Innovative Gas Services, Inc.*
Craig E. Freeman
Thelen, Reid & Priest LLP
875 Third Avenue
New York, NY 10022

*Representing Environmental Protection
Agency*
Henry S. Friedman
John C. Cruden
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044

*Representing The Valleycrest Landfill Site
Group*
Neal A. Frink
Dinsmore & Shohl
1900 Chemed Center 255 East Fifth Street
Cincinnati, OH 45202

*Representing Bear, Stearns & Co. Inc.*
James G. Gereghty, Jr.
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, NY 10179

*Representing Certain Plaintiffs & Claimants*
Charles E. Gibson, III
620 North Street, Suite 100
Jackson, MS 39202

*Representing California Union Insurance Company*
Leonard P. Goldberger
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395

Terry A. Graffis
National City Bank
1900 East Ninth Street, Locator 01-2136
Cleveland, OH 44114

*Representing Creditor*
Tyler Greif
Peter Faulkner
1313 Avenue of the Americas
New York, NY 10019

*Representing Fox Valley Steel and Wire Company*
Daniel J. Habeck
Cramer, Multhauf & Hammes, LLP
P.O. Box 558
Suite 200, 1601 East Racine Avenue
Waukesha, WI 53187

*Representing Debtor*
Paul Harner
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Il 60601-1692

*Representing Debtors*
David Heiman
Jones Day
North Point, 901 Lakeside Avenue
Cleveland, OH 44114

*Representing New Jersey Resources*
Robert L. Heugle, Jr.
Lomurro, Davison, Eastman & Munoz, P.A.
Monmouth Executive Center, 100
Willowbrook Road, Building 1
Freehold, NJ 07728-2879

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

*Representing OII Steering Committee*
Allan H. Ickowitz
Kathy K. Emanuel
Nossaman, Guthner, Knox & Elliott, LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071

*Representing Official Committee of Asbestos Personal Injury Claimants*
Elihu Inselbuch
Caplin & Drysdale, Chartered
399 Park Ave.
New York, NY 10022-4614

Thomas L. Jacob
Air Products and Chemicals, Inc.
7201 Hamilton BLVD.
Alentown, PA 18195-1501

William S. Katchen
Duane Morris, LLP
744 Broad Street, Suite 1200
Newark, NJ 07102

*Representing Various Asbestos Claimants*
Michael V. Kelley
Thomas M. Wilson
Kelley & Ferraro, L.L.P.
1901 Penton Media Building, 1300 East
Ninth Street
Cleveland, OH 44114

Allan Kellman
The Jaques Admiralty Law Firm
1370 Penobscot Building
Detroit, MI 48226

*Representing City and County of Denver*
Eugene J. Kottenstette
Assistant City Attorney
Land Use & Revenue Section
201 West Colfax Avenue, Dept 1207
Denver, CO 80202-3275

Roger Kral
Dietrich Industries
4200 St Rt 22 East #3
Blairsville, PA 15717

*Representing Trucklease Corporation d/b/a*
*AMI Leasing, sucessor in interest to Biddle*
*Co., Inc.*
Gary P. Lightman
Glenn A. Manochi
LIGHTMAN, MANOCHI &
CHRISTENSEN
1520 Locust Street, 12th Floor
Philadelphia, PA 19102

*Representing Official Committee of Asbestos*
*Personal Injury Claimants*
Peter Van N. Lockwood
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005-5802

*Representing USG Corporation*
Mary A. Martin
USG Corporation
125 South Franklin Street
Chicago, IL 60606

*Representing Lexington Insurance Company*
Robert B. Millner
Sonnenschein, Nath & Rosenthal
8000 Sears Tower, 233 South Wacker Drive
Chicago, IL 60606

*Representing Commonwealth of*
*Pennsylvania, Pennsylvania Department of*
*Revenue*
Christopher R. Momjian
Office of the  Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603

*Representing Office of the Attorney General*
*- Washington*
Zachary Mosner
Office of the Attorney General - Bankruptcy
& Collections Unit
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012

Lisa B. Neimark
E&Y Capital Advisors LLC
233 S. Wacker Drive
Chicago, IL 60606

*Representing The State of Louisiana*
L. Scott Patton
Walter C. Dunn
The Boles Law Firm
P.O. Box 2065
1818 Avenue of America
Monroe, LA 71207-2065

*Representing Center for Claims Resolution*
Michael P. Richman
Jean Marie L. Atamian
Anthony J. Diana
Leslie Chebli
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY 10019

Barry Ridings
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th Floor
New York, NY 10020

*Representing Commonweath of PA*
Sharon L. Royer
Harrisburg Bankruptcy and Compliance
1171 South Cameron Street, Room 312
Harrisburg, PA 17104-2513

*Representing Parkway, Ltd.*
Howard C. Rubin
Kessler & Collins
5950 Sherry Lane, Suite 222
Dallas, TX 75225

*Representing Doris Saiger, as Personal
Representative of the Estate of William
Saiger, and Dawn Saiger*
Peter D. Russin
L. Tannenbaum
Meland Russin Hellinger & Budwick, P.A.
3000 Wachovia Financial Center 200 S.
Biscayne Boulevard
Miami, FL 33131

*Representing Associates Leasing, Inc.*
Sergio I. Scuteri
Farr Burke Gambacorta & Wright, P.C.
P.O. Box 788
Suite 201, Eastern International Executive
Office Center, 211 Benigno Boulevard
Bellmawr, NJ 08099-9811

*Representing IBM Corporation*
Beverly H. Shideler
IBM Corporation
2 Lincoln Center #200
Oakbrook Terrace, IL 60181-4837

*Representing Various Asbestos Claimants*
J. Bradley Smith
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

*Representing Fee Auditor*
Warren H. Smith
Warren H. Smith & Associates, P.C.
Republic Center, 325 N. Saint Paul, Suite
1275
Dallas, TX 75201

*Representing Anderson Memorial  Hospital*
Daniel A. Speights
Speights & Runyan
P.O. Box  685
200 Jackson Avenue East
Hampton, SC 29924

Adam M. Spence
The Law Offices of Adam M. Spence, P.C.
105 W. Chesapeake Avenue, Suite 400
Towson, MD 21204

*Representing Archiped Classics, Inc.*
Stephen C. Stapleton
Cowles & Thompson
901 Main Street, Suite 4000
Dallas, TX 75202

J.W. Taylor c/o Paul Matthews, Paralegal
Coastal Transport, Inc.
P.O. Drawer 67
Auburndale, FL 33823

*Representing USG Corporation*
Suzanne K. Torrey
USG Corporation
125 S. Franklin Street
Chicago, IL 60606

*Representing Future Claimants*
Dean M. Trafelet
P.O. Box 518
9130 Wild Lane
Baileys Harbor, WI 54202

*Representing New Jersey Self-Insurers
Guaranty Association*
Michael S. Waters
Jeffrey Bernstein, Esquire
Carpenter Bennett & Morrissey
Three Gateway Center 100 Mulberry St.
Newark, NJ 07102

*Representing Blue Cross & Blue Shield of
Florida, Inc.*
Richard Blackstone Webber II
Richard Blackstone Webber II, PA
320 Maitland Avenue
Altamonte Springs, FL 32701

*Representing Nick Ferrante*
Perry Weitz
C. Sanders McNew
Weitz & Luxenborg
180 Maiden Lane
New York, NY 10038-4925

*Representing Asbestos Creditors*
Scott W. Wert
Foster & Sear, L.L.P.
524 E. Lamar Blvd., Suite 200
Arlington, TX 76011

*Representing Official Committee of
Unsecured Creditors*
Denise K. Wildes
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038-4982

**In re:  USG Corporation, et al.**
**Service List – Email addresses**

**Via E-mail**

| | |
|---|---|
| margie@cegibsonlawfirm.com; | dkhogan@dkhogan.com; |
| adam@spencefirm.com; | david.boyle@airgas.com; |
| arich@baronbudd.com; | usg@jonesday.com; |
| bankruptcy@braytonlaw.com; | dtrafelet@dcwis.com; |
| akellman@jaquesadmiralty.com; | dwildes@stroock.com; |
| aickowitz@nossaman.com; | elaine_cole@tax.state.ny.us; |
| adanzeisen@bilzin.com; | EI@capdale.com; |
| akress@kayescholer.com; | Bankruptcy.Gene@ci.denver.co.us; |
| amartinez@bilzin.com; | Frank.J.Perch@usdoj.gov; |
| barry.ridings@lazard.com; | deecf@dor.mo.gov; |
| bhshide@us.ibm.com; | gmanochi@lightmanlaw.com; |
| usg@jonesday.com; | gficks@cpdb.com; |
| lbusch@weitzlux.com; | henry.friedman@usdoj.gov; |
| EWESTBROOK@RPWB.COM; | bsteward@dallasbuildings.com; |
| charles@cegibsonlawfirm.com; | bsmith@awpk.com; |
| abothwell@pepehazard.com; | legal@comcar.com; |
| charles.freedgood@jpmorgan.com; | jgereghty@bear.com; |
| EkbergC@LanePowell.com; | jpatton@ycst.com; |
| crmomjian@attorneygeneral.gov; | jsakalo@bilzin.com; |
| cfreeman@thelenreid.com; | jbernstein@mdmc-law.com; |
| dspeights@speightsrunyan.com; | jzelvin@mccarter.com; |
| djh@cmhlaw.com; | jdd@stevenslee.com; |
| usg@rlf.com; | dlawless@murray-lawfirm.com; |

kcampbell@camlev.com;

kmiller@skfdelaware.com;

s.patton@boleslawfirm.com;

ltannenbaum@melandrussin.com;

goldbergerl@whiteandwilliams.com;

lisa.neimark@eycf.com;

meskin@camlev.com;

mwdies@aol.com;

ICBRCAL.ICO1SO1.SDO5@STATE.TN.US;

mamartin@usg.com;

mrichman@mayerbrown.com;

mlastowski@duanemorris.com;

ssolazzo@mdmc-law.com;

mcunningham@kmg.com;

nfrink@dinslaw.com;

ncremona@kayescholer.com;

usg@jonesday.com;

pweitz@weitzlux.com;

peter@bankrupt.com;

prussin@melandrussin.com;

pfaulkner@psamllc.com;

pvnl@capdale.com;

rchikkalingaiah@centralstatesfunds.org;

notice@regencap.com;

rbwiipa@aol.com;

smaurer@dca.net;

rmillner@sonnenschein.com;

RHEUGLE@Lomurrolaw.com;

fitchettt@scfuels.com;

rkral@dietrichindustries.com;

nikim@rfosterlaw.com;

shuff@jonesday.com;

sbaena@bilzin.com;

swert@fostersear.com;

sscuteri@farrlawnet.com;

sroyer@state.pa.us;

szieg@ycst.com;

schristianson@buchalter.com;

sstapleton@cowlesthompson.com;

syoder@bayardfirm.com;

storrey@usg.com;

terry.graffis@nationalcity.com;

tjb@brandilaw.com;

jacobtl@apci.com;

tgreif@psamllc.com;

feeaudit@whsmithlaw.com;

wskatchen@duanemorris.com;

zacharym@atg.wa.gov;