**12**

# *Annotated*

## MANUAL FOR

# COMPLEX

# LITIGATION

## THIRD

## 2003

# DAVID F. HERR



THOMSON
————★————™
WEST

USG B 0229

**21**
ery

will
se a
ons
iem
isel.
vays
. In
with
ould
ded
ans.
rt to
ively,

infer-
pose
such
er,[118]
nit to

plan.
ind, if
lan.[121]

William

l parties

before
that the
country
demon-
on. Fed.

xpressly
ropriate
opt-out
of Civil

le costs,
h in the

**21.422**
.42 Planning and Control

**21. Pretrial Procedures**
FJC Text

Orderly management of the litigation will ordinarily be served by deferring commencement of discovery until after adoption of a plan.

Subjects for consideration at the conference bearing on the discovery plan may include the following:

- detailed examination of the specifics of proposed discovery in light of the provisions of Rule 26(b)(2) calling for[57]
  - –limiting discovery that is cumulative, duplicative, more convenient or less burdensome or expensive to obtain from another source, or seeks information the party has had ample opportunity to obtain; and
  - –balancing the burden and expense of any discovery sought against its benefit, considering the need for the discovery, the importance of the amount or issues at stake, and the parties' resources;

(These provisions confront the parties with the need to make choices; some documents may remain undiscovered and some discovery forgone. Parties need also to avoid early, unproductive discovery lest later discovery, though needed, be barred as creating an undue aggregate burden under Rule 26(b)(2).)

- directing disclosure of core information where appropriate to avoid the cost and delay of formal discovery (see *supra* section 21.13);
- reminding counsel of their professional obligations in conducting discovery and the implications of the certification under Rule 26(g) that all disclosures and discovery responses are complete and correct when made, and that requests, objections, and responses conform to the requirements of the Federal Rules;
- providing for compliance with the supplementation requirements of Rule 26(e)(1) and (2),[122] by setting periodic dates for reports;
- providing for periodic status reports to monitor the progress of discovery (which can be informal, by letter or telephone); and
- issuing an order, which may be a part of the scheduling order required by Rule 16(b) (see *supra* section 21.212), incorporating the schedule, limitations, and procedures constituting the discovery plan. For a sample order, see *infra* section 41.33.

### 21.422 Limitations

Limitations to control discovery in complex litigation may take a variety of forms, including time limits, restrictions on scope and quantity, and sequencing. As noted above, the Federal Rules and the court's inherent power provide broad authority. Among other provisions, Rule 16(b) directs the court to limit the time for discovery, and Rule 26(b) directs the court to limit the "frequency or extent of use of the discovery methods" under the rules, including the length of deposi[58]tions. Rule 30(a) imposes a presumptive limit of ten depositions per side, and Rule 33 establishes a presumptive limit of twenty-five interrogatories per party (see infra sections 21.451, 21.462). Rule 26(f)(3) requires the parties to address discovery limits in their proposed discovery plan.

Limits (which may be made merely presumptive) should be set early in the litigation, before discovery has begun. Because information about the litigation will

---

122. Rule 26(e)(2) does not apply to deposition testimony, but when the deposition of an expert from whom a report was required under Rule 26(a)(2)(B) reveals changes in the expert's opinion, it triggers the duty of supplementation imposed by Rule 26(e)(1). See Fed. R. Civ. P. 26 advisory committee's note; Fed. R. Civ. P. 26(a)(2)(C).

USG B 0230

**21. Pretrial Procedures**
FJC Text

**21.422**
.4 Discovery

be limited at that time, limits may need to be revised in the light of later developments. But they should be imposed on the basis of the best information available at the time, after full consultation with counsel, and on the understanding that they will remain binding until further order. In determining appropriate limits, the court will need to confront difficult questions of balancing efficiency and economy against the parties' need to develop an adequate record for summary judgment or trial. The difficulty of this task should not deter the judge from undertaking it, but it underlines the importance of clarifying and understanding the issues in the case before imposing limits.[123]

- **Time limits and schedules.** The discovery plan should include a schedule for the completion of specified discovery, affording a basis for judicial monitoring of progress. Setting a discovery cutoff date[124] at the initial conference, however, may not be feasible in complex litigation, though the setting of such a date at the appropriate time should remain an objective. When a discovery cutoff date is set, it should not be set so far in advance of the anticipated trial date that the product of discovery becomes stale and the parties' preparation outdated. Time limits impose a valuable discipline on attorneys, forcing them to be selective and helping to move the case expeditiously, but standing alone may be insufficient to control discovery costs. Unless complemented by other limitations, attorneys may simply conduct multitrack discovery, increasing expense and prejudicing parties with limited resources. To prevent time limits from being frustrated, the court should rule promptly on disputes so that further discovery is not delayed or hampered while a ruling is pending.

- **Limits on quantity.** Time limits may be complemented by limits on the number and length of depositions, on the number of interrogatories, and on the volume of requests for production. Such limitations should be imposed only after the court has heard from the attorneys and is able to make a reasonably informed judgment about the needs of the case. They are best applied sequentially to particular phases of the litigation, rather than as aggregate limitations. When limits are placed on discovery of voluminous transactions or other events, statistical sampling techniques[59] may be used to measure whether the results of the discovery fairly represent what unrestricted discovery would have been expected to produce (for a general discussion of statistical sampling, see infra section 21.493).

- **Phased, sequenced, or targeted discovery.** It will rarely be possible for counsel and the court to determine conclusively early in the litigation what discovery will be necessary; some discovery of potential relevance at the outset may be rendered irrelevant as the litigation proceeds and the need for other discovery may become known only through later developments. For effective discovery control, therefore, the court should direct initial discovery at matters—witnesses, documents, information—that appear pivotal. As the litigation proceeds, this initial discovery may render other discovery unnecessary or provide leads for further necessary discovery. Initial discovery may also be targeted at information that may facilitate settlement negotiations or provide the foundation for a dispositive motion; a discovery plan may call for limited discovery to lay the foundation for early settlement discussions. Targeted discovery may be nonexhaustive, conducted to rapidly produce critical information on one or more specific issues. In permitting this kind of discovery, the court must

---

123. See Schwarzer and Hirsch, supra note 106.

124. *See In re* Fine Paper Antitrust Litig., 685 F.2d 810 (3d Cir. 1982).

**USG B 0231**

balance the potential savings against the risk of later duplicative discovery should the deposition of a witness or the production of documents have to be resumed. Targeted discovery may in some cases be appropriate in connection with a motion for class certification; matters relevant to such a motion may, however, be so intertwined with the merits that targeting discovery would be inefficient. See *supra* section 21.41 and *infra* section 30.12.

- **Subject matter priorities.** Where the scope of the litigation—as, for example, in the case of antitrust litigation—is in doubt at the outset, discovery may be limited to particular time periods or geographical areas, until the relevance of expanded discovery has been established. See *supra* section 21.41.

- **Sequencing by parties.** Although discovery by all parties ordinarily proceeds concurrently, sometimes one or more parties should be allowed to proceed first. For example, if a party needs discovery to respond to an early summary judgment motion, that party may be given priority. The court may establish periods in which particular parties will be given exclusive or preferential rights to take depositions, and in multiple litigation the court may direct that discovery be conducted in some cases before others. Sometimes "common" discovery is ordered to proceed in a specified sequence, without similarly limiting "individual" discovery in the various cases.[60]

- **Forms of discovery.** The court may prescribe a sequence for particular types of discovery—for example, interrogatories may be used to identify needed discovery and documents, followed by requests for production of documents, depositions, and finally requests for admission.

If the court directs that discovery be conducted in a specified sequence, leave should be granted to vary the order for good cause, as when emergency depositions are needed for witnesses in ill health or about to leave the country.

### 21.423 Other Practices to Save Time and Expense

Various other practices can help minimize the cost, delay, and burden associated with discovery. They include the following:

- **Stipulations under Fed. R. Civ. P. 29.** The rule gives parties authority to alter procedures, limitations, and time limits on discovery so long as they do not interfere with times set by court order. Thus the parties can facilitate discovery by stipulating with respect to notice and manner of taking depositions and adopting various informal procedures. The court may, however, require that it be kept advised to ensure compliance with the discovery plan and may by order preclude stipulations on particular matters.

- **Informal discovery.** Counsel should be encouraged to exchange information, particularly relevant documents, without resort to formal discovery (see *supra* section 21.13). Early exchanges can make later depositions more efficient. Informal interviews with potential witnesses can help determine whether a deposition is needed, inform later discovery, and provide the basis for requests for admission through which the results of informal discovery are made admissible at trial.

- **Automatic disclosure.** Rule 26(a)(1) and many local rules and standing orders require the parties to identify relevant witnesses and categories of documents early in the litigation, without waiting for discovery requests. By stipulation or court order, the timing and content of this disclosure may be tailored to the needs of the particular case. See *supra* section 21.13.

- **Reducing deposition costs.** Savings may be realized if depositions are taken, when feasible, by telephone, by electronic recording devices, or by having deponents come

**USG B 0232**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2005, I electronically filed *Appendix to Debtors'*

*Response to the Joint Statement of the Asbestos Personal Injury Creditors Committee and the*

*Legal Representative for Future Asbestos Claimants Regarding Discovery in Advance of*

*Hearing on Methodology for Asbestos Personal Injury Estimation (Volume 1 of 2)* with the

Clerk of Court using CM/ECF which will send notifications of such filing to the following:

| | |
|---|---|
| **Steven T. Davis** | **Michael R. Lastowski** |
| steven.davis@obermayer.com | mlastowski@duanemorris.com |
| | |
| **Marla Rosoff Eskin** | **Christopher D. Loizides** |
| meskin@camlev.com | loizides@loizides.com |
| | |
| **Brett D. Fallon** | **Christopher A. Ward** |
| bfallon@morrisjames.com | bankserve@bayardfirm.com |
| | cward@bayardfirm.com |
| | |
| **Paul N. Heath** | |
| heath@rlf.com; rbgroup@rlf.com | |

I hereby certify that on May 26, 2005, I caused a copy of the *Appendix to Debtors'*

*Response to the Joint Statement of the Asbestos Personal Injury Creditors Committee and the*

*Legal Representative for Future Asbestos Claimants Regarding Discovery in Advance of*

***Hearing on Methodology for Asbestos Personal Injury Estimation (Volume 1 of 2)*** to be

served via e-mail upon the attached *Service List*[1].


                                          /s/ *Paul N. Heath*
                                          Paul N. Heath (No. 3704)
                                          Richards, Layton & Finger, P.A.
                                          One Rodney Square, P. O. Box 551
                                          Wilmington, Delaware 19899-0551
                                          Phone:  302-651-7700
                                          Fax:  302-651-7701
                                          E-mail:  heath@rlf.com

---

[1] As defined in and in accordance with *Order Establishing Case Management and Scheduling Procedures for All Matters in the Above-Captioned Bankruptcy Cases Which the Reference has been Withdrawn from the United States Bankruptcy Court for the District of Delaware to the United States District Court for the District of Delaware* [Docket No. 8 in Case #04-1560; Docket No. 6 in Case #04-1559 – entered March 23, 2005]

*In re: USG Corporation*
*Service List as of May 26, 2005*

*Via E-mail*

*Representing Statutory Committee of Equity*
*Security Holders*
Robert J. Dehney
Daniel B. Butz
Curtis S. Miller
Morris Nichols Arsht & Tunnell
P.O. Box 1347
1201 N. Market Street
Wilmington, DE 19899

*Representing Marathon Ashland Petroleum*
*and Coral Energy Canada*
John D. Demmy
Stevens & Lee, P.C.
1105 North Market Street, 7th Floor
Wilmington, DE 19801

*Representing Official Committee of Asbestos*
*Personal Injury Claimants*
Marla R. Eskin
Kathleen J. Campbell
Campbell & Levine, LLC
800 King Street, Suite 300
Wilmington, DE 19801

*Representing Edward Wally*
Robert Jacobs
Jacobs & Crumplar, P.A.
P.O. Box 1271
2 East 7th Street
Wilmington, DE 19899

*Representing US Trustee*
David Klauder
Office of the United States Trustee
J. Caleb Boggs Federal Building, 844 King
Street, Room 2313 Lockbox 35
Wilmington, DE 19801-3519

*Representing Official Committee of*
*Unsecured Creditors*
Michael R. Lastowski
Duane Morris, LLP
P.O. Box 195
1100 North Market Street, Suite 1200
Wilmington, DE 19899-1246

*Representing Airgas, Inc.*
Kathleen M. Miller
Smith Katzenstein & Furlow, LLP
P.O. Box 410
800 Delaware Avenue, 7th Floor
Wilmington, DE 19899

*Representing Dean M. Trafelet, Futures*
*Representative*
James L. Patton
Sharon Zieg
Young Conaway Stargatt & Taylor, LLP
P.O. Box 391
1000 West Street, 17th Floor
Wilmington, DE 19899

*Representing Official Committee of Asbestos*
*Property Damage Claimants*
Steven M. Yoder
Neal B. Glassman
The Bayard Firm
222 Delaware Avenue, Suite 900
Wilmington, DE 19801

*Representing Atlas Roofing Corporation*
Jennifer M. Zelvin
McCarter & English, LLP
P.O. Box 111
919 N. Market Street, Suite 950
Wilmington, DE 19899

*Representing Ancel Abadie and additional claimants*
Julie A. Ardoin
Stephen B. Murray
The Murray Law Firm
909 Poydras Street, Suite 2550
New Orleans, LA 70112-4000

*Representing Asbestos Property Damage Committee*
Scott L. Baena
Jay Sakalo
Annie Martinez
Allyn Danzeisen
Bilzin Sumberg Baena Price & Axelrod LLP
2500 First Union Financial Center, 200
South Biscayne Blvd.
Miami, FL 33131-2336

Gary L. Barnhart
Missouri Dept. of Revenue
P.O. Box 475
301 West High Street, Room 670
Jefferson City, MO 65105-0475

*Representing Statutory Committee of Equity Security Holders*
Martin J. Bienenstock
Judy G. Z. Liu
John J. Rapisardi
Robert J. Lemons
Weil Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

Robert W. Bollar
Southern Counties Oil Co.
P.O. Box 4159
1800 West Katella Avenue, Suite 400
Orange, CA 92863-4159

*Representing Airgas, Inc.*
David Boyle
Airgas, Inc.
P.O. Box 6675
259 Radnor-Chester Road, Suite 100
Radnor, PA 19087

*Representing West Coast Estates*
Thomas J. Brandi
Terrence Edwards
Law Offices of Thomas J. Brandi
44 Montgomery Street, #1050
San Francisco, CA 94104

*Representing Various Asbestos Claimants*
Alan R Brayton
Brayton & Purcell
222 Rush Landing Road
Novato, CA 94945

*Representing Various Asbestos Claimants*
Russell Budd
Alan B. Rich
Baron & Budd, P.C
3102 Oak Lawn Avenue, Suite 1100
Dallas, TX 75219

ReGen Capital I, Inc.
P.O. Box 626
Planetarium Station
New York, NY 10024-0540

Peter A. Chapman
572 Fernwood Lane
Fairless Hills, PA 19030

*Representing Central States, Southeast and Southwest Areas Pension Fund*
Rathna Chikkalingaiah
Central States, Southeast and Southwest
Areas Pension Fund
Legal Department 9377 West Higgins Road
Rosemont, IL 60018-4938

*Representing Oracle Corporation and
Oracle Credit Corporation*
Shawn M. Christianson
Buchalter, Nemer, Fields & Younger
333 Market Street, 25th Floor
San Francisco, CA 94105-2130

*Representing Various Asbestos Claimants*
Rhonda S. Cleaves
Waters & Kraus, LLP
3219 McKinney Avenue, Suite 3000
Dallas, TX 75204

*Representing Tennessee Dept. of Treasury -
Unclaimed Property*
Marvin E. Clements, Jr.
C/O TN Attorney General's Office, Bankr.
Unit
P.O. Box 20207
Nashville, TN 37202-0207

*Representing Barbara G. Billet, Esq.,
Deputy Commissioner and Counsel*
Elaine Z. Cole
New York State Department of Taxation and
Finance
340 E. Main St.
Rochester, NY 14604

*Representing Committee Member*
Newberry College
c/o Edward J. Westbrook, Esquire
Richardson Patrick Westbrook & Brickman
LLC
P.O. Box 1007
1037 Chuck Dawley Blvd, Building A
Mount Pleasant, SC 29465

*Representing Dean M. Trafelet, Futures
Representative*
Nicholas J. Cremona
Andress A. Kress
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022

*Representing Ker McGee*
Myron K. Cunningham
Kerr McGee Center
P.O. Box 25861
Oklahoma City, OK 73125

*Representing Catholic Archdiocese of New
Orleans*
Martin Dies
1009 Green Avenue
Orange, TX 77630

*Representing Port St. Helens, Oregon*
Charles R. Ekberg
Lane Powell Sears Lubersky LLP
1420 Fifth Avenue, Suite 4100
Seattle, WA 98101-2338

*Representing Debtors*
Brad B. Erens
Robert Krebs
Scott A. Huff
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, IL 60601-1692

*Representing Hayward Industrial Park
Associates, a CA general partnership*
Gregg M. Ficks
Coblentz, Patch, Duffy & Bass, LLP
One Ferry Building, Suite 200
San Francisco, CA 94111

*Representing Federal Express Corp.*
Charles J. Filardi, Jr.
Pepe & Hazard LLP
30 Jelliff Lane
Southport, CT 06890-1436

Ryan A. Foster
The Foster Law Firm, PLLC
440 Louisiana, Suite 2100
Houston, TX 77002

RLF1-2880982-1

Charles O. Freedgood
JP Morgan Chase
270 Park Avenue Floor 12
New York, NY 10017-2036

*Representing Innovative Gas Services, Inc.*
Craig E. Freeman
Thelen, Reid & Priest LLP
875 Third Avenue
New York, NY 10022

*Representing Statutory Committee of Equity
Security Holders*
Julie T. Friedman
Victoria Vron
Robert Gee
Weil Gotshal & Manges
767 Fifth Avenue
New York, NY 10153

*Representing Environmental Protection
Agency*
Henry S. Friedman
John C. Cruden
U.S. Department of Justice
P.O. Box 7611
Washington, DC 20044

*Representing The Valleycrest Landfill Site
Group*
Neal A. Frink
Dinsmore & Shohl
1900 Chemed Center 255 East Fifth Street
Cincinnati, OH 45202

*Representing Bear, Stearns & Co. Inc.*
James G. Gereghty, Jr.
Bear, Stearns & Co. Inc.
383 Madison Avenue
New York, NY 10179

*Representing Certain Plaintiffs & Claimants*
Charles E. Gibson, III
620 North Street, Suite 100
Jackson, MS 39202

*Representing California Union Insurance
Company*
Leonard P. Goldberger
White and Williams LLP
1800 One Liberty Place
Philadelphia, PA 19103-7395

Terry A. Graffis
National City Bank
1900 East Ninth Street, Locator 01-2136
Cleveland, OH 44114

*Representing Creditor*
Tyler Greif
Peter Faulkner
1313 Avenue of the Americas
New York, NY 10019

*Representing Fox Valley Steel and Wire
Company*
Daniel J. Habeck
Cramer, Multhauf & Hammes, LLP
P.O. Box 558
Suite 200, 1601 East Racine Avenue
Waukesha, WI 53187

*Representing Debtor*
Paul Harner
Jones Day
77 West Wacker Drive, Suite 3500
Chicago, Il 60601-1692

*Representing Debtors*
David Heiman
Jones Day
North Point, 901 Lakeside Avenue
Cleveland, OH 44114

*Representing New Jersey Resources*
Robert L. Heugle, Jr.
Lomurro, Davison, Eastman & Munoz, P.A.
Monmouth Executive Center, 100
Willowbrook Road, Building 1
Freehold, NJ 07728-2879

Daniel K. Hogan
The Hogan Firm
1311 Delaware Avenue
Wilmington, DE 19806

*Representing OII Steering Committee*
Allan H. Ickowitz
Kathy K. Emanuel
Nossaman, Guthner, Knox & Elliott, LLP
445 South Figueroa Street, 31st Floor
Los Angeles, CA 90071

*Representing Official Committee of Asbestos*
*Personal Injury Claimants*
Elihu Inselbuch
Caplin & Drysdale, Chartered
399 Park Ave.
New York, NY 10022-4614

Thomas L. Jacob
Air Products and Chemicals, Inc.
7201 Hamilton BLVD.
Alentown, PA 18195-1501

William S. Katchen
Duane Morris, LLP
744 Broad Street, Suite 1200
Newark, NJ 07102

*Representing Various Asbestos Claimants*
Michael V. Kelley
Thomas M. Wilson
Kelley & Ferraro, L.L.P.
1901 Penton Media Building, 1300 East
Ninth Street
Cleveland, OH 44114

Allan Kellman
The Jaques Admiralty Law Firm
1370 Penobscot Building
Detroit, MI 48226

*Representing City and County of Denver*
Eugene J. Kottenstette
Assistant City Attorney
Land Use & Revenue Section
201 West Colfax Avenue, Dept 1207
Denver, CO 80202-3275

Roger Kral
Dietrich Industries
4200 St Rt 22 East #3
Blairsville, PA 15717

*Representing Trucklease Corporation d/b/a*
*AMI Leasing, sucessor in interest to Biddle*
*Co., Inc.*
Gary P. Lightman
Glenn A. Manochi
LIGHTMAN, MANOCHI &
CHRISTENSEN
1520 Locust Street, 12th Floor
Philadelphia, PA 19102

*Representing Official Committee of Asbestos*
*Personal Injury Claimants*
Peter Van N. Lockwood
Caplin & Drysdale, Chartered
One Thomas Circle, N.W.
Washington, DC 20005-5802

*Representing USG Corporation*
Mary A. Martin
USG Corporation
125 South Franklin Street
Chicago, IL 60606

*Representing Lexington Insurance Company*
Robert B. Millner
Sonnenschein, Nath & Rosenthal
8000 Sears Tower, 233 South Wacker Drive
Chicago, IL 60606

RLF1-2880982-1

*Representing Commonwealth of
Pennsylvania, Pennsylvania Department of
Revenue*
Christopher R. Momjian
Office of the  Attorney General
21 S. 12th Street, 3rd Floor
Philadelphia, PA 19107-3603

*Representing Office of the Attorney General
- Washington*
Zachary Mosner
Office of the Attorney General - Bankruptcy
& Collections Unit
900 Fourth Avenue, Suite 2000
Seattle, WA 98164-1012

Lisa B. Neimark
E&Y Capital Advisors LLC
233 S. Wacker Drive
Chicago, IL 60606

*Representing The State of Louisiana*
L. Scott Patton
Walter C. Dunn
The Boles Law Firm
P.O. Box 2065
1818 Avenue of America
Monroe, LA 71207-2065

*Representing Center for Claims Resolution*
Michael P. Richman
Jean Marie L. Atamian
Anthony J. Diana
Leslie Chebli
Mayer, Brown, Rowe & Maw LLP
1675 Broadway
New York, NY 10019

Barry Ridings
Lazard Freres & Co. LLC
30 Rockefeller Plaza, 60th Floor
New York, NY 10020

*Representing Commonweath of PA*
Sharon L. Royer
Harrisburg Bankruptcy and Compliance
1171 South Cameron Street, Room 312
Harrisburg, PA 17104-2513

*Representing Parkway, Ltd.*
Howard C. Rubin
Kessler & Collins
5950 Sherry Lane, Suite 222
Dallas, TX 75225

*Representing Doris Saiger, as Personal
Representative of the Estate of William
Saiger, and Dawn Saiger*
Peter D. Russin
L. Tannenbaum
Meland Russin Hellinger & Budwick, P.A.
3000 Wachovia Financial Center 200 S.
Biscayne Boulevard
Miami, FL 33131

*Representing Associates Leasing, Inc.*
Sergio I. Scuteri
Farr Burke Gambacorta & Wright, P.C.
P.O. Box 788
Suite 201, Eastern International Executive
Office Center, 211 Benigno Boulevard
Bellmawr, NJ 08099-9811

*Representing IBM Corporation*
Beverly H. Shideler
IBM Corporation
2 Lincoln Center #200
Oakbrook Terrace, IL 60181-4837

*Representing Fee Auditor*
Warren H. Smith
Warren H. Smith & Associates, P.C.
Republic Center, 325 N. Saint Paul, Suite
1275
Dallas, TX 75201

*Representing Anderson Memorial  Hospital*
Daniel A. Speights
Speights & Runyan
P.O. Box  685
200 Jackson Avenue East
Hampton, SC 29924

Adam M. Spence
The Law Offices of Adam M. Spence, P.C.
105 W. Chesapeake Avenue, Suite 400
Towson, MD 21204

*Representing Archiped Classics, Inc.*
Stephen C. Stapleton
Cowles & Thompson
901 Main Street, Suite 4000
Dallas, TX 75202

J.W. Taylor c/o Paul Matthews, Paralegal
Coastal Transport, Inc.
P.O. Drawer 67
Auburndale, FL 33823

*Representing USG Corporation*
Suzanne K. Torrey
USG Corporation
125 S. Franklin Street
Chicago, IL 60606

*Representing Future Claimants*
Dean M. Trafelet
P.O. Box 518
9130 Wild Lane
Baileys Harbor, WI 54202

*Representing New Jersey Self-Insurers
Guaranty Association*
Michael S. Waters
Jeffrey Bernstein, Esquire
Carpenter Bennett & Morrissey
Three Gateway Center 100 Mulberry St.
Newark, NJ 07102

*Representing Blue Cross & Blue Shield of
Florida, Inc.*
Richard Blackstone Webber II
Richard Blackstone Webber II, PA
320 Maitland Avenue
Altamonte Springs, FL 32701

*Representing Nick Ferrante*
Perry Weitz
C. Sanders McNew
Weitz & Luxenborg
180 Maiden Lane
New York, NY 10038-4925

*Representing Asbestos Creditors*
Scott W. Wert
Foster & Sear, L.L.P.
524 E. Lamar Blvd., Suite 200
Arlington, TX 76011

*Representing Official Committee of
Unsecured Creditors*
Denise K. Wildes
Stroock & Stroock & Lavan, LLP
180 Maiden Lane
New York, NY 10038-4982