Westlaw.

MS ST § 11-11-3                                                                                                                Page 1
Miss. Code Ann. § 11-11-3

C

West's Annotated Mississippi Code Currentness
  Title 11. Civil Practice and Procedure
    Chapter 11. Venue of Actions
      In General

→ § 11-11-3. Proper county; transfers; considerations; limitations waiver

(1)(a)(i) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county where the defendant resides, or, if a corporation, in the county of its principal place of business, or in the county where a substantial alleged act or omission occurred or where a substantial event that caused the injury occurred.

    (ii) Civil actions alleging a defective product may also be commenced in the county where the plaintiff obtained the product.

    (b) If venue in a civil action against a nonresident defendant cannot be asserted under paragraph (a) of this subsection (1), a civil action against a nonresident may be commenced in the county where the plaintiff resides or is domiciled.

(2) In any civil action where more than one (1) plaintiff is joined, each plaintiff shall independently establish proper venue; it is not sufficient that venue is proper for any other plaintiff joined in the civil action.

(3) Notwithstanding subsection (1) of this section, any action against a licensed physician, osteopath, dentist, nurse, nurse-practitioner, physician assistant, psychologist, pharmacist, podiatrist, optometrist, chiropractor, institution for the aged or infirm, hospital or licensed pharmacy, including any legal entity which may be liable for their acts or omissions, for malpractice, negligence, error, omission, mistake, breach of standard of care or the unauthorized rendering of professional services shall be brought only in the county in which the alleged act or omission occurred.

(4)(a) If a court of this state, on written motion of a party, finds that in the interest of justice and for the convenience of the parties and witnesses a claim or action would be more properly heard in a forum outside this state or in a different county of proper venue within this state, the court shall decline to adjudicate the matter under the doctrine of forum non conveniens. As to a claim or action that would be more properly heard in a forum outside this state, the court shall dismiss the claim or action. As to a claim or action that would be more properly heard in a different county of proper venue within this state, the venue shall be transferred to the appropriate county. In determining whether to grant a motion to dismiss an action or to transfer venue under the doctrine of forum non conveniens, the court shall give consideration to the following factors:

    (i) Relative ease of access to sources of proof;

    (ii) Availability and cost of compulsory process for attendance of unwilling witnesses;

    (iii) Possibility of viewing of the premises, if viewing would be appropriate to the action;

    (iv) Unnecessary expense or trouble to the defendant not necessary to the plaintiff's own right to pursue his remedy;

    (v) Administrative difficulties for the forum courts;

    (vi) Existence of local interests in deciding the case at home; and

    (vii) The traditional deference given to a plaintiff's choice of forum.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 1:04-cv-01559-JFC   Document 13-13   Filed 05/26/2005   Page 3 of 3

MS ST § 11-11-3                                                                                                              Page 2
Miss. Code Ann. § 11-11-3

(b) A court may not dismiss a claim under this subsection until the defendant files with the court or with the clerk of the court a written stipulation that, with respect to a new action on the claim commenced by the plaintiff, all the defendants waive the right to assert a statute of limitations defense in all other states of the United States in which the claim was not barred by limitations at the time the claim was filed in this state as necessary to effect a tolling of the limitations periods in those states beginning on the date the claim was filed in this state and ending on the date the claim is dismissed.

CREDIT(S)

Laws 1940, Ch. 248, § 1; Laws 1984, Ch. 429, § 1, eff. July 1, 1984. Amended by Laws 2002, 3rd Ex.Sess., Ch. 2, § 1, eff. January 1, 2003; Laws 2002, 3rd Ex.Sess., Ch. 4, § 1, eff. January 1, 2003; Laws 2004, 1st Ex. Sess., Ch. 1, § 1, eff. September 1, 2004.

DATE EFFECTIVE AND APPLICATION

<Sections relating to tort reform, civil proceedings and jury service in civil actions were amended or added by Laws 2004, 1st Ex. Sess., Ch. 1. This section was amended by § 1 of Laws 2004, 1st Ex. Sess., Ch. 1. Section 19 of Laws 2004, 1st Ex. Sess., Ch. 1 is a severability provision. Section 20 of Laws 2004, 1st Ex. Sess., Ch. 1 provides:>

<"Sections 8 through 15 of this act shall take effect and be in force from and after January 1, 2007; the remainder of this act shall take effect and be in force from and after September 1, 2004, and Sections 1 through 7 of this act shall apply to all causes of action filed on or after September 1, 2004.">

HISTORICAL AND STATUTORY NOTES

This section was amended by Laws 2002, 3rd Ex.Sess., Ch. 2, § 1, effective January 1, 2003. As so amended this section read:

"(1) Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue and, if the defendant is a domestic corporation, in the county in which said corporation is domiciled or in the county where the cause of action may occur or accrue, except where otherwise provided, and except actions of trespass on land, ejectment and actions for the statutory penalty for cutting and boxing trees and firing woods and actions for the actual value of trees cut which shall be brought in the county where the land or some part thereof is situated.

"(2) Any action against a licensed physician, osteopath, dentist, nurse, nurse practitioner, physician assistant, psychologist, pharmacist, podiatrist, optometrist, chiropractor, institution for the aged or infirm, hospital or licensed pharmacy, including any legal entity which may be liable for their acts or omissions, for malpractice, negligence, error, omission, mistake, breach of standard of care or the unauthorized rendering of professional services shall be brought in the county in which the alleged act or omission occurred.

"(3) If a civil action is brought in an improper county, such action may be transferred to the proper county pursuant to Section 11-11-17."

The 2002 amendment by Laws 2002, 3rd Ex.Sess., Ch. 4, effective January 1, 2003, rewrote par. (1), which had read:

"Civil actions of which the circuit court has original jurisdiction shall be commenced in the county in which the defendant or any of them may be found or in the county where the cause of action may occur or accrue and, if the defendant is a domestic corporation, in the county in which said corporation is domiciled or in the county where the cause of action may occur or accrue, except where otherwise provided, and except actions of trespass on land, ejectment and actions for the statutory penalty for cutting and boxing trees and firing woods and actions for the actual value of trees cut which shall be brought in the county where the land or some part thereof is situated".

The amendment by Laws 2002, 3rd Ex.Sess., No. 4 also deleted par. (2), relating to actions against certain health

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.