**EXHIBIT 3**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : |
| | : Chapter 11 |
| USG CORPORATION, | : |
| a Delaware corporation, et al., | : Jointly Administered |
| | : Case No. 01-2094 (JKF) |
| Debtors. | : |
| | : |
| USG CORPORATION, et al., | : |
| | : |
| Movant | : |
| | : |
| v. | : |
| | : |
| OFFICIAL COMMITTEE OF ASBESTOS | : Civil Action No. 04-1559 (JFC) |
| PERSONAL INJURY CLAIMANTS, | : Civil Action No. 04-1560 (JFC) |
| OFFICIAL COMMITTEE OF | : |
| UNSECURED CREDITORS, OFFICIAL | : |
| COMMITTEE OF ASBESTOS | : |
| PROPERTY DAMAGE CLAIMANTS AND | : |
| LEGAL REPRESENTATIVE FOR | : |
| FUTURE CLAIMANTS, | : |
| | : |
| Respondents. | : |

**DEBTORS' INITIAL DISCLOSURES RE: PERSONAL INJURY CLAIM ESTIMATION**

| | |
|---|---|
| COOLEY GODWARD LLP | RICHARDS, LAYTON, & FINGER, P.A. |
| Stephen C. Neal (CA 170085) | Daniel J. DeFranceschi (DE No. 2732) |
| Scott D. Devereaux (CA 146050) | Paul N. Heath (DE No. 3704) |
| Five Palo Alto Square | One Rodney Square |
| 3000 El Camino Real | P.O. Box 551 |
| Palo Alto, CA 94306 | Wilmington, Delaware 19899 |
| Tel: (650) 843-5000 | Tel: (302) 651-7700 |

JONES DAY
David G. Heiman (OH 0038271)
Brad B. Erens (IL 6206864)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Tel: (216) 586-3939

*Counsel for Debtors*

955195 v2/SF

Pursuant to the Court's Order, Debtors make the following initial disclosures regarding the information Debtors intend to present in the estimation of asbestos personal injury claims. These disclosures are based on information presently available, and Debtors reserve the right to supplement these disclosures in response to the claimants' initial disclosures and after further investigation and discovery.

Debtors do not, by describing documents and identifying potential witnesses herein, waive their right to object to the production of such documents or testimony of such witnesses, on any ground, including, without limitation: (1) on the basis of attorney-client privilege or work product protection; (2) on the ground that the documents are not relevant to the subject matter of the litigation and are not reasonably calculated to lead to the discovery of admissible evidence; and (3) on the ground that the documents are not sufficiently relevant to justify the burden or expense of production.

## I.   EXPERT DISCOVERY

### A.   Debtors' Expert Witnesses

Subject to the provisions stated above, the following list identifies the expert witnesses presently known to Debtors who are likely to have discoverable knowledge pertaining to the information Debtors intend to present in the estimation of asbestos personal injury claims.

#### 1.   Industrial Hygiene

Debtors will present an expert in industrial hygiene (likely Dr. James Rasmuson of Chemistry and Industrial Hygiene, Inc. in Wheat Ridge, Colorado). Debtors' industrial hygienist will testify on topics including, without limitation, the level of asbestos exposures experienced by those working with drywall joint compound as well as exposures experienced by any bystanders to drywall finishing. This testimony will be

based principally upon the scientific studies that have measured joint compound related exposures. Dr. Rasmuson also will testify about alleged exposures experienced by sample claimants from whom Debtors take discovery.

### 2. Epidemiology

Debtors will present an expert in epidemiology (likely Dr. Hans Weill, Professor of Medicine Emeritus, Tulane University Medical Center). Debtors' expert on epidemiology will testify on topics including, without limitation, the role of epidemiology in identifying causes of disease and the scientific evidence (or lack thereof) of links between exposure to different forms of asbestos and various conditions and diseases, including but not limited to mesothelioma, asbestosis, asbestos attributable lung cancer, and other cancers.

### 3. Pulmonology

Debtors will present an expert in pulmonology (likely Dr. Gary Epler, Associate Clinical Professor of Medicine, Harvard Medical School and Pulmonary Consultant, Brigham & Women's Hospital). Debtors' expert on pulmonology will testify on topics including, without limitation, the anatomy of the lung, effects of asbestos on the pleura and interstitial lung tissue, forms of asbestos related to lung disease, the diagnosis of asbestos related lung disease, distinguishing asbestos related lung disease from disease caused by other factors such as smoking, and methods used and standards applied to determine impairment of lung function.

### 4. Mineralogy

Debtors will present an expert in mineralogy (likely Dr. Richard Lee of R.J. Lee Group, Inc. in Monroeville, Pennsylvania). Debtors' expert mineralogist

will testify on topics including, without limitation, the chemical nature and properties of different types of asbestos fibers. He also will discuss the composition of U.S. Gypsum's joint compound products, the process for mining and milling chrysotile, and the proper techniques for sampling and counting asbestos fibers.

5. **Radiology**

Debtors will present an expert in radiology (likely Dr. Peter Barrett, Clinical Professor of Radiology at Tufts University and Fellow of the American College of Radiology). Debtors' expert on radiology will testify on topics including, without limitation, the interpretation of radiographs in diagnosing asbestos related lung disease and the results of certain studies and investigations relating to the unreliability of the diagnoses of asbestos related lung disease offered in support of past asbestos claims.

6. **Economics**

Debtors will present an expert in economics (likely Dennis W. Carlton of Lexecon in Chicago, IL). Debtors' expert in economics will testify on topics including, without limitation, U.S. Gypsum's history of settling asbestos related claims, the number of asbestos related claims likely to be filed against U.S. Gypsum in the future, and putative future claimants' propensity to sue U.S. Gypsum the value of personal injury claims and the aggregate asbestos liability.

7. **Asbestos Litigation**

Debtors will present an expert in the history of asbestos litigation (likely Professor Lester Brickman of Benjamin N. Cardoza School of Law in New York, New York). Debtors' expert with respect to asbestos litigation will testify on topics including, without limitation, attorney-sponsored mass asbestos screenings, the effects of

forum selection on asbestos litigation, and the impact of aggregations, such as mass consolidations and joinders, on asbestos litigation. He also will testify about the recent trend of tort reform targeted at asbestos litigation and the systemic effects those reforms will have on litigation outcomes. He also will testify about the experiences of asbestos bankruptcy trusts, including, without limitation, the Manville Personal Injury Settlement Trust.

### 8. General Construction and Building Practices

Debtors will present an expert in general construction and building practices (likely Joseph Manzi of J.E. Manzi & Associates, Inc. in Park Ridge, Illinois). This expert will testify on topics including, without limitation, the sequence of tasks in a typical residential and commercial construction project and how frequently other construction trades work in proximity to active drywall finishing. He also will discuss various construction trades' use of drywall joint compound products. Mr. Manzi also may testify about alleged exposures experienced by sample claimants from whom Debtors take discovery.

### 9. Construction Drywall Finishing

Debtors will present an expert in drywall installation practices (likely William Fritz of Mission Drywall in Houston, Texas). Debtors' drywall installation expert will testify on topics including, without limitation, the mechanics of the drywall finishing process, the time associated with drywall finishing including the amount of finishing that can be performed in an average work day, and the trades that typically work near active drywall finishing. Mr. Fritz also may testify about alleged exposures experienced by sample claimants from whom Debtors take discovery.

10. **Occupational Medicine**

Debtors will present an expert in occupational medicine (likely William Hughson of the University of California at San Diego's Center for Occupational and Environmental Medicine). Debtors' expert on occupational medicine will testify on topics including, without limitation, the "state of the art" with respect to the dangers of asbestos and historical regulations pertaining to asbestos usage and exposures.

Although these are the expert witnesses Debtors presently anticipate presenting during the estimation, this list is only preliminary and may be modified in response to claimants' initial disclosures and as discovery continues. Debtors reserve the right to present any other expert witnesses they require for the estimation.

B. **Relevant Non-Privileged Documents**

The documents upon which Debtors' experts rely in formulating their opinions will be produced at the appropriate time. These documents are likely to consist principally of scientific studies and trade articles on topics related to the information Debtors' experts will present in the estimation.

C. **Claimants' Expert Witnesses**

Debtors anticipate taking discovery of claimants' putative expert witnesses, including, without limitation, document requests and depositions.

II. FACTUAL DISCOVERY

A. **Company Witnesses**

Subject to the provisions stated above, the following list identifies the fact witnesses presently known to Debtors who are likely to have discoverable knowledge pertaining to the information Debtors intend to present in the estimation of asbestos personal injury claims.

1.  Debtors will present a current or former employee witness who will testify on topics including, without limitation, the composition, usage, and sale of U.S. Gypsum's drywall joint compound products.

2.  Debtors will present a current or former employee or 3rd party witness who will testify on topics including, without limitation, U.S. Gypsum's experience with asbestos litigation in the tort system, including its experience as a member of the Asbestos Claims Facility, and as a member of the Center for Claims Resolution.

3.  Debtors will present a current or former employee witness who will testify on topics including, without limitation, U.S. Gypsum's knowledge of the potential dangers associated with the asbestos in U.S. Gypsum's joint compound products and the warnings provided with those products.

### B. Sample Claimant Discovery

Debtors anticipate taking discovery using a standardized and brief set of written questions on a sample of approximately 800 present claimants. This discovery will compile the key information from this sample of claimants, including, without limitation, the claimants' occupational history, asbestos exposure history, medical history, and asbestos litigation history. To the extent that the Court requires expert testimony to confirm that sample is of sufficient size and composition to allow for reliable extrapolation to the entire claimant population, Debtors will present an expert in statistical analysis (likely Dr. Stephen E. Fienberg of Carnegie Mellon University). Debtors will also take and present the results of the depositions of a certain number of sample claimants.

### C.  Depositions of Claimants' X-Ray Readers and Mass Screening Companies

Debtors anticipate taking approximately six depositions to demonstrate the unreliability of the diagnoses used to support past asbestos claims. Specifically, recent studies and analyses demonstrate that a limited number of medical doctors read the x-rays of a large percentage of asbestos claimants, including claimants who asserted claims against Debtors. These studies, and other evidence, demonstrate that such diagnoses are unreliable, suspect, or even fraudulent. Debtor intends to depose certain witnesses, including certain doctors, to substantiate the findings of these studies and the existing evidence that a substantial portion of diagnoses underlying previously asserted asbestos claims are deeply flawed.

Although these are the witnesses Debtors presently anticipate presenting during the estimation, this list is only preliminary and may be modified in response to claimants' initial disclosures and as discovery continues. Debtors reserve the right to present any other fact witnesses they require for the estimation.

### D.  Relevant Non-Privileged Documents

Subject to the qualifications stated above, the following list describes (by category) documents known to be in Debtors' possession, custody or control that pertain to the information Debtors intend to present in the estimation of asbestos personal injury claims. These documents will be produced or made available for review at the appropriate time.

1. Historical company documents regarding the composition, usage, and sale of U.S. Gypsum's drywall joint compound products.

2. Information regarding U.S. Gypsum's history in the tort system.

Although these are the categories of documents Debtors anticipate relying upon during the estimation, this list is only preliminary and may be modified in response to claimants' initial disclosures and as discovery continues. Debtors reserve the right to rely upon any other documents they may require for the estimation.

Debtors reserve the right to conduct further factual discovery as needed in response to claimants' initial disclosures and as discovery continues.

Dated: July 14, 2005

COOLEY GODWARD LLP

Stephen C. Neal (CA 170085)
Scott D. Devereaux (CA 146050)
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306
Tel: (650) 843-5000

RICHARDS, LAYTON, & FINGER, P.A.
Daniel J. DeFranceschi (DE No. 2732)
Paul N. Heath (DE No. 3704)
One Rodney Square, P.O. Box 551
Wilmington, Delaware 19899
Tel: (302) 651-7700

JONES DAY
David G. Heiman (OH 0038271)
Brad B. Erens (IL 6206864)
North Point - 901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Tel: (216) 586-3939

955195 v2/SF