**EXHIBIT 4**

UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---------------------------------------------x
In re:                              :
                                    :      Chapter 11
USG CORPORATION                     :
a Delaware corporation, et al.,     :
                                    :      Jointly Administered
         Debtors.                   :      Case No. 01-2094 (JKF)
---------------------------------------------x
USG CORPORATION, et al.,            :
                                    :
         Movant                     :
    v.                              :
                                    :      Civil Action No. 04-1559 (JFC)
OFFICIAL COMMITTEE OF               :      Civil Action No. 04-1560 (JFC)
ASBESTOS PERSONAL INJURY            :
CLAIMANTS, et al.,                  :
         Respondents.               :
---------------------------------------------x

**STATUTORY COMMITTEE OF EQUITY SECURITY HOLDERS'**
**DISCLOSURES PURSUANT TO COURT'S JUNE 13, 2005 ORDER**

Pursuant to the Court's Order at the hearing on June 13, 2005, the Statutory Committee of Equity Security Holders (the "Equity Committee") submits these disclosures. The Equity Committee notes that it was only recently appointed, on April 21, 2005, and has only recently retained counsel. Its investigation into this matter has therefore only recently begun, and it has not yet formally retained testifying or consulting experts in this matter. These disclosures are intended to facilitate the creation of a joint discovery plan by all interested parties and is made without prejudice to the Equity Committee's right to supplement or amend issues upon which it will seek discovery, or present at the estimation hearing. The Equity Committee intends to participate in discovery and reserves all rights to fully participate in this proceeding.

The Equity Committee does not at this time believe it has in its possession, custody, or control any relevant documents or materials pertaining to the Debtors' or United States Gypsum's (USG) asbestos liabilities.

The Equity Committee intends to seek discovery into the following areas:

I. **MEDICAL ISSUES.**

The Equity Committee anticipates discovery into the issues set forth herein through the examination of documents in the possession, custody, or control of the Debtors, the Center for Claims Resolution, defendants of asbestos personal injury claims (or insurers thereof), trusts established pursuant to 11 U.S.C. 524(g), asbestos claimants, medical experts retained in this case, medical professionals and other individuals involved in diagnosing asbestos personal injury claimants for litigation purposes, and plaintiff attorneys involved in asbestos cases. The Equity Committee further anticipates that discovery will entail depositions of such entities and individuals. Discovery into other sources may be required as the discovery process proceeds, and the Equity Committee fully reserves all rights to conduct such discovery.

- A. The tactics and procedures used by medical professionals and others in providing diagnosis in support of nonmalignant asbestos claims against the Debtors and other asbestos defendants.

- B. The incidence and prevalence of asbestos related disease in the population.

- C. To the extent they are related to the experts or methods used for asbestos claims against USG, the tactics and procedures used by medical professionals and others identified in the Silica Products Liability Multi-District Litigation Proceeding (the "Silica MDL") and related cases.

At this time the Equity Committee has not yet retained any experts to testify on these subjects. The Equity Committee reserves it rights to retain one or more experts on these subjects, and further incorporates by reference the Debtors' disclosure of experts on this subject.

II. **PRODUCT EXPOSURE ISSUES.**

The Equity Committee anticipates discovery into the following issues set forth herein through the examination of documents in the possession, custody, or control of the Debtors, the Center for Claims Resolution, defendants of asbestos personal injury claims (or insurers thereof), trusts established pursuant to 11 U.S.C. 524(g), asbestos claimants, medical experts retained in this case, medical professionals and other individuals involved in diagnosing asbestos personal

injury claimants for litigation purposes, plaintiff attorneys involved in asbestos cases, and asbestos personal injury plaintiffs and claimants. The Equity Committee further anticipates that discovery will entail depositions of such entities and individuals. Discovery into other sources may be required as the discovery process proceeds, and the Equity Committee fully reserves all rights to conduct such discovery.

- A. The defenses available to the Debtors' concerning their products.

- B. The level of hazard of the Debtors' products compared to the products of other asbestos defendants.

- C. The comparative market shares of the Debtors and other asbestos defendants, and the claims resolution history of other asbestos defendants.

- D. The distribution and use of the Debtors' and other asbestos defendants' asbestos-containing products, and the exposure of asbestos personal injury claimants to such products.

At this time the Equity Committee has not yet retained any experts to testify on these subjects. The Equity Committee reserves it rights to retain one or more expert on these subjects, and further incorporates by reference the Debtors' disclosure of experts on this subject.

### III. STATISTICAL AND VALUATION ISSUES.

The Equity Committee hereby discloses that it intends to retain one or more expert witnesses to testify on, but not limited to, the issues set forth below.

The Equity Committee anticipates discovery into the following issues set forth herein through the examination of documents in the possession, custody, or control of the Debtors, the Center for Claims Resolution, defendants of asbestos personal injury claims (or insurers thereof), trusts established pursuant to 11 U.S.C. 524(g), asbestos claimants, medical experts retained in this case, medical professionals and other individuals involved in diagnosing asbestos personal injury claimants for litigation purposes, plaintiff attorneys involved in asbestos cases, and asbestos personal injury plaintiffs and claimants. The Equity Committee further anticipates that discovery will entail depositions of such entities and individuals. Discovery into other sources may be required as the discovery process proceeds, and the Equity Committee fully reserves all rights to conduct such discovery.

- A. Epidemiological models to project future instances of asbestos related disease.

B. A sampling of information from claimants against USG to estimate future instances of asbestos related disease resulting from occupational exposure for an estimation

1. to quantify the number of claimants by disease category and within disease category;

2. to assign a probable disease category to the "unknown" diseases in the database;

3. to evaluate the number of claimants who can establish exposure to the Debtors' asbestos containing products;

4. to quantify the proportion of non-malignant claimants with impairment;

5. to quantify the proportion of non-malignant claims supported by diagnoses from mass screening enterprises and high-volume B-reader doctors;

6. to account for changes that had occurred prior to, or have occurred since the filing of USG's bankruptcy filing with respect to the validity of medical evidence needed to support a claim; and

7. to evaluate claimants' recovery compared with other asbestos defendants or 11 U.S.C. 524(g) trusts.

C. The Equity Committee will seek discovery into the following issues concerning the Debtors' claims history and database:

1. the number of claimants by disease category and within disease category;

2. the number of claimants who can establish exposure to the Debtors' asbestos containing products;

3. the proportion of non-malignant claimants with impairment;

4. the proportion of non-malignant claims supported by diagnoses from mass screening enterprises and high-volume B-reader doctors;

5. changes that had already occurred, or have occurred since the filing of USG's bankruptcy filing with respect to the validity of medical evidence needed to support a claim; and

      6.    claimants' recovery compared with other asbestos defendants or 11 U.S.C. 524(g) trusts.

D. Issues relating to claims values and the number of past, pending and future claims against the Debtors.

E. The valuation of the Debtors' aggregate asbestos personal injury liabilities.

IV. **CLAIMING BEHAVIOR ISSUES.**

The Equity Committee hereby discloses that it intends to retain one or more expert witnesses to testify on, but not limited to, the issues set forth below.

The Equity Committee anticipates discovery into the following issues set forth below through the examination of documents in the possession, custody, or control of the Debtors, the Center for Claims Resolution, defendants of asbestos personal injury claims (or insurers thereof), trusts established pursuant to 11 U.S.C. 524(g), asbestos claimants, medical experts retained in this case, medical professionals and other individuals involved in diagnosing asbestos personal injury claimants for litigation purposes, plaintiffs' attorneys involved in asbestos cases, and asbestos personal injury plaintiffs and claimants. The Equity Committee further anticipates that discovery will entail depositions of such entities and individuals. Discovery into other sources may be required as the discovery process proceeds, and the Equity Committee fully reserves all rights to conduct such discovery.

A. Historical methods for product identification used to support claims against the Debtors.

B. The impact of litigation costs, administrative costs, and mass medical screenings on the Debtors' claims history.

C. The extent to which the Debtors paid nonmertorious asbestos personal injury claims because paying such claims was less costly than the cost of litigating such claims.

D. The impact of aggregation of claims and forum selection on the Debtors' claims history.

E. The impact of the tactics and procedures used by plaintiffs' firms to recruit and evaluate asbestos claimants.

F. The impact of punitive damages on the Debtors' claims resolution history.

V.  **ASBESTOS LITIGATION REFORM ISSUES**

The Equity Committee anticipates discovery into the following issues set forth below through the examination of documents in the possession, custody, or control of the Debtors, the Center for Claims Resolution, defendants of asbestos personal injury claims (or insurers thereof), trusts established pursuant to 11 U.S.C. 524(g), asbestos claimants, medical experts retained in this case, and plaintiff attorneys involved in asbestos cases. The Equity Committee further anticipates that discovery will entail depositions of such entities and individuals. Discovery into other sources may be required as the discovery process proceeds, and the Equity Committee fully reserves all rights to conduct such discovery.

A.  The impact of recent legislative reforms on the estimation of the Debtors' asbestos liabilities.

B.  The impact of recent judicial decisions on the estimation of the Debtors' present and future asbestos liabilities.

At this time the Equity Committee has not yet retained any experts to testify on these subjects. The Equity Committee reserves it rights to retain one or more expert on these subjects, and further incorporates by reference the Debtors' disclosure of experts on this subject.

In addition, the Equity Committee incorporates by reference the issues and discovery topics identified by the debtors in their disclosures.

Dated: July 14, 2005
      Wilmington, Delaware

Respectfully, submitted

*/s/ signature*

MORRIS, NICHOLS, ARSHT & TUNNELL

Robert J. Dehney (No. 3578)
Daniel B. Butz (No. 4227)
Curtis S. Miller (No. 4583)
1201 North Market Street,
18th Floor
P.O. Box 1347
Wilmington, DE 19899-1347
Telephone: (302) 658-9200
Facsimile: (302) 658-3989

**WEIL, GOTSHAL & MANGES LLP**

Martin J. Bienenstock
Judy G.Z. Liu
767 Fifth Avenue
New York, NY 10153
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

-and-

David A. Hickerson
Peter M. Friedman
M. Jarrad Wright
1501 K Street, N.W., Suite 100
Washington, D.C. 20005
Telephone: (202) 682-7000
Facsimile: (202) 857-0940

-and-

Ralph I. Miller
200 Crescent Court, Suite 300
Dallas, TX 75201
Telephone: (214) 756-7700
Facsimile: (214) 746-7777

Counsel for the Statutory Committee of Equity Security Holders

474182