# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | : | **Chapter 11** |
|  | : | **Case No. 01-2094 (JKF)** |
| USG CORPORATION, *et al.*, | : | **Jointly Administered** |
|  | : |  |
| Debtors. | : |  |
|  | : |  |

|  |  |  |
|---|---|---|
| USG CORPORATION, *et al.*, | : |  |
|  | : |  |
| Movant, | : |  |
|  | : |  |
| v. | : |  |
| OFFICIAL COMMITTEE OF ASBESTOS | : | **Civil Action No. 04-1559 (JFC)** |
| PERSONAL INJURY CLAIMANTS, | : | **Civil Action No. 04-1560 (JFC)** |
| OFFICIAL COMMITTEE OF | : |  |
| UNSECURED CREDITORS, OFFICIAL | : |  |
| COMMITTEE OF ASBESTOS PROPERTY: |  |  |
| DAMAGE CLAIMANTS, LEGAL | : |  |
| REPRESENTATIVE FOR FUTURE | : |  |
| CLAIMANTS AND STATUTORY | : |  |
| COMMITTEE OF EQUITY SECURITY | : |  |
| HOLDERS, | : |  |
|  | : |  |
| Respondents. | : |  |
|  | : |  |

## DECLARATION OF ANDREW A. KRESS

I, Andrew A. Kress, declare under penalty of perjury that the foregoing is true and correct:

1.    I am a member of Kaye Scholer LLP ("KS"), counsel retained by Dean M. Trafelet (the "Futures Representative"), the legal representative for persons who may in the future assert "demands," as said term is defined in section 524(g) of the Bankruptcy Code, in the above-captioned proceedings. I submit this declaration in opposition to the Motion for Approval

31143531.DOC

of the Debtors' Sampling Plan and Claimant Questionnaire (the "Sampling Motion"). As discussed below, as of the date of this Declaration, the parties in this matter have not agreed upon a single database of the Debtors' asbestos personal injury claims to be used in the estimation proceedings, despite the fact that the Debtors' proposed sampling methodology is predicated on drawing a sample from what the Debtors characterize as approximately 150,000 present claims in the Debtors' asbestos personal injury database. In fact, there appear to be different databases, only one of which had been provided by the Debtors to B. Thomas Florence of Analysis Research Planning Corporation ("ARPC"), the asbestos claims evaluation consultants retained by the Futures Representative.

2.      The database provided to ARPC shows approximately 178,307 present claims as of the date the chapter 11 cases were commenced by the Debtors (the "Petition Date"). We have been advised that the database provided to the Official Committee of Asbestos Personal Injury Claimants (the "ACC") shows approximately 143,000 present claims. Further, in the Sampling Motion, the Debtors state that there are approximately 150,000 present claims. Sampling Motion at page 4.

**Background**

3.      During the course of preparation for the mediation sessions which occurred in September, 2004, it became clear that the database previously provided by the Debtors to ARPC  in July, 2002, which database was "as of March, 2002" and which was not in "standard CCR format," was different from (a) the database "as of October, 2001" that previously had been provided by the Debtors to the ACC, and, (b) based on the Debtors' submissions to the mediator, was apparently different from whatever information the Debtors were relying on.

4.    In connection with the mediation sessions, we advised the Debtors that the Debtors had provided different databases to the Futures Representative and the ACC and asked the Debtors to look into this issue. However, we never heard further from the Debtors.

5.    At the conclusion of the June 13, 2005 hearing before this Court, we again reminded the Debtors of the need to reconcile the different databases. At the request of the Debtors, I sent, on June 20, 2005 and June 27, 2005, emails to Debtors' counsel setting forth some of the differences between the databases provided to ARPC and the ACC and requesting the Debtors to advise us why there are two different databases, who constructed them and when, and which database the Debtors regarded as the most complete and accurate. Copies of the June 20, 2005 and June 27, 2005 emails are annexed hereto as Exhibits "A" and "B," respectively. In particular, I noted that the two databases significantly differed in terms of the number of pending asbestos personal injury claims as of the Petition Date and the settlement values in the two databases.

6.    On July 14, 2005, counsel for all of the parties as well as the asbestos claims evaluation consultants retained by the Futures Representative, the ACC and the Official Committee of Unsecured Creditors ("OCUC") participated in a conference call with William Jones of Navigant Consulting. Mr. Jones was formerly of Peterson Consulting, the organization which maintained the database for the Center for Claims Resolution ("CCR") until 1997. Mr. Jones and Navigant Consulting apparently have been engaged by the Debtors and/or the CCR since either late 2001 or early 2002 to maintain the Debtors' database and were responsible for providing the database "as of March, 2002" to ARPC. Mr. Jones could not address the specific differences between the two databases in question.

7.    On July 26, 2005, a conference call with the parties and the asbestos claims evaluation consultants retained by the Futures Representative, the ACC and OCUC took place to discuss a number of issues, including the database problem. Counsel for the Debtors agreed that the Debtors would ask Navigant Consulting to produce a database "as of March, 2002" and "as of June, 2002" (a year after the Petition Date) both to be in "standard CCR format." Debtors' counsel indicated that Mr. Jones would need one week to transform the "as of March, 2002" database previously received by ARPC into "standard CCR format" and about two weeks to transform the "as of June, 2002" database into "standard CCR format."

8.    Subsequent to the July 26 conference call, Debtors' counsel advised the parties, by emails dated August 2, 2005 and August 3, 2005, that while Mr. Jones was able to obtain the database "as of June, 2002," he could not retrieve the database "as of March, 2002" from their archives because the database "as of March, 2002" had not been saved. Copies of the August 2, 2005 and August 3, 2005 emails are annexed hereto as Exhibits "C" and "D," respectively. By email dated August 5, 2005, I requested that ARPC be provided with the databases "as of January, 2002" and "as of May, 2002" in "standard CCR format." A copy of the August 5, 2005 email is annexed hereto as Exhibit "E." By email dated August 8, 2005, Debtors' counsel agreed to forward my request to Mr. Jones. A copy of the August 8, 2005 email is annexed hereto as Exhibit "F." Subsequent to August 8, 2005, we continued to follow up with the Debtors as to when we would be receiving the requested databases.

9.    As of the date of this Declaration we still do not know why there are differences among the databases provided to ARPC and the ACC and whatever information the Debtors are relying upon. On September 14, 2005, ARPC received, via the Debtors, two databases purporting to be "as of January, 2002" and "as of May, 2002" in "standard CCR

format." However, the two databases received were incomplete in that they did not include the "unbundled claims" (claims resolved and/or claims filed after the demise of the CCR). By letter dated September 15, 2005, we requested the Debtors to promptly provide us with complete databases "as of January, 2002" and "as of May, 2002" and the database the Debtors are relying upon. A copy of the September 15, 2005 letter is annexed hereto as Exhibit "G."

        10.    By letter dated September 16, 2005, the Debtors stated "in 2002, Debtors provided to you and all parties in the case the databases it had received from the CCR...we provided these databases to all parties in the same configuration and detail as we received them." The Debtors further stated that they have "no claims or settlement databases from CCR that have not been produced to the parties." Notwithstanding such statements, the fact remains that the only database provided by the Debtors to the Futures Representative was "as of March, 2002" and that different databases were provided to the ACC and the Futures Representative, both of which show different numbers of present claims. Further, the number of present claims in the databases provided to the Futures Representative and the ACC significantly differ from the 150,000 present claims referred to in the Debtors' Sampling Motion. A copy of the September 16, letter is annexed hereto as Exhibit "H."

        11.    By letter dated September 19, 2005, we requested the Debtors to provide a list of what databases were provided to the parties, including the Debtors, and when such databases were provided and once again reiterated the need to reach agreement on what database is be used for these proceedings. A copy of the September 19, letter is annexed hereto as Exhibit "I."

        12.    Until complete databases "as of January, 2002" and "as of May, 2002" are

provided, and ARPC is provided with the database the Debtors rely upon, ARPC is not in a position to compare the databases to ascertain their differences, much less try to reach an agreement as to what database should be used in the sampling and estimation proceedings. Should this Court permit the Debtors to draw a sample of claims, it is essential that there be agreement as to the accuracy of the database to be used to draw the sample.

Dated:  September 19, 2005

                                  /s/Andrew A. Kress
                                  Andrew A. Kress

# EXHIBIT A



**Andrew Kress**
06/20/2005 05:09 PM
Phone: ; Phone: (212)
836-8781

To: devereauxsd@cooley.com
cc: jparver@kayescholer.com; mlynn@kayescholer.com;
    ndf@capdale.com
bcc: t.florence@arpc.com
Subject: USG Data Base Issues

Scott:

Pursuant to the exchange of emails between Jane Parver and yourself on June 16, 2005 concerning the USG asbestos personal injury claim data base, it is our understanding that there are two USG data bases. It is our understanding that the first data base ("Data Base I") consists of two Access data bases (tort and bundled) each of which has fewer than ten tables and that the second data base ("Data Base II") consists of three sets of data: (a) the "bundled" data contains table extracts from the system used by the CCR and contains 355 text files, (b) the "Georgian" data contains 67 text files from the system used by the CCR and (c) the "post-CCR" data contains 453 text files with respect to claims filed against USG after February 2001 when the CCR stopped "bundling" claims for settlement purposes and undertook instead to to negotiate settlements for each member separately.

It is our understanding that there are two significant differences between Data Base I and Data Base II. The first significant difference is in the number of claims in each of the two data bases.

Data Base I has 143,000 injured party records which corresponds to the 143,000 claims in the claim table.

However, Data Base II has 175,000 injured party records. There are two claim tables in Data Base II: the first claim table ("Claim Table") has 143,000 claims and the second claim table ("Common Claim Table") has 175,000 claims. The Common Claim Table contains all of the claims in the Claim Table. The Common Claim Table matches to the 175,000 injured party records in Data Base II. Further, we understand that the Claim Table (143,000 claims) matches with Data Base I.

We understand that there is nothing in the Common Claim Table which indicates that the additional 32,000 are not claims against USG nor is there anything in the injured party table to indicate that injured party records do not pertain to USG.

The second apparent difference between the two data bases concerns settlement values. The following example highlights the difference. In Data Base I, ID 2000279873 has a single billing history record which indicates a settlement value of $9,249.71. In Data Base II, the same individual has four billing history records which indicate $0, $0, $9,249.71, -$9,249.71 and $6,721.19. This suggests that in Data Base II, the settlement value for this person is $6,721.19. We understand that there are a number of such differences in settlement values between the two data bases.

We would like to know why there are two different data bases, who constructed them and when, and which data base USG regards as most complete and accurate. We would also like complete copies of both data bases. Once you have obtained clarifying information and all constituencies have copies of both data bases, it would make sense for the experts and lawyers to try to agree upon the most complete, up to date and accurate data base to use in the estimation proceeding.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone: 516-603-5052
Fax 212-836-6728
email: akress@kayescholer.com

www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following communication, this message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received the message in error, please advise the send by reply e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.

# EXHIBIT  B

 **Andrew Kress**
06/27/2005 01:52 PM
Phone: ; Phone: (212)
836-8781

To: devereauxsd@cooley.com
cc: jparver@kayescholer.com; mlynn@kayescholer.com;
    ndf@capdale.com
bcc: t.florence@arpc.com
Subject: Additional USG Data Base Issues

Scott:

With respect to the USG asbestos personal injury claim data base, in addition to the issues we raised in my email of June 20, 2005, it has come to our attention that the data base provided to our expert, Thomas Florence, apparently does not resemble the typical data base that other CCR members have been given.

In the more typical CCR data base, the experts usually receive data in the following text files for both tort claimants and Georgine claimants:

> claim.txt
> injured_party.txt
> dependent.txt
> exposure.txt
> billed_history.txt
> law_suit.txt
> payment.txt

These are the main files and they generally have the same data elements in each file. In addition, the experts usually receive supplemental data files such as files containing more detailed medical information and files containing descriptions of codes used in the main data files.

With respect to the USG data base provided to Mr. Florence, there were 355 individual text files for the "bundled" claims (while USG was in the CCR). Many of the files received by Mr. Florence resembled the data files one would receive in the more typical CCR data base but some of the individual data items were missing. For example, there was no USG_law_suit.txt table. There were other tables such as USG_law_suit_event.txt and USG_law_suit_version.txt but neither data file contained the court type data field. The court type data field shows up only in the USG_billed_history.txt file and the USG_billed_history_full.txt files (it is unclear why there are two of these files) which only pertain to closed cases

The foregoing is just two examples of the differences between the USG data base provided and the more typical CCR member data base.

We would like to know why the more typical CCR member data base was not provided and would like a complete copy of all the  CCR member data bases that USG received from the CCR.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following communication, this message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received the message in error, please advise the send by reply e-mail and destroy any copies, electronic, paper or otherwise, which you may

have of this communication.

# EXHIBIT  C



"Devereaux, Scott"
<DEVEREAUXSD@coo
ley.com>

08/02/2005 05:41 PM

To: akress@kayescholer.com
cc: bberens@jonesday.com; David.hickerson@weil.com;
    dtrafelet@dcwis.com; dwildes@stroock.com; d.relles@verizon.net;
    jsakalo@bilzin.com; judy.liu@weil.com; kpasquale@stroock.com;
bcc:
Subject: RE: USG Database

All -- Bill Jones at Navigant was on vacation last week. I spoke with him
yesterday about the 3/02 and 6/02 datasets in CCR standard format. Bill spent
the last day trying to get such info from their archives. He has the 6/02
data, but the data does not appear to have been "backed-up" as of 3/02. The
nearest alternative dates are the beginning of 5/02 or the end of 1/02.
Please let me know if any of you has views on how you would like to proceed.
Bill's estimate as to the 6/02 data is the end of next week.

Scott

-----Original Message-----
From: akress@kayescholer.com [mailto:akress@kayescholer.com]
Sent: Thursday, July 21, 2005 11:13 AM
To: Devereaux, Scott
Cc: bberens@jonesday.com; David.hickerson@weil.com; dtrafelet@dcwis.com;
dwildes@stroock.com; d.relles@verizon.net; jsakalo@bilzin.com;
judy.liu@weil.com; kpasquale@stroock.com; lkruger@stroock.com;
mark.peterson56@verizon.net; ndf@capdale.com; ralph.miller@weil.com;
sbaena@bilzin.com; t.florence@arpc.com; wbs@capdale.com;
jparver@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com;
mveidemanis@kayescholer.com; t.florence@arpc.com; mark.peterson56@verizon.net;
d.relles@verizon.net; dtrafelet@dcwis.com
Subject: Re: USG Database


Scott:

The ACC and FR are available on Tuesday at 4:00 (eastern) for a conference
call to continue to discuss the database issues and to discuss the estimation
discovery plan.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this
communication.


                              "Devereaux,

```
                        Scott"                To:
akress@kayescholer.com
                        <DEVEREAUXSD@cool     cc:
David.hickerson@weil.com; ralph.miller@weil.com;
                        ey.com>                   judy.liu@weil.com;
sbaena@bilzin.com; jsakalo@bilzin.com;
                                                  lkruger@stroock.com;
kpasquale@stroock.com;
                        07/19/2005 01:13          dwildes@stroock.com;
bberens@jonesday.com;
                        PM                        ndf@capdale.com;
wbs@capdale.com;
                                                  mark.peterson56@verizon.net;
d.relles@verizon.net;
                                                  t.florence@arpc.com;
dtrafelet@dcwis.com
                                              bcc:
                                              Subject:  Re: USG Database
```

Andy -- thanks for the message.  As I mentioned on the call we want to make
sure every party gets the info regarding settlement history that they want.
I am not sure why we all need to be bound to using a single subset of that
info in this case.  I am williong, however, to discuss it further.  I am
available generally next Mon and Tues for such a call.  If you and the other
parties can let me know your schedules for those days I will try to set
something up to discuss this issue and the discovery plan issue I wrote about
previously.

Scott
Scott D. Devereaux
Partner
Cooley Godward LLP " Five Palo Alto Square 3000 El Camino Real " Palo Alto, CA
94306-2155
Direct: 650-843-5152 " Fax: 650-857-0663 " Cell: 650-799-0927
Bio: www.cooley.com/devereauxsd " Practice: www.cooley.com/litigation
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: akress@kayescholer.com <akress@kayescholer.com>
To: Devereaux, Scott <DEVEREAUXSD@cooley.com>
CC: David.hickerson@weil.com <David.hickerson@weil.com>; ralph.miller@weil.com
<ralph.miller@weil.com>; judy.liu@weil.com <judy.liu@weil.com>;
sbaena@bilzin.com <sbaena@bilzin.com>; jsakalo@bilzin.com
<jsakalo@bilzin.com>; lkruger@stroock.com <lkruger@stroock.com>;
kpasquale@stroock.com <kpasquale@stroock.com>; dwildes@stroock.com
<dwildes@stroock.com>; Brad Erens <bberens@jonesday.com>; ndf@capdale.com
<ndf@capdale.com>; wbs@capdale.com <wbs@capdale.com>;
mark.peterson56@verizon.net <mark.peterson56@verizon.net>;
d.relles@verizon.net <d.relles@verizon.net>; t.florence@arpc.com
<t.florence@arpc.com>; dtrafelet@dcwis.com <dtrafelet@dcwis.com>
Sent: Mon Jul 18 13:35:02 2005
Subject: USG Database


Scott:

While we believe that Thursday's conference call was productive, it has become clear that it is imperative for the parties participating in the estimation process to have a common database to be used for all aspects of the estimation procedure, including, but not limited to, analyses, expert reports and desposition and trial testimony. In that regard, we would suggest the following procedure which would be incorporated into a stipulation to be signed by each constituency and approved by Judge Conti:

1.    All parties participating in the estimation process shall be provided with:

    (a)  the October, 2001 and March, 2002 databases in the CCR standard seven-file format together with an explanation from Navigant as to all changes (including additions, deletions and changes in entries) from the October, 2001 database to the March, 2002 database and

    (b)  the current database in the CCR standard seven-file format together with an explanation from Navigant as to changes (including additions, deletions and changes in entries) from the March, 2002 database.

    For each set of changes, there will be provided to all parties identification of documents or other records (including in electronic form) supporting such changes or indicating the bases on which they were made. A party will be provided any such documents at the party's request.

2.    Once all parties have had a reasonable opportunity to compare the three databases and identity any concerns with respect to changes made since October, 2001, the respective experts for the parties shall meet with Navigant to discuss the specific changes which are the subject of concern by any party.

3.    The experts for all parties will in good faith seek to reach agreement about any changes made which are the subject of a concern by any party and agree on a common database to be used in the estimation process.

Our view is that, until the parties agree on a common database, providing this database information and the discussions regarding the databases will not prejudice any party's position on the proper database to use (and, of course. on the significance of any data they contain). In addition, and consistent with the discussion in the conference call, the FCR and ACC reserve entirely their position with respect to the dual role of Navigant and its constituent parts in working in connection with this matter for the CCR, for the debtors and for the commercial creditors' committee.

In order to move this process forward, we believe that a conference call should be scheduled as promptly as possible to discuss this proposal.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following communication, this message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you are hereby notified that any dissemination, distribution or

copying of this communication is strictly prohibited. If you have received the message in error, please advise the send by reply e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.                                    *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

===========================================================
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.  If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

                              *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

===========================================================
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.  If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

**EXHIBIT  D**



"Devereaux, Scott"
<DEVEREAUXSD@coo
ley.com>

08/03/2005 01:23 PM

To: akress@kayescholer.com
cc: bberens@jonesday.com; David.hickerson@weil.com;
    dtrafelet@dcwis.com; dwildes@stroock.com; d.relles@verizon.net;
    eschwalb@kayescholer.com; jparver@kayescholer.com;
bcc:
Subject: RE: USG Database

Andy -- maybe I have misunderstood the request.  I asked Bill for 2 verions of
the "CCR standard format" database: 1) of the data as it existed "as of" 3/02
and 2) as it existed "as of" 6/02.  Bill's response is that they don't have a
dataset as of 3/02 because the data was not saved as of that point in time.
Please let me know if I am misunderstanding the request and I'll go back to
Bill.

Thanks, Scott

-----Original Message-----
From: akress@kayescholer.com [mailto:akress@kayescholer.com]
Sent: Wednesday, August 03, 2005 9:48 AM
To: Devereaux, Scott
Cc: bberens@jonesday.com; David.hickerson@weil.com; dtrafelet@dcwis.com;
dwildes@stroock.com; d.relles@verizon.net; eschwalb@kayescholer.com;
jparver@kayescholer.com; jsakalo@bilzin.com; judy.liu@weil.com;
kpasquale@stroock.com; lkruger@stroock.com; mark.peterson56@verizon.net;
mlynn@kayescholer.com; mveidemanis@kayescholer.com; ndf@capdale.com;
ralph.miller@weil.com; sbaena@bilzin.com; t.florence@arpc.com;
wbs@capdale.com; a.brockman@arpc.com
Subject: RE: USG Database

Thank you for your prompt response. I am not sure I understand Bill Jones'
response to your inquiry. What we have asked for is the 3/02 data base in "CCR
standard format" and, if there were additional changes made to the
3/02 data base subsequent to 3/02, the most recent database in "CCR standard
format" and an explanation of the changes that were made since 3/02. If Bill
is saying that the only revised database since 3/02 is either
5/02 or 6/02 but that the 6/.02 database is not "backed up to" 3/02, then we
would want the 5/02 database. This assumes there is no subsequent revised
database after 6/02.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this
communication.

"Devereaux,
Scott"                             To:
akress@kayescholer.com
                <DEVEREAUXSD@cool        cc:        bberens@jonesday.com;
David.hickerson@weil.com;
                ey.com>                     dtrafelet@dcwis.com;
dwildes@stroock.com;
                                           d.relles@verizon.net;
jsakalo@bilzin.com;
                08/02/2005 05:41           judy.liu@weil.com;
kpasquale@stroock.com;
                PM                         lkruger@stroock.com;
mark.peterson56@verizon.net;
                                           ndf@capdale.com;
ralph.miller@weil.com; sbaena@bilzin.com;
                                           t.florence@arpc.com;
wbs@capdale.com;
                                           jparver@kayescholer.com;
mlynn@kayescholer.com;
                                           eschwalb@kayescholer.com;
mveidemanis@kayescholer.com;
                                           t.florence@arpc.com;
mark.peterson56@verizon.net;
                                           d.relles@verizon.net;
dtrafelet@dcwis.com
                                         bcc:
                                         Subject:   RE: USG Database


All -- Bill Jones at Navigant was on vacation last week.  I spoke with him
yesterday about the 3/02 and 6/02 datasets in CCR standard format.  Bill spent
the last day trying to get such info from their archives.  He has the
6/02 data, but the data does not appear to have been "backed-up" as of 3/02.
The nearest alternative dates are the beginning of 5/02 or the end
of 1/02.   Please let me know if any of you has views on how you would like
to proceed.  Bill's estimate as to the 6/02 data is the end of next week.

Scott

-----Original Message-----
From: akress@kayescholer.com [mailto:akress@kayescholer.com]
Sent: Thursday, July 21, 2005 11:13 AM
To: Devereaux, Scott
Cc: bberens@jonesday.com; David.hickerson@weil.com; dtrafelet@dcwis.com;
dwildes@stroock.com; d.relles@verizon.net; jsakalo@bilzin.com;
judy.liu@weil.com; kpasquale@stroock.com; lkruger@stroock.com;
mark.peterson56@verizon.net; ndf@capdale.com; ralph.miller@weil.com;
sbaena@bilzin.com; t.florence@arpc.com; wbs@capdale.com;
jparver@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com;
mveidemanis@kayescholer.com; t.florence@arpc.com; mark.peterson56@verizon.net;
d.relles@verizon.net; dtrafelet@dcwis.com
Subject: Re: USG Database


Scott:

The ACC and FR are available on Tuesday at 4:00 (eastern) for a conference

call to continue to discuss the database issues and to discuss the estimation
discovery plan.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone: 516-603-5052
Fax 212-836-6728
email: akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this
communication.

|  |  |
|---|---|
| "Devereaux, | |
| Scott" | To: |
| akress@kayescholer.com | |
| <DEVEREAUXSD@cool | cc: |
| David.hickerson@weil.com; ralph.miller@weil.com; | |
| ey.com> | judy.liu@weil.com; |
| sbaena@bilzin.com; jsakalo@bilzin.com; | |
| | lkruger@stroock.com; |
| kpasquale@stroock.com; | |
| 07/19/2005 01:13 | dwildes@stroock.com; |
| bberens@jonesday.com; | |
| PM | ndf@capdale.com; |
| wbs@capdale.com; | |
| mark.peterson56@verizon.net; d.relles@verizon.net; | |
| | t.florence@arpc.com; |
| dtrafelet@dcwis.com | |
| | bcc: |
| | Subject:  Re: USG Database |

Andy -- thanks for the message.  As I mentioned on the call we want to make
sure every party gets the info regarding settlement history that they want.
I am not sure why we all need to be bound to using a single subset of that
info in this case.  I am willoing, however, to discuss it further.  I am
available generally next Mon and Tues for such a call.  If you and the other
parties can let me know your schedules for those days I will try to set
something up to discuss this issue and the discovery plan issue I wrote about
previously.

Scott

Scott D. Devereaux
Partner
Cooley Godward LLP ¨ Five Palo Alto Square 3000 El Camino Real ¨ Palo Alto, CA
94306-2155
Direct: 650-843-5152 ¨ Fax: 650-857-0663 ¨ Cell: 650-799-0927
Bio: www.cooley.com/devereauxsd ¨ Practice: www.cooley.com/litigation
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: akress@kayescholer.com <akress@kayescholer.com>
To: Devereaux, Scott <DEVEREAUXSD@cooley.com>
CC: David.hickerson@weil.com <David.hickerson@weil.com>; ralph.miller@weil.com
<ralph.miller@weil.com>; judy.liu@weil.com <judy.liu@weil.com>;
sbaena@bilzin.com <sbaena@bilzin.com>; jsakalo@bilzin.com
<jsakalo@bilzin.com>; lkruger@stroock.com <lkruger@stroock.com>;
kpasquale@stroock.com <kpasquale@stroock.com>; dwildes@stroock.com
<dwildes@stroock.com>; Brad Erens <bberens@jonesday.com>; ndf@capdale.com
<ndf@capdale.com>; wbs@capdale.com <wbs@capdale.com>;
mark.peterson56@verizon.net <mark.peterson56@verizon.net>;
d.relles@verizon.net <d.relles@verizon.net>; t.florence@arpc.com
<t.florence@arpc.com>; dtrafelet@dcwis.com <dtrafelet@dcwis.com>
Sent: Mon Jul 18 13:35:02 2005
Subject: USG Database


Scott:

While we believe that Thursday's conference call was productive, it has become
clear that it is imperative for the parties participating in the estimation
process to have a common database to be used for all aspects of the estimation
procedure, including, but not limited to, analyses, expert reports and
desposition and trial testimony. In that regard, we would suggest the
following procedure which would be incorporated into a stipulation to be
signed by each constituency and approved by Judge Conti:

1.    All parties participating in the estimation process shall be provided
with:

      (a)  the October, 2001 and March, 2002 databases in the CCR standard
seven-file format together with an explanation from Navigant as to all changes
(including additions, deletions and changes in entries) from the October, 2001
database to the March, 2002 database and

      (b)  the current database in the CCR standard seven-file format together
with an explanation from Navigant as to changes (including additions,
deletions and changes in entries) from the March, 2002 database.

      For each set of changes, there will be provided to all parties
identification of documents or other records (including in electronic form)
supporting such changes or indicating the bases on which they were made. A
party will be provided any such documents at the party's request.

2.    Once all parties have had a reasonable opportunity to compare the
three databases and identity any concerns with respect to changes made since
October, 2001, the respective experts for the parties shall meet with Navigant
to discuss the specific changes which are the subject of concern by any party.

3.    The experts for all parties will in good faith seek to reach
agreement about any changes made which are the subject of a concern by any

party and agree on a common database to be used in the estimation process.

Our view is that, until the parties agree on a common database, providing this database information and the discussions regarding the databases will not prejudice any party's position on the proper database to use (and, of course, on the significance of any data they contain). In addition, and consistent with the discussion in the conference call, the FCR and ACC reserve entirely their position with respect to the dual role of Navigant and its constituent parts in working in connection with this matter for the CCR, for the debtors and for the commercial creditors' committee.

In order to move this process forward, we believe that a conference call should be scheduled as promptly as possible to discuss this proposal.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following communication, this message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received the message in error, please advise the send by reply e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.                        *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

================================================================
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information.  Any unauthorized review, use, disclosure or distribution is prohibited.  If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message.  If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

                                *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

========================================================
This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information. Any unauthorized review,
use, disclosure or distribution is prohibited. If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of
the original message. If you are the intended recipient, please be advised
that the content of this message is subject to access, review and disclosure
by the sender's Email System Administrator.

                          *    *    *    *

IRS CIRCULAR 230 DISCLOSURE: To ensure compliance with Treasury Department
regulations, we inform you that any U.S. federal tax advice contained in this
correspondence (including any attachments) is not intended or written to be
used, and cannot be used for the purpose of (i) avoiding penalties that may be
imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.


========================================================
This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information. Any unauthorized review,
use, disclosure or distribution is prohibited. If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of
the original message. If you are the intended recipient, please be advised
that the content of this message is subject to access, review and disclosure
by the sender's Email System Administrator.

# EXHIBIT E



**Andrew Kress**
08/05/2005 06:40 PM
Phone: ; Phone: (212)
836-8781

To: "Devereaux, Scott" <DEVEREAUXSD@cooley.com>
cc: a.brockman@arpc.com; bberens@jonesday.com;
   David.hickerson@weil.com; dtrafelet@dcwis.com;
   dwildes@stroock.com; d.relles@verizon.net;
bcc:
Subject: RE: USG Database

Scott:

Just so there is no misunderstanding, we would appreciate it very much if you could have Bill Jones supply to us the January 2002 and May 2002 databases in CCR standard format.

In addition, we would appreciate if Bill Jones could advise us who retained Navigant in 2001, was it the CCR or the members of the CCR.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone: 516-603-5052
Fax 212-836-6728
email: akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following communication, this message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received the message in error, please advise the send by reply e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.
"Devereaux, Scott" <DEVEREAUXSD@cooley.com>



"Devereaux, Scott"
<DEVEREAUXSD@coo
ley.com>
08/03/2005 01:23 PM

To: akress@kayescholer.com
cc: bberens@jonesday.com; David.hickerson@weil.com;
   dtrafelet@dcwis.com; dwildes@stroock.com; d.relles@verizon.net;
   eschwalb@kayescholer.com; jparver@kayescholer.com;
   jsakalo@bilzin.com; judy.liu@weil.com; kpasquale@stroock.com;
   lkruger@stroock.com; mark.peterson56@verizon.net;
   mlynn@kayescholer.com; mveidemanis@kayescholer.com;
   ndf@capdale.com; ralph.miller@weil.com; sbaena@bilzin.com;
   t.florence@arpc.com; wbs@capdale.com; a.brockman@arpc.com
bcc:
Subject: RE: USG Database

```
Andy -- maybe I have misunderstood the request.  I asked Bill for 2 verions of
the "CCR standard format" database: 1) of the data as it existed "as of" 3/02
and 2) as it existed "as of" 6/02.  Bill's response is that they don't have a
dataset as of 3/02 because the data was not saved as of that point in time.
Please let me know if I am misunderstanding the request and I'll go back to
Bill.

Thanks, Scott

-----Original Message-----
From: akress@kayescholer.com [mailto:akress@kayescholer.com]
Sent: Wednesday, August 03, 2005 9:48 AM
```

To: Devereaux, Scott
Cc: bberens@jonesday.com; David.hickerson@weil.com; dtrafelet@dcwis.com;
dwildes@stroock.com; d.relles@verizon.net; eschwalb@kayescholer.com;
jparver@kayescholer.com; jsakalo@bilzin.com; judy.liu@weil.com;
kpasquale@stroock.com; lkruger@stroock.com; mark.peterson56@verizon.net;
mlynn@kayescholer.com; mveidemanis@kayescholer.com; ndf@capdale.com;
ralph.miller@weil.com; sbaena@bilzin.com; t.florence@arpc.com;
wbs@capdale.com; a.brockman@arpc.com
Subject: RE: USG Database


Thank you for your prompt response. I am not sure I understand Bill Jones'
response to your inquiry. What we have asked for is the 3/02 data base in "CCR
standard format" and, if there were additional changes made to the
3/02 data base subsequent to 3/02, the most recent database in "CCR standard
format" and an explanation of the changes that were made since 3/02. If Bill
is saying that the only revised database since 3/02 is either
5/02 or 6/02 but that the 6/.02 database is not "backed up to" 3/02, then we
would want the 5/02 database. This assumes there is no subsequent revised
database after 6/02.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this
communication.


|  |  |  |
|---|---|---|
| | "Devereaux, | |
| | Scott" | To: |
| akress@kayescholer.com | | |
| | <DEVEREAUXSD@cool | cc:        bberens@jonesday.com; |
| David.hickerson@weil.com; | | |
| | ey.com> | dtrafelet@dcwis.com; |
| dwildes@stroock.com; | | |
| | | d.relles@verizon.net; |
| jsakalo@bilzin.com; | | |
| | 08/02/2005 05:41 | judy.liu@weil.com; |
| kpasquale@stroock.com; | | |
| | PM | lkruger@stroock.com; |
| mark.peterson56@verizon.net; | | |
| | | ndf@capdale.com; |
| ralph.miller@weil.com; sbaena@bilzin.com; | | |
| | | t.florence@arpc.com; |
| wbs@capdale.com; | | |
| | | jparver@kayescholer.com; |
| mlynn@kayescholer.com; | | |

mveidemanis@kayescholer.com;

mark.peterson56@verizon.net;

dtrafelet@dcwis.com

eschwalb@kayescholer.com;

t.florence@arpc.com;

d.relles@verizon.net;

bcc:
Subject:  RE: USG Database

All -- Bill Jones at Navigant was on vacation last week.  I spoke with him
yesterday about the 3/02 and 6/02 datasets in CCR standard format.  Bill spent
the last day trying to get such info from their archives.  He has the
6/02 data, but the data does not appear to have been "backed-up" as of 3/02.
The nearest alternative dates are the beginning of 5/02 or the end
of 1/02.   Please let me know if any of you has views on how you would like
to proceed.  Bill's estimate as to the 6/02 data is the end of next week.

Scott

-----Original Message-----
From: akress@kayescholer.com [mailto:akress@kayescholer.com]
Sent: Thursday, July 21, 2005 11:13 AM
To: Devereaux, Scott
Cc: bberens@jonesday.com; David.hickerson@weil.com; dtrafelet@dcwis.com;
dwildes@stroock.com; d.relles@verizon.net; jsakalo@bilzin.com;
judy.liu@weil.com; kpasquale@stroock.com; lkruger@stroock.com;
mark.peterson56@verizon.net; ndf@capdale.com; ralph.miller@weil.com;
sbaena@bilzin.com; t.florence@arpc.com; wbs@capdale.com;
jparver@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com;
mveidemanis@kayescholer.com; t.florence@arpc.com; mark.peterson56@verizon.net;
d.relles@verizon.net; dtrafelet@dcwis.com
Subject: Re: USG Database

Scott:

The ACC and FR are available on Tuesday at 4:00 (eastern) for a conference
call to continue to discuss the database issues and to discuss the estimation
discovery plan.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this

communication.

```
            "Devereaux,

            Scott"                    To:
akress@kayescholer.com
            <DEVEREAUXSD@cool          cc:
David.hickerson@weil.com; ralph.miller@weil.com;
            ey.com>                    judy.liu@weil.com;
sbaena@bilzin.com; jsakalo@bilzin.com;

                                       lkruger@stroock.com;
kpasquale@stroock.com;
            07/19/2005 01:13           dwildes@stroock.com;
bberens@jonesday.com;
            PM                         ndf@capdale.com;
wbs@capdale.com;

mark.peterson56@verizon.net; d.relles@verizon.net;
                                       t.florence@arpc.com;
dtrafelet@dcwis.com
                                       bcc:

                                       Subject:  Re: USG Database
```

Andy -- thanks for the message.  As I mentioned on the call we want to make
sure every party gets the info regarding settlement history that they want.
I am not sure why we all need to be bound to using a single subset of that
info in this case.  I am willoing, however, to discuss it further.  I am
available generally next Mon and Tues for such a call.  If you and the other
parties can let me know your schedules for those days I will try to set
something up to discuss this issue and the discovery plan issue I wrote about
previously.

Scott
Scott D. Devereaux
Partner
Cooley Godward LLP ¨ Five Palo Alto Square 3000 El Camino Real ¨ Palo Alto, CA
94306-2155
Direct: 650-843-5152 ¨ Fax: 650-857-0663 ¨ Cell: 650-799-0927
Bio: www.cooley.com/devereauxsd ¨ Practice: www.cooley.com/litigation
--------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: akress@kayescholer.com <akress@kayescholer.com>
To: Devereaux, Scott <DEVEREAUXSD@cooley.com>
CC: David.hickerson@weil.com <David.hickerson@weil.com>; ralph.miller@weil.com
<ralph.miller@weil.com>; judy.liu@weil.com <judy.liu@weil.com>;
sbaena@bilzin.com <sbaena@bilzin.com>; jsakalo@bilzin.com
<jsakalo@bilzin.com>; lkruger@stroock.com <lkruger@stroock.com>;
kpasquale@stroock.com <kpasquale@stroock.com>; dwildes@stroock.com
<dwildes@stroock.com>; Brad Erens <bberens@jonesday.com>; ndf@capdale.com
<ndf@capdale.com>; wbs@capdale.com <wbs@capdale.com>;

mark.peterson56@verizon.net <mark.peterson56@verizon.net>;
d.relles@verizon.net <d.relles@verizon.net>; t.florence@arpc.com
<t.florence@arpc.com>; dtrafelet@dcwis.com <dtrafelet@dcwis.com>
Sent: Mon Jul 18 13:35:02 2005
Subject: USG Database


Scott:

While we believe that Thursday's conference call was productive, it has become
clear that it is imperative for the parties participating in the estimation
process to have a common database to be used for all aspects of the estimation
procedure, including, but not limited to, analyses, expert reports and
desposition and trial testimony. In that regard, we would suggest the
following procedure which would be incorporated into a stipulation to be
signed by each constituency and approved by Judge Conti:

1.    All parties participating in the estimation process shall be provided
with:

     (a)  the October, 2001 and March, 2002 databases in the CCR standard
seven-file format together with an explanation from Navigant as to all changes
(including additions, deletions and changes in entries) from the October, 2001
database to the March, 2002 database and

     (b)  the current database in the CCR standard seven-file format together
with an explanation from Navigant as to changes (including additions,
deletions and changes in entries) from the March, 2002 database.

     For each set of changes, there will be provided to all parties
identification of documents or other records (including in electronic form)
supporting such changes or indicating the bases on which they were made. A
party will be provided any such documents at the party's request.

2.    Once all parties have had a reasonable opportunity to compare the
three databases and identity any concerns with respect to changes made since
October, 2001, the respective experts for the parties shall meet with Navigant
to discuss the specific changes which are the subject of concern by any party.

3.    The experts for all parties will in good faith seek to reach
agreement about any changes made which are the subject of a concern by any
party and agree on a common database to be used in the estimation process.

Our view is that, until the parties agree on a common database, providing this
database information and the discussions regarding the databases will not
prejudice any party's position on the proper database to use (and, of course,
on the significance of any data they contain). In addition, and consistent
with the discussion in the conference call, the FCR and ACC reserve entirely
their position with respect to the dual role of Navigant and its constituent
parts in working in connection with this matter for the CCR, for the debtors
and for the commercial creditors' committee.

In order to move this process forward, we believe that a conference call
should be scheduled as promptly as possible to discuss this proposal.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052

Fax 212-836-6728
email: akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this
communication.
                              *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department
regulations, we inform you that any U.S. federal tax advice contained in this
correspondence (including any attachments) is not intended or written to be
used, and cannot be used for the purpose of (i) avoiding penalties that may be
imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

================================================================

This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information.  Any unauthorized review,
use, disclosure or distribution is prohibited.  If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of
the original message.  If you are the intended recipient, please be advised
that the content of this message is subject to access, review and disclosure
by the sender's Email System Administrator.

                              *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department
regulations, we inform you that any U.S. federal tax advice contained in this
correspondence (including any attachments) is not intended or written to be
used, and cannot be used for the purpose of (i) avoiding penalties that may be
imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

================================================================

This email message is for the sole use of the intended recipient(s) and may
contain confidential and privileged information.  Any unauthorized review,
use, disclosure or distribution is prohibited.  If you are not the intended
recipient, please contact the sender by reply email and destroy all copies of
the original message.  If you are the intended recipient, please be advised
that the content of this message is subject to access, review and disclosure
by the sender's Email System Administrator.

                              *    *    *    *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department
regulations, we inform you that any U.S. federal tax advice contained in this
correspondence (including any attachments) is not intended or written to be
used, and cannot be used for the purpose of (i) avoiding penalties that may be
imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or
recommending to another party any transaction or matter addressed herein.

================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

# EXHIBIT F



"Devereaux, Scott"
<DEVEREAUXSD@coo
ley.com>

08/08/2005 02:26 PM

To: akress@kayescholer.com
cc: a.brockman@arpc.com; bberens@jonesday.com;
David.hickerson@weil.com; dtrafelet@dcwis.com;
dwildes@stroock.com; d.relles@verizon.net;
bcc:
Subject: RE: USG Database

Andy -- Thanks.  I have forwarded your request.

Scott

-----Original Message-----
From: akress@kayescholer.com [mailto:akress@kayescholer.com]
Sent: Friday, August 05, 2005 3:41 PM
To: Devereaux, Scott
Cc: a.brockman@arpc.com; bberens@jonesday.com; David.hickerson@weil.com;
dtrafelet@dcwis.com; dwildes@stroock.com; d.relles@verizon.net;
eschwalb@kayescholer.com; jparver@kayescholer.com; jsakalo@bilzin.com;
judy.liu@weil.com; kpasquale@stroock.com; lkruger@stroock.com;
mark.peterson56@verizon.net; mlynn@kayescholer.com;
mveidemanis@kayescholer.com; ndf@capdale.com; ralph.miller@weil.com;
sbaena@bilzin.com; t.florence@arpc.com; wbs@capdale.com
Subject: RE: USG Database

Scott:

Just so there is no misunderstanding, we would appreciate it very much if you
could have Bill Jones supply to us the January 2002 and May 2002 databases in
CCR standard format.

In addition, we would appreciate if Bill Jones could advise us who retained
Navigant in 2001, was it the CCR or the members of the CCR.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this
communication.

                        "Devereaux,
                        Scott"                      To:
akress@kayescholer.com
                        <DEVEREAUXSD@cool        cc:        bberens@jonesday.com;
David.hickerson@weil.com;

ey.com>

dwildes@stroock.com;

eschwalb@kayescholer.com;

jsakalo@bilzin.com;

kpasquale@stroock.com;

mark.peterson56@verizon.net;

mveidemanis@kayescholer.com;

ralph.miller@weil.com; sbaena@bilzin.com;

wbs@capdale.com; a.brockman@arpc.com

08/03/2005 01:23
PM

dtrafelet@dcwis.com;

d.relles@verizon.net;

jparver@kayescholer.com;

judy.liu@weil.com;

lkruger@stroock.com;

mlynn@kayescholer.com;

ndf@capdale.com;

t.florence@arpc.com;

bcc:
Subject:  RE: USG Database

Andy -- maybe I have misunderstood the request.  I asked Bill for 2 verions of
the "CCR standard format" database: 1) of the data as it existed "as of"
3/02 and 2) as it existed "as of" 6/02.  Bill's response is that they don't
have a dataset as of 3/02 because the data was not saved as of that point in
time.  Please let me know if I am misunderstanding the request and I'll go
back to Bill.

Thanks, Scott

-----Original Message-----
From: akress@kayescholer.com [mailto:akress@kayescholer.com]
Sent: Wednesday, August 03, 2005 9:48 AM
To: Devereaux, Scott
Cc: bberens@jonesday.com; David.hickerson@weil.com; dtrafelet@dcwis.com;
dwildes@stroock.com; d.relles@verizon.net; eschwalb@kayescholer.com;
jparver@kayescholer.com; jsakalo@bilzin.com; judy.liu@weil.com;
kpasquale@stroock.com; lkruger@stroock.com; mark.peterson56@verizon.net;
mlynn@kayescholer.com; mveidemanis@kayescholer.com; ndf@capdale.com;
ralph.miller@weil.com; sbaena@bilzin.com; t.florence@arpc.com;
wbs@capdale.com; a.brockman@arpc.com
Subject: RE: USG Database

Thank you for your prompt response. I am not sure I understand Bill Jones'
response to your inquiry. What we have asked for is the 3/02 data base in "CCR
standard format" and, if there were additional changes made to the
3/02 data base subsequent to 3/02, the most recent database in "CCR standard
format" and an explanation of the changes that were made since 3/02. If Bill
is saying that the only revised database since 3/02 is either
5/02 or 6/02 but that the 6/.02 database is not "backed up to" 3/02, then we
would want the 5/02 database. This assumes there is no subsequent revised
database after 6/02.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781

Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this
communication.

| | | |
|---|---|---|
| | "Devereaux, | |
| | Scott" | To: |
| akress@kayescholer.com | | |
| | <DEVEREAUXSD@cool | cc: |
| bberens@jonesday.com; | David.hickerson@weil.com; | |
| dwildes@stroock.com; | ey.com> | dtrafelet@dcwis.com; |
| | | d.relles@verizon.net; |
| jsakalo@bilzin.com; | | |
| | 08/02/2005 05:41 | judy.liu@weil.com; |
| kpasquale@stroock.com; | | |
| | PM | lkruger@stroock.com; |
| mark.peterson56@verizon.net; | | |
| | | ndf@capdale.com; |
| ralph.miller@weil.com; sbaena@bilzin.com; | | |
| | | t.florence@arpc.com; |
| wbs@capdale.com; | | |
| | | jparver@kayescholer.com; |
| mlynn@kayescholer.com; | | |
| | | eschwalb@kayescholer.com; |
| mveidemanis@kayescholer.com; | | |
| | | t.florence@arpc.com; |
| mark.peterson56@verizon.net; | | |
| | | d.relles@verizon.net; |
| dtrafelet@dcwis.com | | |
| | | bcc: |
| | | Subject:  RE: USG Database |

All -- Bill Jones at Navigant was on vacation last week.  I spoke with him
yesterday about the 3/02 and 6/02 datasets in CCR standard format.  Bill spent
the last day trying to get such info from their archives.  He has the
6/02 data, but the data does not appear to have been "backed-up" as of 3/02.
The nearest alternative dates are the beginning of 5/02 or the end
of 1/02.   Please let me know if any of you has views on how you would like
to proceed.  Bill's estimate as to the 6/02 data is the end of next week.

Scott

```
-----Original Message-----
From: akress@kayescholer.com [mailto:akress@kayescholer.com]
Sent: Thursday, July 21, 2005 11:13 AM
To: Devereaux, Scott
Cc: bberens@jonesday.com; David.hickerson@weil.com; dtrafelet@dcwis.com;
dwildes@stroock.com; d.relles@verizon.net; jsakalo@bilzin.com;
judy.liu@weil.com; kpasquale@stroock.com; lkruger@stroock.com;
mark.peterson56@verizon.net; ndf@capdale.com; ralph.miller@weil.com;
sbaena@bilzin.com; t.florence@arpc.com; wbs@capdale.com;
jparver@kayescholer.com; mlynn@kayescholer.com; eschwalb@kayescholer.com;
mveidemanis@kayescholer.com; t.florence@arpc.com; mark.peterson56@verizon.net;
d.relles@verizon.net; dtrafelet@dcwis.com
Subject: Re: USG Database
```

Scott:

The ACC and FR are available on Tuesday at 4:00 (eastern) for a conference
call to continue to discuss the database issues and to discuss the estimation
discovery plan.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following
communication, this message contains information which may be confidential and
privileged. Unless you are the addressee (or authorized to receive for the
addressee), you are hereby notified that any dissemination, distribution or
copying of this communication is strictly prohibited. If you have received the
message in error, please advise the send by reply e-mail and destroy any
copies, electronic, paper or otherwise, which you may have of this
communication.


                    "Devereaux,

                    Scott"                        To:
akress@kayescholer.com
                    <DEVEREAUXSD@cool             cc:
David.hickerson@weil.com; ralph.miller@weil.com;
                    ey.com>                       judy.liu@weil.com;
sbaena@bilzin.com; jsakalo@bilzin.com;
                                                  lkruger@stroock.com;
kpasquale@stroock.com;
                    07/19/2005 01:13              dwildes@stroock.com;
bberens@jonesday.com;
                    PM                            ndf@capdale.com;
wbs@capdale.com;

mark.peterson56@verizon.net; d.relles@verizon.net;
                                                  t.florence@arpc.com;
dtrafelet@dcwis.com
                                                  bcc:

Subject:  Re: USG Database

Andy -- thanks for the message.  As I mentioned on the call we want to make
sure every party gets the info regarding settlement history that they want.
I am not sure why we all need to be bound to using a single subset of that
info in this case.  I am willoing, however, to discuss it further.  I am
available generally next Mon and Tues for such a call.  If you and the other
parties can let me know your schedules for those days I will try to set
something up to discuss this issue and the discovery plan issue I wrote about
previously.

Scott
Scott D. Devereaux
Partner
Cooley Godward LLP ¨ Five Palo Alto Square 3000 El Camino Real ¨ Palo Alto, CA
94306-2155
Direct: 650-843-5152 ¨ Fax: 650-857-0663 ¨ Cell: 650-799-0927
Bio: www.cooley.com/devereauxsd ¨ Practice: www.cooley.com/litigation
----------------------------
Sent from my BlackBerry Wireless Handheld


-----Original Message-----
From: akress@kayescholer.com <akress@kayescholer.com>
To: Devereaux, Scott <DEVEREAUXSD@cooley.com>
CC: David.hickerson@weil.com <David.hickerson@weil.com>; ralph.miller@weil.com
<ralph.miller@weil.com>; judy.liu@weil.com <judy.liu@weil.com>;
sbaena@bilzin.com <sbaena@bilzin.com>; jsakalo@bilzin.com
<jsakalo@bilzin.com>; lkruger@stroock.com <lkruger@stroock.com>;
kpasquale@stroock.com <kpasquale@stroock.com>; dwildes@stroock.com
<dwildes@stroock.com>; Brad Erens <bberens@jonesday.com>; ndf@capdale.com
<ndf@capdale.com>; wbs@capdale.com <wbs@capdale.com>;
mark.peterson56@verizon.net <mark.peterson56@verizon.net>;
d.relles@verizon.net <d.relles@verizon.net>; t.florence@arpc.com
<t.florence@arpc.com>; dtrafelet@dcwis.com <dtrafelet@dcwis.com>
Sent: Mon Jul 18 13:35:02 2005
Subject: USG Database


Scott:

While we believe that Thursday's conference call was productive, it has become
clear that it is imperative for the parties participating in the estimation
process to have a common database to be used for all aspects of the estimation
procedure, including, but not limited to, analyses, expert reports and
desposition and trial testimony. In that regard, we would suggest the
following procedure which would be incorporated into a stipulation to be
signed by each constituency and approved by Judge Conti:

1.    All parties participating in the estimation process shall be provided
with:

      (a)  the October, 2001 and March, 2002 databases in the CCR standard
seven-file format together with an explanation from Navigant as to all changes
(including additions, deletions and changes in entries) from the October, 2001

database to the March, 2002 database and

    (b)  the current database in the CCR standard seven-file format together with an explanation from Navigant as to changes (including additions, deletions and changes in entries) from the March, 2002 database.

    For each set of changes, there will be provided to all parties identification of documents or other records (including in electronic form) supporting such changes or indicating the bases on which they were made. A party will be provided any such documents at the party's request.

2.    Once all parties have had a reasonable opportunity to compare the three databases and identity any concerns with respect to changes made since October, 2001, the respective experts for the parties shall meet with Navigant to discuss the specific changes which are the subject of concern by any party.

3.    The experts for all parties will in good faith seek to reach agreement about any changes made which are the subject of a concern by any party and agree on a common database to be used in the estimation process.

Our view is that, until the parties agree on a common database, providing this database information and the discussions regarding the databases will not prejudice any party's position on the proper database to use (and, of course. on the significance of any data they contain). In addition, and consistent with the discussion in the conference call, the FCR and ACC reserve entirely their position with respect to the dual role of Navigant and its constituent parts in working in connection with this matter for the CCR, for the debtors and for the commercial creditors' committee.

In order to move this process forward, we believe that a conference call should be scheduled as promptly as possible to discuss this proposal.

Andrew A. Kress, Esq.
Kaye Scholer LLP
425 Park Avenue
New York, New York 10022
Tel: 212-836-8781
Cell Phone:  516-603-5052
Fax 212-836-6728
email:  akress@kayescholer.com
www.kayescholer.com

Unless otherwise indicated or obvious from the nature of the following communication, this message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received the message in error, please advise the send by reply e-mail and destroy any copies, electronic, paper or otherwise, which you may have of this communication.
        *   *   *   *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

====================================================================

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

                    *     *     *     *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

===========================================================
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

                    *     *     *     *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

===========================================================
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.

                    *     *     *     *

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury Department regulations, we inform you that any U.S. federal tax advice contained in this correspondence (including any attachments) is not intended or written to be used, and cannot be used for the purpose of (i) avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

===========================================================
This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of

the original message.  If you are the intended recipient, please be advised
that the content of this message is subject to access, review and disclosure
by the sender's Email System Administrator.

# EXHIBIT G

# KAYE SCHOLER LLP

Jane W. Parver
212 836-8510
Fax 212 836-7153
jparver@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

September 15, 2005

Scott D. Devereaux, Esq.
Cooley Godward, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

Re:    **In re USG- Estimation Document Production**

Dear Scott:

I write with respect to what appears to be a continuing problem regarding the USG data base or databases.

As you know, the asbestos estimation consultant to the Futures Representative ("ARPC") was provided in 2002 by the Debtors with a database of USG claims, which database was as of March 2002. In connection with the mediation sessions in 2004, we brought to the Debtors' attention that, among other things, the database provided to ARPC was significantly different from the database provided by the Debtors to the asbestos estimation consultant for the ACC, which database was as of October 2001. At the conclusion of the June 13, 2005 hearing, we again reminded the Debtors of the database issues. You subsequently followed up, we sent you e-mails setting forth some of our concerns and ultimately on August 5, 2005, we requested that copies of the USG databases as of January 2002 and as of May 2002 "in standard CCR format" be provided.

On September 12, 2005, we received from you what purported to be USG claims data extracts as of January 31, 2002 and May 31, 2002, which we forwarded overnight to ARPC, in Washington, D.C. We have now been advised that the two databases are seriously deficient in that, unlike the as of March 2002 database, they do not contain any "unbundled" data, i.e., data concerning claims against USG in the 2001 period after the demise of CCR and prior to the Debtors' filing for bankruptcy. Obviously our consultants need complete databases, and I cannot understand why this significant data was omitted.

Finally, it appears that the Debtors' consultants have been provided with a database that is different from the databases provided to ARPC as well as that provided to the ACC's consultant. For example, your pending motion speaks of approximately 150,000 pending claims

~0424487.DOC

KAYE SCHOLER LLP

Scott D. Devereaux, Esq.                2                Sept. 15, 2005

whereas the databases provided to our respective consultants reflect much different numbers of pending claims.

We request that the Debtors provide us promptly with complete January 2002 and May 2002 databases in CCR format that contain all claims, both bundled and unbundled, and that the Debtors further provide us with a copy of the database that they have obtained for their experts to use in this proceeding.

Sincerely,

Jane W. Parver

JWP:cm

cc: USG Distribution List

~0424487.DOC

# EXHIBIT H

# Cooley Godward LLP

ATTORNEYS AT LAW

Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA
94306-2155
Main     650 843-5000
Fax      650 857-0663

www.cooley.com

SCOTT D. DEVEREAUX
(650) 843-5152
devereauxsd@cooley.com

Broomfield, CO
720 566-4000

Reston, VA
703 456-8000

San Diego, CA
858 550-6000

San Francisco, CA
415 693-2000

Washington, DC
202 842-7800

September 16, 2005

VIA EMAIL

Jane Parver
Kaye Scholer LLP
425 Park Avenue
New York, NY 10022-3598

Re:     In re USG -- Septmeber 15 letter

Dear Jane:

I am in receipt of your September 15 letter. I hate to repeat myself, but it appears necessary here -- Debtors do not control CCR, nor dictate what information CCR does or does not provide in the databases it prepares.

In 2002, Debtors provided to you and all parties in the case the databases it had received from CCR regarding U.S. Gypsum's settlement and claims histories. We provided those databases to all parties in the same configuration and detail as we received them. Indeed, contrary to the suggestion in your letters, U.S. Gypsum has no claims or settlement databases from CCR that have not been produced to the parties.

In June of this year, you raised some questions about those databases. I arranged to have a representative from CCR's data management consultant, Navigant, voluntarily participate in a telephone conference with all counsel to explain the databases and respond specifically to your questions. Following that call, you then asked me whether CCR and Navigant would prepare additional databases of U.S. Gypsum's claims and settlement history as of certain dates that you selected. I agreed to have the estate pay for such work and CCR voluntarily agreed to provide the data you requested. CCR provided me that data, I had it copied, and, on September 12, forwarded that data to all parties. This is the data about which you now complain. I do not know what your consultants "obviously need" or whether what Navigant voluntarily gave to you omits "significant data." Whether there was a failure of communication or Navigant produced less information than your requested, I cannot say. At this time, however, if there is additional information you would like Navigant to provide I will ask them if they are willing to do so. I cannot, however, force them to provide it and I do not expect that I can repeatedly ask them to provide information voluntarily as they have been willing to do so to date. For that reason, please provide me a clear and detailed request as to what you would like.

# Cooley Godward LLP

Jane Parver
September 16, 2005
Page Two


Finally, I intend to forward your letter requesting this information to CCR/Navigant directly so that there is no uncertainty as to what you would like. I suggest, therefore, that a constructive tone would be helpful.

Very truly yours,

Scott D. Devereaux

SDD:tal

cc:    USG Estimation Distribution List

711221 v1/PA

# EXHIBIT I

KAYE SCHOLER LLP

Jane W. Parver
212 836-8510
Fax 212 836-7153
jparver@kayescholer.com

425 Park Avenue
New York, New York 10022-3598
212 836-8000
Fax 212 836-8689
www.kayescholer.com

September 19, 2005

**VIA E-MAIL and REGULAR MAIL**
Scott D. Devereaux, Esq.
Cooley Godward, LLP
Five Palo Alto Square
3000 El Camino Real
Palo Alto, CA 94306-2155

Re:    **In re USG- Unresolved Database Issues**

Dear Scott:

I respond to your letter of September 16 with respect to USG database issues.

First, your letter states "In 2002, Debtors provided to you and all parties in the case the databases it had received from CCR regarding U.S. Gypsum's settlement and claims histories. We provided those databases to all parties in the same configuration and detail as we received them." Your statements are inaccurate at least with respect to the Futures Representative. In fact, the Debtors, via their vendor PACE, have provided the Futures Representative with solely one database -- it was provided in July 2002 and the database is "as of March 2002." We know from counsel for the ACC that the Debtors had earlier provided the ACC's claims estimation expert with a database that was "as of October 2001," and also provided them with the "as of March 2002" database.

Second, your letter also states "U.S. Gypsum has no claims or settlement databases from CCR that have not been produced to the parties." We do not know what other parties have been provided and it would certainly simplify matters and save litigation costs if you provided all parties promptly with a list of what databases were provided to who on what date, including what databases were provided to the Debtors. As my September 15 letter indicated, the "as of March 2002" database provided to us reflects a different number of present claims than the approximately 150,000 claims from which you ask the Court to have a sample drawn. Similarly, the "as of October 2001" database that the Debtors provided to the ACC reflects 143,000 open, pending claims.

We clearly disagree as to what the Debtors' obligations are in terms of providing their historical asbestos personal injury claims database(s) to the constituencies, especially in the

31149315.DOC

**KAYE SCHOLER** LLP

Scott D. Devereaux, Esq.                        2                        September 19, 2005

context of an estimation. Nor do we believe that the fact that the Debtors were a member of CCR changes their obligations. It is our understanding that the Debtors paid CCR as their agent to maintain their database through sometime towards the end of 2001 or early 2002, and the Debtors either directly or thru CCR (we would appreciate your providing the facts of the retention) then retained Navigant to continue to maintain the Debtors' database.

If necessary, Navigant can be deposed, but that is far more time-consuming and burdensome for Navigant and the parties and far more expensive than trying to resolve these database issues informally. You ask for a detailed statement of our request. I think we have been clear about what it is we need, but we have always believed that it is better to have the experts talk with one another to try to resolve these issues, rather than get the lawyers in the middle and run the risk of miscommunications. We therefore suggest that you provide all parties, as requested above, with the specific information concerning what databases were distributed when and to whom, including the Debtors and that you request Navigant to respond directly to our estimation consultants, so that they can get the information that they need, and so all of the parties can reach agreement on what database is the starting point for the estimation proceeding.

Sincerely,

Jane W. Parver

JWP:cm

cc: USG Distribution List

31149315.DOC