# EXHIBIT K

United States District Court
Southern District of Texas
FILED

AUG 2 4 2005

Michael N. Milby 1
Clerk of Court

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

CORPUS CHRISTI DIVISION


IN RE:                          )

                                )        CASE NO: MDL-03-1553

                                )

                                )      Corpus Christi, Texas

SILICA PRODUCTS                 )

LIABILITY LITIGATION      .     )      Monday, August 22, 2005

                                )      (9:15 a.m. to 11:17 a.m.)

                                )

                                )

                                )


STATUS CONFERENCE

BEFORE THE HONORABLE JANIS GRAHAM JACK,

UNITED STATES DISTRICT COURT JUDGE


Appearances:      (See next page)


Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

Exceptional Reporting Services, Inc.      361 949-2988

Page 2

APPEARANCES FOR:

Bacou-Dalloz:
VINCENT R ALMERICO, III, ESQ
Hopkins Barvie & Hopkins
2701 24th Avenue
P.O. Box 1510
Gulfport, MS 39502

Vallen Corp.:
WALTER C MORRISON, IV, ESQ
Sessums Dallas & Morrison, PLLC
2829 Lakeland Drive, Suite 1650
Jackson, MS 39232

Parmelee, U.S. Safety:
DAVID CRAIG LANDIN, ESQ
Hunton & Williams
951 East Byrd Street
Richmond, VA 23219

MSA:
KAREN K MASTON, ESQ
Connelly Baker Wotring et al.
700 Louisiana, Suite 1850
Houston, TX 77002

Lockheed Martin:
GREGORY L FOWLER, ESQ
Shook Hardy & Bacon
2555 Grand Blvd.
Kansas City, MO 64108

Cataphote, et al.:
W MARK EDWARDS, ESQ
Page Mannino Peresich, et al.
759 Vieux Marche' Mall
P.O. Drawer 289
Biloxi, MS 39533

J J Ferguson Sand & Gravel,
et al.:
JOE E BASENBERG, ESQ
Hand Arendall
3000 Amsouth Bank Bldg.
107 St. Francis St.
Mobile, AL 36602

Defendants' Steering
Committee:
CHERI D GREEN, ESQ
Brunini Grantham, et al.
P.O. Drawer 119
Jackson, MS 39205

**Page 3**

APPEARANCES FOR:   (Cont'd)

Textron, et al.:                    ROY T ATWOOD, ESQ
                                    KATHRYN GAMEROS, ESQ
                                    Jones Day
                                    2727 N. Harwood Street
                                    Dallas, TX 75201

Wedron Silica-Ohio:                L JOHN ARGENTO, ESQ
                                    Two PPG Place, Suite 400
                                    Pittsburg, PA 15222

U.S. Silica, et al.                MICHAEL J CARTEE, ESQ
                                    Cartee & Lloyd
                                    2210 8th Street, Suite B
                                    Tuscaloosa, AL 35401

Vulcan Materials Co.:              BRUCE WILLIAMS, ESQ
                                    Cotton Bledsoe Tighe & Dawson
                                    Post Office Box 2776
                                    Midland, TX 79702

Martin Marietta Materials:         VICTOR FRANCKIEWICZ, JR, ESQ
                                    Deutsch Kerrigan & Stiles
                                    2510 14th St., Suite 1001
                                    Gulfport, MS 39501

Humble Sand Co., et al.:           DAVID M SETTER, ESQ
                                    Socha Perczak Setter & Anderson
                                    Denver Financial Center Tower I
                                    1775 Sherman Street, Suite 1925
                                    Denver, CO 80203

Humble Sand Co., et al:            FRED KRUTZ, ESQ
                                    DANIEL J MULHOLLAND, ESQ
                                    BRIAN HANNULA, ESQ
                                    Forman Perry Watkins, et al.
                                    One Jackson Place
                                    188 East Capitol Street, #200
                                    Jackson, MS 39201

Liaison counsel for                DARRELL L BARGER, ESQ
Defendants:                        Hartline Dacus Barger Dreyer & Kern
                                    800 N. Shoreline
                                    Suite 2000-North Tower
                                    Corpus Christi, TX 78401

APPEARANCES FOR:   (Cont'd)

| | |
|---|---|
| 3M Company: | J WILLIAM MANUEL, ESQ<br>Bradley Arant<br>Suite 450, One Jackson Place<br>188 East Capitol Street<br>P.O. Box 1789<br>Jackson, MS 39215 |
| 3M Company: | J.A. "TONY" CANALES, ESQ<br>Canales & Minonson<br>2601 Morgan Avenue<br>P.O. Box 5624<br>Corpus Christi, TX 78465 |
| Robert Martin, et al.:<br>(Attorney-in-Charge) | SCOTT A HOOPER, ESQ<br>Scott Hooper & Associates<br>1414 West Clay<br>Houston, TX 77019 |
| Plaintiffs' Steering<br>Committee: | KATHRYN SNAPKA, ESQ<br>Snapka & Turman<br>P.O. Drawer 23017<br>Corpus Christi, TX 78403 |
| Certain Plaintiffs: | RICK LAMINACK, ESQ<br>BUFFY K MARTINES, ESQ<br>O'Quinn Laminack & Pirtle<br>440 Louisiana, Suite 2300<br>Houston, TX 77002 |
| Envirotech Corp.: | STEPHEN W MULLINS, ESQ<br>Law Offices of Alwyn H. Luckey<br>P.O. Box 724<br>Ocean Springs, MS 39564 |
| Plaintiffs' Steering<br>Committee: | GREGORY GOWAN, ESQ<br>Watts Law Firm<br>Tower II Bldg., 14th Floor<br>555 N. Carancahua St.<br>Corpus Christi, TX 78478 |
| Eugene Williams, et al.: | PATRICK McMURTRAY, ESQ<br>McMurtray & Armistad<br>P.O. Box 22508<br>Jackson, MS 39225 |

APPEARANCES FOR:   (Cont'd)

Elijah Jackson, et al.:          R. ALLEN SMITH, JR, ESQ
                                 JUSTIN G SANDERSON, ESQ
                                 McPherson Monk Hughes, et al.
                                 3120 Central Mall Drive
                                 Port Arthur, TX 77642

E.D. Bullard Co.:                ABEL MANJI, ESQ
                                 3618 Mt. Vernon
                                 Houston, TX 77006

Briggs-Weaver, Inc.:             GEORGE PLATO PAPPAS, ESQ
                                 Sheehy Serpe & Ware
                                 2500 Two Houston Center
                                 909 Fannin Street
                                 Houston, TX 77010

Liter's Quarry:                  JOSEPH P HUMMEL, ESQ
                                 Lynch Cox Gilman & Mahan
                                 500 West Jefferson Street
                                 Suite 2100
                                 Louisville, KY 40202

Akrochem Belleview               ANN E GEORGEHEAD, ESQ
Barbe:                           ROBERT Y GWIN, ESQ
                                 Frost Brown Todd
                                 400 W. Market St., 32nd Floor
                                 Louisville, KY 40202

Unimin Corp., et al.:            J.D. BASHLINE, ESQ
                                 McLeod Alexander Powel & Apffel
                                 Onyx Building, Suite 344
                                 17225 El Camino Real
                                 Houston, TX 77058

Porter Warner:                   JIM I GRAVES, ESQ
                                 Mehaffy & Weber
                                 One Allen Center
                                 500 Dallas, Suite 1200
                                 Houston, TX 77002

U.S. Silica Company:             STEVEN L RUSSELL, ESQ
                                 Beirne Maynard & Parsons
                                 1700 Pacific Avenue, Suite 4400
                                 Dallas, TX 75201

Page 6

APPEARANCES FOR:   (Cont'd)

Survivair, Inc.:                   HUBERT OXFORD, ESQ
                                   Benckenstein & Oxford
                                   Post Office Drawer 150
                                   Beaumont, TX 77704

Schramm:                           NANCY M BELL, ESQ
                                   Roberts Markel Guerry
                                   2500 City West Blvd., #1350
                                   Houston, TX 77042

Air Liquide et al.:                DENNIS R ALENIK, ESQ
                                   Alenik & Associates
                                   8584 Katy Frwy., Suite 421
                                   Houston, TX 77024

Pauli & Griffin:                   DAVID A BADERTCHER, ESQ
                                   Meyer Knight & Williams
                                   8100 Washington Ave., #1000
                                   Houston, TX 77007

Ideal Basic & Thorstenberg:        ENRIQUE M VARELA, ESQ
                                   Taylor & Warren
                                   4600 Three Allen Center
                                   333 Clay Street
                                   Houston, TX 77002

Certain Plaintiffs:                JOHN R FABRY, ESQ
                                   Williams Bailey
                                   8441 Gulf Freeway, Suite 600
                                   Houston, TX 77017

Sphinx Adsorbents:                 VICTOR T AVELLINO, ESQ
                                   7912 Bonhomme, Suite 400
                                   St. Louis, MO 63105

U.S. Attorney:                     KENNETH CUSICK, ESQ
                                   Assistant U.S. Attorney
                                   800 N. Shoreline, Suite 500
                                   Corpus Christi, Texas 78401

Page 7

ADDITIONAL APPEARANCES:


Also present:                        JASON CANSLER, ESQ

                                     GLENN DOUGLAS, ESQ

Court Recorder:                      Velma Gano

Transcribed By:                      Exceptional Reporting Services

                                     15213 Cartagena Ct.

                                     Corpus Christi, TX 78418

                                     361 949-2988

**Page 8**

1      Corpus Christi, Texas; Monday, August 22, 2005; 9:15 a.m.

2                          (Call to Order)

3            THE COURT:  Thank you.  You may be seated.

4            I apologize for the delay.

5            THE CLERK:  Court calls MDL 03-1553, In Re:  Silica

6      Litigation.

7            May I have appearances, please?

8            MS. SNAPKA:  Kathy Snapka, Plaintiff Liaison

9      Counsel.  Present, your Honor.

10           MR. BARGER:  Darrell Barger, Defense Liaison

11     Counsel.  Present, your Honor.

12           THE COURT:  Since you all have a copy of the agenda,

13     can you give me an update enough that there is a direct

14     communication with the Mississippi Supreme Court?  Does anybody

15     have any heads up on that at all?

16           MR. KRUTZ:  Good morning, your Honor.

17           THE COURT:  Good morning.

18           MR. KRUTZ:  The briefing was concluded on Friday, so

19     the petitions have all been briefed by all parties.  It's in the

20     hands of the court, and that's all we know.

21           THE COURT:  Okay.

22           MR. KRUTZ:  Just as a heads up, your Honor, I think

23     the cases on Exhibit A under your present orders are to be

24     remanded August 30th.

25           THE COURT:  Yes.

1      MR. KRUTZ:  If by the end of this week we have not

2  heard from the Mississippi Supreme Court, we will be filing a

3  Motion for an additional 30 days.

4      THE COURT:  Why thank you.

5      MR. HOOPER:  Your Honor, Scott Hooper here.

6      To advise the Court, we've advised the Mississippi

7  Supreme Court that they should not proceed because under Title

8  28, United States Code, Section 1446(d), as long as this Court

9  intends to exert jurisdiction over those cases, the State Court

10  is barred from acting in those cases.

11      So it's to further the ends that the Defendants are

12  seeking.

13      THE COURT:  Well, I don't know how they're going to

14  go with that after I've already said in my order I don't have

15  jurisdiction over them.  And that will clear the way for them to

16  do whatever they want to do in the interest of efficiency, but I

17  understand your argument.

18      MR. HOOPER:  Okay.  Under 1446(d), though, as long

19  as this Court holds -- hold onto cases --

20      THE COURT:  Save it for Mississippi.  Thanks.

21      MR. HOOPER:  Okay.

22      THE COURT:  I got it.  Thank you.

23      Next, the Motion to Remand and I think there are 12

24  -- well, I have 17 remaining cases.  I have gone ahead and

25  dismissed Nix -- let me make sure I've got it right, no, sorry

Page 10

1    -- Thirsty, Crowe, Greer, Large yesterday, so I have 17 left

2    that are not covered by the last MDL Order.

3                 Are the attorneys for Covey v. Union Pacific here?

4    I'm going to start backward.

5                 MR. FABRY:  Yes, your Honor.  John Fabry for the

6    Plaintiffs in that case.

7                 THE COURT:  And the Defendants?  Same Defendants?

8                 MR. AVELINO:  Your Honor, one additional Defendant

9    from the other MDL cases from St. Louis.  I am Victor Avelino,

10   and I'm for Defendants Sphinx Adsorbents, who are not a

11   defendant in any other matter.

12                THE COURT:  Thank you, sir.

13                Is there any contest about jurisdiction in that

14   case?

15                MR. AVELINO:  I'm thought there was not, but I would

16   defer to John Fabry for any contacts with other MDL counsel.

17                MR. FABRY:  No, your Honor.

18                THE COURT:  Okay.  Then at some point I'm going to

19   go through these that I have left and enter Scheduling Orders

20   for these cases that I still have.

21                Wilson versus 3M Company?

22                MR. MULLINS:  This is Steve Mullins on behalf of the

23   Plaintiffs.  I agree with opposing counsel.  He asked the Court

24   to pass our Motions to Remain in all of the cases.

25                THE COURT:  I'm sorry?  I'm not going to pass on

1  anything.  If you filed them, I'm going to talk about them.

2            I understand that -- you represent the plaintiff?

3            MR. MULLINS:  Yes.  Yes, ma'am.

4            THE COURT:  And the problem was that this case was

5  removed greater than a year after it was -- the first Defendant

6  was served; is that correct?

7            MR. MULLINS:  I believe that is correct.

8            THE COURT:  Does anybody contest that?

9      (No Audible Response)

10            Then if there are no objections, I'm going to remand

11  Wilson versus 3M.

12            Clay versus Pulmosan Safety Equipment Company.

13            MR. MANUEL:  Yes, your Honor.

14            THE COURT:  That has a Motion to Remand by 3M, which

15  I don't think you can do that, but --

16            MR. MANUEL:  We don't think you can.

17            THE COURT:  Well, I think I can take up jurisdiction

18  at any time, but I'm not sure that a Defendant can file a Motion

19  to Remand --

20            MR. MANUEL:  Well, your Honor --

21            THE COURT:  -- when the Defendants removed the case.

22            MR. MANUEL:  Will Manuel on behalf of 3M.  We filed

23  a Motion to Remand on several cases and it's actually come down

24  now to just a few cases because of either dismissals or --

25            THE COURT:  And Knight and Clay, I think, are the

1   ones left.

2        MR. MANUEL:  Knight and Clay are the two -- I think

3   that with regard to Thirsty, Greer, Moore, Large, and Crowe, I

4   understood your Honor to say this morning that you had dismissed

5   them.  I know that there's a --

6        THE COURT:  Oh, no, no, no, no.

7        MR. MANUEL:  Oh.

8        THE COURT:  I still have Thirsty, Greer, Large, and

9   Crowe.  I'm taking them up one at a time.

10        MR. MANUEL:  Okay.  We've got a similar motion --

11        THE COURT:  The rest of them have Motions to Remand

12   filed by the Plaintiffs.

13        MR. MANUEL:  Correct.  We've got a Motion to Remand

14   on with regard to Clay, Crowe, Large, Moore, Greer, and Thirsty.

15   We do note that we'd like to withdraw our Motion to Remand on

16   Knight because I've got an Order of Dismissal for 3M.

17        THE COURT:  Well, that would be good.

18        Do you want to hand me that?

19        MR. MANUEL:  Yes.

20        And we also have --

21        THE COURT:  And that's the only Motion to Remand

22   pending.

23        MR. MANUEL:  On those cases?

24        THE COURT:  On Knight.

25        MR. MANUEL:  On Knight, that's correct.

Page 13

1          THE COURT:  So if you can hand me up -- Ms. Gano,
2     would you hand me that?

3          THE COURT RECORDER:  Sure, your Honor.

4          (Pause)

5          THE COURT:  And that is unopposed?

6          MR. MANUEL:  Yes.  The motion -- I mean, the Agreed
7     Order of Dismissal is unopposed, as to 3M on Knight.

8          THE COURT:  Right.

9          MR. MANUEL:  We also had a Motion to Remand 3M,
10    specifically, on Cole.  We've also got an Agreed Order of
11    Dismissal for the entire Cole case, which would take care of
12    that Motion to Remand, if you --

13         THE COURT:  Okay.

14         MR. MANUEL:  Would you like me to hand that to your
15    Honor?

16         THE COURT:  Yes, please.  Is that entire case is
17    gone -- will be gone, then?

18         MR. MANUEL:  That entire case will be dismissed
19    without prejudice, your Honor.

20         So, your Honor, as far as 3M's Motion to Remand, we
21    ended up covering Thirsty, Greer, Moore, Large, Crowe --

22         THE COURT:  And Clay is left.

23         MR. MANUEL:  -- and Clay.

24         THE COURT:  All of them but Clay had Motions to
25    Remand by the Plaintiff.

Page 14

1          MR. MANUEL:  As well.

2          THE COURT:  Yes.

3          MR. MANUEL:  That is correct.  That is correct.

4     With regard to Clay, we would just reargue again --

5     if you'd like to hear my argument on the Motion to Remand on

6     Clay?

7          THE COURT:  Who is the Plaintiff's Attorney in Clay?

8          MR. SMITH:  I am, your Honor, Allen Smith.

9          THE COURT:  Did you intend to file -- I guess

10    procedurally it's too late for you to file a Motion to Remand.

11         MR. SMITH:  No, your Honor.  I didn't intend to file

12    a motion.

13         THE COURT:  Did 3M join in the removal?

14         MR. MANUEL:  Of Clay?  I'd have to check.  I'm not

15    sure if we did because that was one of the later removed cases

16    after we had already gotten here.  But --

17         MR. KRUTZ:  Your Honor, and we oppose -- the

18    Defendants that we represent oppose 3M's Motion to Remand.

19         THE COURT:  Did anyone -- well, who removed the

20    case?

21         MR. KRUTZ:  We did.

22         THE COURT:  You did?  Did 3M join you in the

23    removal?

24         MR. KRUTZ:  We'd have to check.

25         THE COURT:  Pardon?

1          MR. HANNULA:  We'd have to check, your Honor.  I

2     don't know.

3          THE COURT:  Well, this would be the time to check.

4          MR. MANUEL:  Your Honor, if we -- I can make my

5     argument very briefly whether we -- and your Honor can take it

6     under consideration with regard to whether we joined or we did

7     not join, but --

8          THE COURT:  Well, do you know whether you joined or

9     didn't join?

10         MR. MANUEL:  If we joined, we would have joined

11    within the 30 days because we're pretty good rule followers on

12    that issue.

13         THE COURT:  Well, then how do you get to file a

14    Motion to Remand, if you joined in the removal?

15         MR. MANUEL:  Well, your Honor, we would argue

16    that --

17         THE COURT:  Do you have any case law on this?

18         MR. MANUEL:  I don't have any case law on that

19    issue, but I can get some case law on that issue.

20         THE COURT:  You can?

21         MR. MANUEL:  Not today, but I can -- I'd be willing

22    to file a Supplemental Brief on that issue.

23         THE COURT:  Okay.

24         MR. MANUEL:  We filed our Motion to Remand --

25         THE COURT:  Go ahead.  Take a second.  Write it down

Page 16

1   and then --

2          MR. MANUEL:  Okay.  I am.  I'll just write it down

3   and remember it.

4          We filed our Motion to Remand on Clay, as well as we

5   did on the other cases on the exact same grounds and so in the

6   interest of making things quick --

7          THE COURT:  Go ahead.

8          MR. MANUEL:  -- I'd like to just go ahead and make

9   those arguments.

10          Clay is a single plaintiff case.  The Thirsty,

11   Greer, Moore, Large, and Crowe cases are multiple plaintiff

12   cases, but I've been informed that the Plaintiff's lawyers are

13   considering dismissing almost a 136 plaintiffs out of that --

14   those first five cases, the Thirsty, Greer, Moore, Large, and

15   Crowe, but that still leaves some plaintiffs that are either the

16   subject of a Motion to Substitute Counsel or may still be

17   retained with the original counsel.

18          What we're talking about here is the Court is well

19   aware of the jurisdictional inquiry that you made in Order 29,

20   which is 3M were the people that provided the Fact Sheets and

21   said that with regard to this Court's Orders 4 and Order 6 in

22   which the parties agreed that they would look at the Fact Sheets

23   as an attempt to figure out where they had factual claims -- the

24   Plaintiffs had factual claims against the Defendants, that is

25   where the analysis can be done and that the primary motivated

Page 17

1    purpose behind those orders was to clarify the particular

2    Defendants against who each Plaintiff asserts a claim.

3              And the Court clearly said that if those Fact Sheets

4    showed that one of those Plaintiffs had a claim against a non-

5    diverse Defendant, then that case ought to be remanded.  And we

6    went back and looked at those Fact Sheets with regards to these

7    later filed cases, we came down to first off, finding 64

8    Plaintiffs that either failed to file a Fact Sheet at all or

9    failed to complete a Fact Sheet.  They may have one, but it

10   wasn't completed.

11             And you know, your Honor, dealt with that in Order

12   29, in which you said, "Because we don't have any information,

13   then it's the Defendant's burden to show jurisdiction.  That the

14   assumption is that there is not jurisdiction in these type of

15   cases and the Defendants have the burden to show there is

16   jurisdiction.  That with regard to the Fact Sheets that are

17   either not filed or not completed, then we can't show that there

18   is a claim against those Defendants and so, therefore, those

19   cases should be remanded."

20             With regard to all the other Fact Sheets, we came

21   down to finding only one person out of those cases and that was

22   in the McManus case that appeared to have, based on the Fact

23   Sheet, diversity.  And that was a Wisconsin resident, who was

24   exposed -- allegedly exposed to Silica in Wisconsin.  And

25   probably that specific -- it's a guy named Mr. Winston.

Page 18

1    With regard to that Fact Sheet, still the Fact Sheet

2    didn't identify the specific Defendants against who he had

3    claims, so we say it should be remanded as well, but that's the

4    only person that we saw that could have an arguable basis for

5    diversity jurisdiction based on our review of the Fact Sheets

6    and that's one Plaintiff in McManus.  With regard to that one

7    Plaintiff, we would say that, you know, this Court has

8    recognized in certain other unique situations in which you've

9    got -- like the Kirkland case, in which you had one Plaintiff

10   who needed to go back to somewhere else where it would be more

11   convenient, the Court asked that it be remanded to the Northern

12   District of Georgia.  3M would ask that that Wisconsin case be

13   remanded to an appropriate forum in Wisconsin.

14       But that's the only one out of the remaining cases

15   in which we filed Motions to Remand that we found somebody that

16   arguably would have diversity.

17       Now the opposition has been filed for our Motion to

18   Remand from Mr. Krutz's clients.  He is going to -- he requested

19   that they do depositions, and use depositions in order to

20   establish jurisdiction.

21       THE COURT:  You just want to get them back to

22   Mississippi where you've already got a Summary Judgment against

23   them; am I correct?

24       MR. MANUEL:  Well, I don't know that -- we don't

25   have anything yet down there, but yeah, we believe that these

Exceptional Reporting Services, Inc.     361 949-2988

1    cases do belong back to Mississippi, and we believe that the

2    Fact Sheets, which this Court has recognized as an adequate way

3    to look at jurisdiction --

4         THE COURT:  Well, I suppose anybody can raise

5    jurisdiction at any time.  Either it's there or it isn't.

6         MR. MANUEL:  And I imagine that's what the case law

7    will say.

8         THE COURT:  And just because you joined in the

9    removals of all these, I guess doesn't bar you from later say,

10   "never mind."

11        MR. MANUEL:  Well, after we got Fact Sheets that

12   showed, you know, differences and more adequately explained --

13   I'm trying not to struggle with what I'm trying to say, but the

14   specific --

15        THE COURT:  I know it's a struggle.

16        (Laughter)

17        MR. MANUEL:  With more specific allegations against

18   those Defendants.  When you actually said, "You've got to" --

19   "It's time for you to actually show who you are suing," and they

20   did that, then we showed that it was not -- there was not

21   complete diversity.  And so that's why we raised the

22   jurisdictional motion at that time.

23        The problem with depositions, your Honor, you

24   addressed this in Order 29.  We had the same issue with those

25   other cases that came up.  There was a request to do depositions

1  on those cases and the Court specifically in your Order -- as a

2  matter of fact, in Pages 207 through 209, addressed those

3  Requests for Depositions. And in that you said that first off,

4  there's a problem with time and the fact that you've got

5  numerous depositions at that time. In this case -- I mean, here

6  it's a lesser amount of depositions, but you've still got,

7  according to Forman Perry's Opposition, still 536. Now I

8  understand that's before some of these latest dismissals, but

9  it's still going to take a long time to go through and do

10 depositions based on jurisdiction.

11        But more significant, the Court addressed two

12 problems with the deposition process that I think still apply to

13 these later removed cases. First of all, the Court went back to

14 point out that the Federal Court has to assume that there's no

15 jurisdiction, that the burden is on the Defendants. And by

16 placing this deposition process in place, you may be switching

17 the burden to the Plaintiffs to have to prove that there is no

18 jurisdiction and that that's not proper.

19        And finally, your order made the point that it's

20 still speculation that these depositions are even going to show

21 that these people are going to come forth and say they don't

22 have a claim against a non-diverse Defendant because we thought

23 that's what the Fact Sheets were for, was to show who they were

24 suing. And so we came in here and said, "Well, we ought to look

25 at the Fact Sheets." And if the Fact Sheets aren't accurate,

1   then it may be that the Fact Sheets aren't accurate, but your

2   Honor said in your order that the appropriate form for deciding

3   what to do about inaccurate Fact Sheets is a Court with

4   competent jurisdiction, which we would argue would be the courts

5   in Mississippi.  And we can definitely cross examine people and

6   bring Motions for Sanctions and do all that kind of stuff in

7   that court and there won't be any kind of question as to whether

8   those orders would be valid.

9           So that's why we don't believe that depositions are

10  appropriate relief to solve this jurisdictional problem.  We

11  think that the Court ought to do exactly what it did in Order

12  29, use the Fact Sheet analysis.  And in the cases that we've

13  laid out in our motions show that there is not diversity --

14          THE COURT:  Do you want me to be -- your argument is

15  going to be consistent even though I'm not competent?

16          MR. MANUEL:  Consistent?  We think that you're

17  competent in cases that are properly before you, but we just

18  don't -- but we would ask that you be consistent and that's --

19          THE COURT:  All right.  Thank you.

20          MR. MANUEL:  That's it.

21          THE COURT:  I may go ahead and do the depositions

22  quickly.  You've got -- the argument that Mr. Krutz's clients

23  have is that every time you noted -- 400 out of 900 or

24  something, you noticed depositions and 400 -- they dismissed 400

25  plaintiffs.

Page 22

1    MR. KRUTZ:  Well, we didn't notice 400 depositions,

2    but every deposition we noticed so far have been dismissed and

3    since we have made it known to the Plaintiff lawyers that we

4    were going to ask you to let us depose those people, they have

5    agreed to dismiss over half of the cases and have implied that

6    more dismissals may be coming.

7    So what we would like to do, your Honor -- first of

8    all, that's the first time in this two years we've been here

9    that I've heard any Defendant say in written paper or from the

10   podium that they think there's any accuracy in those Fact

11   Sheets.

12   MR. MANUEL:  Well, I'm not necessarily saying that.

13   MR. KRUTZ:  You know, so I think you noticed along

14   in Order 29 that it was understandable we were suspicious about

15   the accuracy of the Fact Sheets and I think you also said that

16   we were entitled to discovery to try to meet our burden of

17   proving subject matter jurisdiction and that we were here today

18   for the purpose of coming up with a procedure that would

19   expedite that procedure.

20   THE COURT:  For the cases I have left.

21   MR. KRUTZ:  Exhibit --

22   THE COURT:  Only for the ones that I've got left.

23   MR. KRUTZ:  Yeah, those are done and gone.

24   THE COURT:  Uh-huh.

25   MR. KRUTZ:  And so what we want to do, your Honor,

Page 23

1  is first, we're working with some as we have the last weeks on

2  the Plaintiff lawyers to get these cases dismissed, as many as

3  possible.  When that dust clears, we believe that we're going to

4  have a number of cases that we can easily do that we demand

5  related discovery on.

6          THE COURT:  Well, I'm going to need a time limit on

7  that.

8          MR. KRUTZ:  I figured you would.

9          THE COURT:  A day, two days?

10         MR. KRUTZ:  To do the depositions?

11         THE COURT:  Why don't you just do --

12         MR. KRUTZ:  We've got enough people here.

13         THE COURT:  Why don't you just do one big Notice of

14 Deposition and notice them all for a certain week and see what

15 happens.

16         MR. KRUTZ:  We'll do it.

17         THE COURT:  Wouldn't that save you time and money

18 and everybody else and either they show up or they don't, one

19 after another.  Do them in order.  Give them a list, and those

20 are to be produced in that order.

21         MR. KRUTZ:  We'll do that, your Honor.

22         Now as I understand it, one of the cases --

23         THE COURT:  30 days?

24         MR. KRUTZ:  I'm sorry.  Adams, one of the cases and

25 I've been talking to Mr. McMurtray.  One of the cases, Adams,

Exceptional Reporting Services, Inc.     361 949-2988

1   was over 400 of the Plaintiffs in it.  That as I understand it,

2   his Fact Sheets aren't even due until the end of this week, so

3   we don't even have the Fact Sheets yet.  I think that's correct,

4   in fact.

5          MR. MCMURTRAY:  Good morning.  Patrick McMurtray for

6   the Plaintiffs in this.

7          That is correct.  Plaintiff's Fact Sheets are not

8   yet due, although we have been filing them piecemeal.  And we

9   also just on Friday, I believe, provided Mr. Krutz's office at

10  least 26 of those plaintiffs who those cases can be dismissed

11  and so we're working with his office on that.

12         THE COURT:  So when you get them Friday, you can

13  notice depositions over the next couple of weeks.

14         MR. KRUTZ:  We will do that, your Honor.

15         MR. MANUEL:  Your Honor, my client will --

16         THE COURT:  Object -- strongly object.

17         MR. MANUEL:  That's right.  That's right.

18         THE COURT:  I'll put down that you --

19         MR. MANUEL:  We just believe that --

20         THE COURT:  -- that you fought.  They had to carry

21  you out kicking and screaming.

22         (Laughter)

23         MR. MANUEL:  That would be correct, your Honor.  We

24  just do believe that after the deposition process, we're going

25  to come back and we're going to come back and we're going to be