**EXHIBIT A**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | | |
|---|---|---|---|
| In re: | ) | Chapter 11 | *Re item 17*<br>*3/29/05* |
| | ) | | |
| W. R. GRACE & CO., *et al.*,[1] | ) | Case No. 01-1139 (JKF) | |
| | ) | (Jointly Administered) | |
| Debtors. | ) | | |

## CASE MANAGEMENT ORDER FOR THE ESTIMATION
## OF ASBESTOS PERSONAL INJURY LIABILITIES

WHEREAS, on April 2, 2001, each of the Debtors filed a voluntary petition for relief

under Chapter 11 of the Bankruptcy Code (collectively, the "Chapter 11 Cases"), which have

been consolidated for administrative purposes only; and

WHEREAS, on November 13, 2004, the Debtors filed their Motion for Entry of an Order

Seeking the Estimation of Asbestos Claims and Certain Related Relief (the "Estimation

Motion"); and

---

[1]    The Debtors consist of the following 62 entities: W. R. Grace & Co. (f/k/a Grace Specialty Chemicals, Inc.), W.R. Grace & Co.-Conn., A-1 Bit & Tool Co., Inc., Alewife Boston Ltd., Alewife Land Corporation, Amicon, Inc., CB Biomedical, Inc. (f/k/a Circe Biomedical, Inc.), CCHP, Inc., Coalgrace, Inc., Coalgrace II, Inc., Creative Food 'N Fun Company, Darex Puerto Rico, Inc., Del Taco Restaurants, Inc., Dewey and Almy, LLC (f/k/a Dewey and Almy Company), Ecarg, Inc., Five Alewife Boston Ltd., G C Limited Partners I, Inc. (f/k/a Grace Cocoa Limited Partners I, Inc.), G C Management, Inc. (f/k/a Grace Cocoa Management, Inc.), GEC Management Corporation, GN Holdings, Inc., GPC Thomasville Corp., Gloucester New Communities Company, Inc., Grace A-B Inc., Grace A-B II Inc., Grace Chemical Company of Cuba, Grace Culinary Systems, Inc., Grace Drilling Company, Grace Energy Corporation, Grace Environmental, Inc., Grace Europe, Inc., Grace H-G Inc., Grace H-G II Inc., Grace Hotel Services Corporation, Grace International Holdings, Inc. (f/k/a Dearborn International Holdings, Inc.), Grace Offshore Company, Grace PAR Corporation, Grace Petroleum Libya Incorporated, Grace Tarpon Investors, Inc., Grace Ventures Corp., Grace Washington, Inc., W. R. Grace Capital Corporation, W. R. Grace Land Corporation, Gracoal, Inc., Gracoal II, Inc., Guanica-Caribe Land Development Corporation, Hanover Square Corporation, Homco International, Inc., Kootenai Development Company, L B Realty, Inc., Litigation Management, Inc. (f/k/a GHSC Holding, Inc., Grace JVH, Inc., Asbestos Management, Inc.), Monolith Enterprises, Incorporated, Monroe Street, Inc., MRA Holdings Corp. (f/k/a Nestor-BNA Holdings Corporation), MRA Intermedco, Inc. (f/k/a Nestor-BNA, Inc.), MRA Staffing Systems, Inc. (f/k/a British Nursing Association, Inc.), Remedium Group, Inc. (f/k/a Environmental Liability Management, Inc., E&C Liquidating Corp., Emerson & Cuming, Inc.), Southern Oil, Resin & Fiberglass, Inc., Water Street Corporation, Axial Basin Ranch Company, CC Partners (f/k/a Cross Country Staffing), Hayden-Gulch West Coal Company, H-G Coal Company.

WHEREAS, a hearing on the Estimation Motion (the "Estimation Motion Hearing") was held on January 21, 2005; and

WHEREAS, at the Estimation Motion Hearing, the Court ordered the Asbestos Personal Injury Committee, the Futures Claimants Representative (the "FCR"), and the Debtors to negotiate a case management order to govern the estimation of Asbestos Personal Injury Claims (the "PI Estimation"); and

WHEREAS, the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and

WHEREAS, this matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and

WHEREAS, venue of this proceeding is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

IT IS HEREBY:

1.     ORDERED that the Asbestos Personal Injury Questionnaire (the "Questionnaire"), attached to this Order as *Exhibit A*, is approved; and it is further

2.     ORDERED that all holders of Asbestos PI Pre-Petition Litigation Claims are required to complete and serve the Questionnaire; and it is further

3.     ORDERED that the following schedule shall govern the deadlines with respect to the Questionnaire:

> A.     The Debtors shall serve the Questionnaire on counsel of record for all holders of asbestos personal injury claims for which litigation was commenced prior to the Petition Date (the "Asbestos PI Pre-Petition Litigation Claims") (or the holders themselves where not represented by counsel and the holder's identity and address are known) via direct U.S.

2

mail on or before September 12, 2005 (fourteen calendar days after entry of this Order);[2]

B.     The Debtors shall mail the Questionnaire to the Office of the United States Trustee, counsel to the official committees appointed in these Chapter 11 Cases, and counsel to the FCR on or before September 12, 2005 (fourteen calendar days after entry of this Order);

C.     Persons who believe that they hold, or attorneys who believe they represent persons who hold, Asbestos PI Pre-Petition Litigation Claims against any of the Debtors shall complete and serve the Questionnaire on or before 5:00 p.m. (Eastern Standard Time) on January 12, 2006; Questionnaires that are postmarked as mailed on or before January 12, 2006, but are actually received thereafter, will be considered timely served;

D.     The Debtors' claims processing agent shall compile the Questionnaire information into a navigable database and make it available to the Debtors and any parties in the estimation proceedings, including those parties' experts and advisors, on or before March 13, 2006;[3] and it is further

4.     ORDERED that the Debtors, the official committees, and the FCR will use their best efforts, consistent with their duties, to include in any trust distribution procedures approved as part of a plan of reorganization provisions prioritizing the processing of claims for which Questionnaires have been timely returned as completely and accurately as possible; and it is further

5.     ORDERED that all parties seeking to call one or more experts to testify shall designate the categories to be addressed by such experts on or before November 14, 2005. The categories of experts may be supplemented on or before November 28, 2005; and it is further

6.     ORDERED that all parties seeking to call one or more experts to testify shall designate such expert(s) on or before December 19, 2005. Subsequent to December 19, 2005, a

---

[2]   If any date provided in this Order conflicts with the parenthetical description of the number of days, the date listed shall control over the number of days listed in such parenthetical.

[3]   Upon request, any of the parties shall have access to the original Questionnaires and documents attached thereto.

3

party, for good cause shown, may substitute and/or add one or more experts not previously designated on or before December 19, 2005; and it is further

7.    ORDERED that not later than December 22, 2005, all parties shall each exchange preliminary designations of the non-expert witnesses each intends to call at the Asbestos PI Estimation Hearing. Subsequent to December 22, 2005, a party, for good cause shown, may substitute and/or add one or more non-expert witnesses not previously designated on or before December 22, 2005; and it is further

8.    ORDERED that all parties seeking to call one or more experts to testify as to matters other than the number, amount, and value of present and future asbestos claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert on or before February 16, 2006. Such expert reports may be supplemented or rebutted on or before April 13, 2006; and it is further

9.    ORDERED that all parties seeking to call one or more experts to testify as to an estimated value of the Debtors' Asbestos Personal Injury Claims shall produce and serve a report in compliance with Federal Rule of Civil Procedure 26(a)(2) from each expert on or before April 13, 2006. Such expert reports may be supplemented or rebutted on or before June 12, 2006; and it is further

10.    ORDERED that a preliminary pre-trial conference on the Asbestos PI Estimation shall be held at the first omnibus hearing after June 30, 2006, at which time the Court may set a final pre-trial conference date in August 2006 and a trial date in September 2006 (the "Asbestos PI Estimation Hearing") for the Asbestos PI Estimation; and it is further

11.    ORDERED that all written fact discovery may commence at any time but must be concluded by July 28, 2006; and it is further

4

*New ¶* [Ordered, that the Debtors' experts shall be deposed first, followed by experts of other parties, to be followed by supplemental depositions.]

12.    ORDERED that depositions of expert and non-expert witnesses may commence at any time, but must be concluded by July 28, 2006; and it is further

13.    ORDERED that, pursuant to Rules 26(a)(3)(A) and 26(a)(3)(B) of the Federal Rules of Civil Procedure, parties shall file a final fact witness/expert list on or before July 28, 2006; and it is further

14.    ORDERED that any pre-trial motions, including *motions in limine, Daubert,* and summary judgment motions, shall be filed not later than August 1, 2006. Responses to such motions shall be filed not later than 21 days after the filing of any such motion. ~~Replies shall be filed not later than 7 days after the filing of the response to the motion.~~ *Replies shall be limited to 5 pages.* A hearing on such motions will be at the Court's direction; and it is further

15.    ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 16.4(d) of the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware (the "Local Rules") and Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, parties shall file with the Court: (i) a proposed pre-trial order, signed by counsel for each party participating in the PI Estimation; (ii) copies of all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and (iii) stipulations regarding admissibility of exhibits; and it is further

16.    ORDERED that on or before 21 calendar days prior to the final pre-trial conference, pursuant to Rule 26(a)(3)(C) of the Federal Rules of Civil Procedure, parties shall exchange copies of (or, when appropriate, make available for inspection) all exhibits to be offered and all schedules and summaries to be used at the Asbestos PI Estimation Hearing; and it is further

5

17.    ORDERED that any trial briefs shall be filed on or before 21 calendar days prior to the Asbestos PI Estimation Hearing and that no responses thereto shall be allowed; and it is further

18.    ORDERED that notwithstanding anything in this Order, the deadlines specified herein may be extended by consent of the parties or by the Court upon motion of any party participating in the PI Estimation, after notice (which may be shortened and limited by the Court as it deems appropriate) and hearing; and it is further

19.    ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Dated: August __29__, 2005

                                   _JK Fitzgerald_
                                   The Honorable Judith K. Fitzgerald
                                   United States Bankruptcy Judge

6

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In re:                          )    Chapter 11
                                )
W. R. GRACE & CO., et al.,      )    Case No. 01-01139 (JKF)
                                )    Jointly Administered
                    Debtors.    )
                                )
                                )

*The questionnaire is being used as a means by W.R. Grace to seek information about your asbestos claim.*

# W. R. Grace
# Asbestos Personal Injury
# Questionnaire

YOU HAVE RECEIVED THIS QUESTIONNAIRE BECAUSE GRACE BELIEVES THAT YOU HAD SUED ONE OR MORE OF THE DEBTORS LISTED IN APPENDIX A ATTACHED TO THIS QUESTIONNAIRE BEFORE GRACE FILED FOR BANKRUPTCY ON APRIL 2, 2001 FOR AN ASBESTOS-RELATED PERSONAL INJURY OR WRONGFUL DEATH CLAIM, AND THAT CLAIM WAS NOT FULLY RESOLVED.

IF YOU HAVE SUCH A CLAIM, YOU MUST COMPLETE AND SUBMIT THIS QUESTIONNAIRE BY JANUARY 12, 2006 TO RUST CONSULTING, INC., THE CLAIMS PROCESSING AGENT, AT ONE OF THE FOLLOWING ADDRESSES:

IF SENT BY U.S. MAIL

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W.R. GRACE & CO. BANKRUPTCY
P.O. BOX 1620
FARIBAULT, MN 55021

IF SENT BY FEDERAL EXPRESS, UNITED PARCEL SERVICE, OR A SIMILAR HAND DELIVERY SERVICE

RUST CONSULTING, INC.
CLAIMS PROCESSING AGENT
RE: W.R. GRACE & CO. BANKRUPTCY
201 S. LYNDALE AVE.
FARIBAULT, MN 55021

A QUESTIONNAIRE (AND ANY AMENDMENTS OR ADDITIONAL DOCUMENTS IN SUPPORT OF THE QUESTIONNAIRE) WILL NOT BE CONSIDERED UNLESS RECEIVED BY RUST CONSULTING, INC. BY JANUARY 12, 2006.

THIS QUESTIONNAIRE IS AN OFFICIAL DOCUMENT APPROVED BY THE COURT IN CONNECTION WITH ESTIMATING GRACE'S ASBESTOS-RELATED PERSONAL INJURY AND WRONGFUL DEATH CLAIMS AS A WHOLE. BY TIMELY RETURNING THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE, GRACE, THE OFFICIAL COMMITTEES, AND THE FUTURE CLAIMANTS REPRESENTATIVE WILL SEEK TO PRIORITIZE THE PROCESSING OF YOUR CLAIM UNDER ANY TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION.

THE COURT HAS ORDERED THAT, AS PART OF THE DISCOVERY PROCESS, ALL HOLDERS OF PRE-PETITION ASBESTOS PERSONAL INJURY CLAIMS MUST COMPLETE AND RETURN THIS QUESTIONNAIRE. THUS, FAILURE TO TIMELY RETURN THE QUESTIONNAIRE AS COMPLETELY AND ACCURATELY AS POSSIBLE MAY RESULT IN SANCTIONS AND/OR OTHER RELIEF AVAILABLE UNDER APPLICABLE FEDERAL RULES.

BECAUSE YOUR CLAIM WILL BE EVALUATED IN ACCORDANCE WITH THE TRUST DISTRIBUTION PROCEDURES APPROVED AS PART OF A PLAN OF REORGANIZATION, COMPLETION OF THIS QUESTIONNAIRE DOES NOT MEAN THAT YOUR CLAIM WILL EITHER BE ALLOWED OR PAID. TO THE EXTENT YOU ATTACH TO THIS QUESTIONNAIRE DOCUMENTS ALSO NEEDED BY THE TRUST TO PROCESS YOUR CLAIM, SUCH DOCUMENTS WILL BE PROVIDED TO THE TRUST AND YOU WILL NOT NEED TO RESUBMIT THEM.

## INSTRUCTIONS

### A. GENERAL

1.   This Questionnaire refers to any lawsuit that you filed before April 2, 2001 for an "asbestos-related personal injury or wrongful death claim." This term is intended to cover any lawsuit alleging any claim for personal injuries or damages that relates to: (a) exposure to any products or materials containing asbestos that were manufactured, sold, supplied, produced, specified, selected, distributed or in any way marketed by one or more of the Debtors (or any of their respective past or present affiliates, or any of the predecessors of any of the Debtors or any of their respective past or present affiliates), or (b) exposure to vermiculite mined, milled or processed by the Debtors (or any of their respective past or present affiliates, any of the predecessors of any of the Debtors or any of their predecessors' respective past or present affiliates). It includes claims in the nature of or sounding in tort, or under contract, warranty, guarantee, contribution, joint and several liability, subrogation, reimbursement, or indemnity, or any other theory of law or equity, or admiralty for, relating to, or arising out of, resulting from, or attributable to, directly or indirectly, death, bodily injury, sickness, disease, or other personal injuries or other damages caused, or allegedly caused, directly or indirectly, and arising or allegedly arising, directly or indirectly, from acts or omissions of one or more of the Debtors. It includes all such claims, debts, obligations or liabilities for compensatory damages such as loss of consortium, personal or bodily injury (whether physical, emotional or otherwise), wrongful death, survivorship, proximate, consequential, general, special, and punitive damages.

2.   Your Questionnaire will be deemed filed only when it has been received by Rust Consulting Inc., the Claims Processing Agent, via U.S. Mail, Federal Express, United Parcel Service or a similar hand delivery service. A Questionnaire that is submitted by facsimile, telecopy or other electronic transmission will not be accepted and will not be deemed filed.

Do not send any Questionnaire to the Debtors, counsel for the Debtors, the Future Claimants Representative, the Official Committee of Unsecured Creditors, the Official Committee of Asbestos Personal Injury Claimants, the Official Committee of Asbestos Property Damage Claimants, the Official Committee of Equity Security Holders, or such Committees' counsel. Questionnaires that are filed with or sent to anyone other than Rust Consulting, Inc. will be deemed not to have been submitted, and such Questionnaires will not be considered.

3.   Your completed Questionnaire must (i) be written in English, and (ii) attach relevant supporting materials as instructed further below.

4.   All holders of claims described on page i (and as described in further detail in Instruction A (1) above) are required to file this Questionnaire by Jan. 12, 2006. Your Questionnaire will be used in connection with the estimation hearing to be conducted by the Court pursuant to the Estimation Procedures Order (a copy of which is attached as Appendix B).

5.   Any subsequent amendment to the Questionnaire will not be considered for any purpose unless received by Jan. 12, 2006.

### B. PART I -- Identity of Injured Person and Legal Counsel

Respond to all applicable questions. If you are represented by a lawyer, then in Part I (b), please provide your lawyer's name and the name, telephone number and address of his/her firm. If you are represented by a lawyer, he/she must assist in the completion of this Questionnaire. Also, if you would prefer that the Debtors send any additional materials only to your lawyer, instead of sending such materials to you, then check the box indicating this in Part I (b).

All references to "you" or the like in Parts I through X shall mean the injured person. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete this Questionnaire.

### C. PART II -- Asbestos-Related Condition(s)

Please indicate all asbestos-related medical conditions for which you have been diagnosed. To complete questions related to injuries, medical diagnoses, and/or conditions, please use the following categories of customarily diagnosed conditions:

- Mesothelioma
- Asbestos-Related Lung Cancer
- Other Cancer (colon, laryngeal, esophageal, pharyngeal, or stomach)
- Clinically Severe Asbestosis
- Asbestosis
- Other Asbestos Disease

If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix C to this Questionnaire.

Supporting Documents for Diagnosis: This Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that support or conflict with your diagnosis.

X-rays and B-reads: Please attach all x-ray readings and reports. You may, but are not required to, attach chest x-rays. The court, however, has ruled that Grace may seek access to chest x-rays upon request.

Pulmonary Function Tests: Please attach all pulmonary function test results, including the actual raw data and all spirometric tracings, on which the results are based.

**D. PART III -- Direct Exposure to Grace Asbestos-Containing Products**

In Part III, please provide the requested information for the job and site at which you were exposed to Grace asbestos-containing products. Indicate the dates of exposure to each Grace asbestos-containing product. If your exposure was a result of your employment, use the list of occupation and industry codes below to indicate your occupation and the industry in which you worked at each site. If you allege exposure to Grace asbestos-containing products at multiple sites, the Court has ordered that you must complete a separate Part III for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

Attach copies of any and all documents establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the disease.

## Occupation Codes

01. Air conditioning and heating installer/maintenance
02. Asbestos miner
03. Asbestos plant worker/asbestos manufacturing worker
04. Asbestos removal/abatement
05. Asbestos sprayer/spray gun mechanic
06. Assembly line/factory/plant worker
07. Auto mechanic/bodywork/brake repairman
08. Boilermaker
09. Boiler repairman
10. Boiler worker/cleaner/inspector/engineer/installer
11. Building maintenance/building superintendent
12. Brake manufacturer/installer
13. Brick mason/layer/hod carrier
14. Burner operator
15. Carpenter/woodworker/cabinetmaker
16. Chipper
17. Clerical/office worker
18. Construction - general
19. Custodian/janitor in office/residential building
20. Custodian/janitor in plant/manufacturing facility
21. Electrician/inspector/worker
22. Engineer
23. Firefighter
24. Fireman
25. Flooring installer/tile installer/tile mechanic
26. Foundry worker
27. Furnace worker/repairman/installer
28. Glass worker
29. Heavy equipment operator (includes truck, forklift, & crane)
30. Insulator
31. Iron worker
32. Joiner
33. Laborer
34. Longshoreman
35. Machinist/machine operator
36. Millwright/mill worker
37. Mixer/bagger
38. Non-asbestos miner
39. Non-occupational/residential
40. Painter
41. Pipefitter
42. Plasterer
43. Plumber - install/repair
44. Power plant operator
45. Professional (e.g., accountant, architect, physician)
46. Railroad worker/carman/brakeman/machinist/conductor
47. Refinery worker
48. Remover/installer of gaskets
49. Rigger/stevedore/seaman
50. Rubber/tire worker
51. Sandblaster
52. Sheet metal worker/sheet metal mechanic
53. Shipfitter/shipwright/ship builder
54. Shipyard worker (md. repair, maintenance)
55. Steamfitter
56. Steelworker
57. Warehouse worker
58. Welder/blacksmith
59. Other

## Industry Codes

001. Asbestos abatement/removal
002. Aerospace/aviation
100. Asbestos mining
101. Automotive
102. Chemical
103. Construction trades
104. Iron/steel
105. Longshore
106. Maritime
107. Military (other than U.S. Navy)
108. Non-asbestos products manufacturing
109. Petrochemical
110. Railroad
111. Shipyard-construction/repair
112. Textile
113. Tire/rubber
114. U.S. Navy
115. Utilities
116. Grace asbestos manufacture or milling
117. Non-Grace asbestos manufacture or milling
118. Other

**E. PART IV – Indirect Exposure to Grace Asbestos-Containing Products**

In Part IV, please provide the information requested for any injury alleged to have been caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person. If you allege exposure through contact/proximity with multiple injured persons, please complete a separate Part IV for each injured person. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.

**F. PART V – Exposure to Non-Grace Asbestos-Containing Products**

In Part V, please provide the requested information for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate Part V for each party. If exposure was in connection with your employment, use the list of occupation and industry codes in Part III to indicate your occupation and the industry in which you worked. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

**G. PART VI – Employment History**

In Part VI, please provide the information requested for each industrial job you have held, other than jobs already listed in Parts III or V. Use the list of occupation and industry codes in the instructions to Part III to indicate your occupation and the industry in which you worked for each job. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

**H. PART VII – Litigation and Claims Regarding Asbestos and/or Silica**

In Part VII, please describe any lawsuits and/or claims that were filed by you or on your behalf regarding asbestos or silica.

**I. PART VIII – Claims by Dependents or Related Persons**

Part VIII is to be completed only by dependents or related persons (such as spouse or child) of an injured person who sued the Debtors before April 2, 2001 for an asbestos-related personal injury or wrongful death claim against Grace not involving physical injury to him-/herself on account of his/her own exposure. One example of such a claim would be a claim for loss of consortium. If you are asserting such a claim, complete the entire Questionnaire, providing all information and documentation regarding the injured person.

**J. PART IX – Supporting Documentation**

In Part IX, please mark the boxes next to each type of document that you are submitting with this Questionnaire. As indicated in the instructions to Parts II and III, this Questionnaire must be accompanied by copies, with access to originals upon request, of any and all documents you, your counsel, or your doctors have or subsequently obtain that (a) support or conflict with your diagnosis and/or (b) establish exposure to Grace asbestos-containing products as having a substantial causal role in the development of the medical diagnoses, and/or conditions claimed. Original documents provided to Grace will be returned within a reasonable time after its professionals and experts have reviewed the documents.

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such cost.

**K. PART X – Attestation that Information is True, Accurate and Complete**

By signing Part X, you, the injured person, are attesting and swearing, under penalty of perjury, that, to the best of your knowledge, all of the information in this Questionnaire is true, accurate and complete. If the injured person is deceased, then the executor of the person's will (or similar estate representative) must complete and sign Part X on behalf of the injured person.

The legal representative of the injured person must complete and sign Part X where indicated.

## PART I: IDENTITY OF INJURED PERSON AND LEGAL COUNSEL

### a. GENERAL INFORMATION

1. Name of Claimant: _____    2. Gender: ☐ Male ☐ Female

3. Race (for purposes of evaluating Pulmonary Function Test results): ☐ White/Caucasian ☐ African American ☐ Other

4. Last Four Digits of Social Security Number: _____    5. Birth Date: _____

6. Mailing Address: _____
                              Address                          City          State/Province      Zip/Postal Code

7. Daytime Telephone Number: _____

### b. LAWYER'S NAME AND FIRM

1. Name of Lawyer: _____

2. Name of Law Firm With Which Lawyer is Affiliated: _____

3. Mailing Address of Firm: _____
                                    Address                          City          State/Province      Zip/Postal Code

4. Law Firm's Telephone Number or Lawyer's Direct Line: _____

   ☐ Check this box if you would like the Debtors to send subsequent material relating to your claim to your lawyer, in lieu of
     sending such materials to you.

### c. CAUSE OF DEATH (IF APPLICABLE)

1. Is the injured person living or deceased? ☐ Living    ☐ Deceased    If deceased, date of death: _____

2. If the injured person is deceased, then attach a copy of the death certification to this Questionnaire and complete the following:

   Primary Cause of Death (as stated in the Death Certificate): _____

   Contributing Cause of Death (as stated in the Death Certificate): _____

## PART II: ASBESTOS-RELATED CONDITION(S)

Mark the box next to the conditions with which you have been diagnosed and provide all information required in the instructions to this
Questionnaire. If you have been diagnosed with multiple conditions and/or if you received diagnoses and diagnostic tests relating to the same
condition by multiple doctors, please complete a separate Part II for each initial diagnosis and any previous or subsequent diagnoses or
diagnostic tests that change or conflict with the initial diagnosis. For your convenience, additional copies of Part II are attached as Appendix
C to this Questionnaire.

1. Please check the box next to the condition being alleged:

   ☐ Asbestos-Related Lung Cancer          ☐ Mesothelioma
   ☐ Asbestosis                            ☐ Other Cancer (cancer not related to lung cancer or mesothelioma)
   ☐ Other Asbestos Disease                ☐ Clinically Severe Asbestosis

   a. Mesothelioma: If alleging Mesothelioma, were you diagnosed with malignant mesothelioma based on the following (check all that
      apply):

      ☐   diagnosis from a pathologist certified by the American Board of Pathology

      ☐   diagnosis from a second pathologist certified by the American Board of Pathology

      ☐   diagnosis and documentation supporting exposure to Grace asbestos-containing products having a substantial causal role in
          the development of the condition

      ☐   Other _____
              (please specify)

1

b. **Asbestos-Related Lung Cancer:** If alleging Asbestos-Related Lung Cancer, were you diagnosed with primary lung cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestos-related nonmalignant disease based on a chest x-ray reading of at least 1/0 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ diffuse pleural thickening as defined in the International Labour Organization's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the lung cancer

☐ other~~_____~~ (please specify)

c. **Other Cancer:**

(i) If alleging Other Cancer, please mark the box(es) next to the applicable primary cancer(s) being alleged:

☐ colon ☐ pharyngeal ☐ esophageal ☐ laryngeal ☐ stomach cancer ☐ other, please specify _____

(ii) Were you diagnosed with the above-indicated cancer based on the following (check all that apply):

☐ findings by a pathologist certified by the American Board of Pathology

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis based on a chest x-ray reading of at least 1/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ evidence of asbestosis determined by pathology

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the cancer (please specify)

☐ other~~_____~~

d. **Clinically Severe Asbestosis:** If alleging Clinically Severe Asbestosis, was your diagnosis based on the following (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a B-reader certified by the National Institute for Occupational Safety and Health

☐ a chest x-ray reading of at least 2/1 on the ILO grade scale (a) conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* and (b) by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies,* demonstrating total lung capacity less than 65% predicted

2

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating forced vital capacity less than 65% predicted and a FEV1/FVC ratio greater than or equal to 65% predicted

*(please specify)* ☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other

e. **Asbestosis:** If alleging Asbestosis, was your diagnosis based on the following (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ asbestosis determined by pathology

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

*(please specify)* ☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the asbestosis

☐ other

f. **Other Asbestos Disease:** If alleging any asbestos-related injuries, medical diagnoses, and/or conditions other than those above, was your diagnosis based on the following (check all that apply):

☐ diagnosis of a pulmonologist or internist certified by the American Board of Internal Medicine

☐ diagnosis determined by pathology

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading conducted in compliance with the standards set forth in the International Labour Organization's *2000 International Classification of Radiographs of Pneumoconioses* by a <u>second</u> B-reader certified by the National Institute for Occupational Safety and Health, with one of the following: (i) at least 1/0 on the ILO grade scale, or (ii) diffuse pleural thickening as defined in the ILO's *Guidelines for the Use of the ILO International Classification of Radiographs and Pneumoconioses* (2000)

☐ a chest x-ray reading other than those described above

☐ a pulmonary function test, conducted in accordance with the standards set forth in the American Thoracic Society's *Lung Function Testing; Selection of Reference Values and Interpretive Strategies*, demonstrating a FEV1/FVC ratio greater than or equal to 65% predicted with either (a) total lung capacity less than 80% predicted or (b) forced vital capacity less than 80% predicted

☐ a pulmonary function test other than that discussed above

☐ a supporting medical diagnosis and supporting documentation establishing that exposure to Grace asbestos-containing products had a substantial causal role in the development of the condition

☐ a CT Scan or similar testing

☐ a diagnosis other than those above

☐ other (please specify): _____

3

**2. Information Regarding Diagnosis**

Date of Diagnosis: _____

Diagnosing Doctor's Name: _____    Diagnosing Doctor's Specialty: _____

Diagnosing Doctor's Mailing Address: _____

              Address          City     State/Province    Zip/Postal Code

Diagnosing Doctor's Daytime Telephone Number: _____

With respect to your relationship to the diagnosing doctor, check all applicable boxes:

    Was the diagnosing doctor your personal physician? ☐ Yes ☐ No

    Was the diagnosing doctor paid for the diagnostic services that he/she performed? ☐ Yes ☐ No

      *If yes, please indicate who paid for the services performed:* _____

    Did you retain counsel in order to receive any of the services performed by the diagnosing doctor? ☐ Yes ☐ No

    Was the diagnosing doctor referred to you by counsel? ☐ Yes ☐ No

    Are you aware of any relationship between the diagnosing doctor and your legal counsel? ☐ Yes ☐ No

      *If yes, please explain:* _____

Was the diagnosing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the diagnosis? ☐ Yes ☐ No

Was the diagnosing doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ☐ Yes ☐ No

Was the diagnosing doctor provided with your complete occupational, medical and smoking history prior to diagnosis? ☐ Yes ☐ No

Did the diagnosing doctor perform a physical examination? ☐ Yes ☐ No

Do you currently use tobacco products? ☐ Yes ☐ No    Have you ever used tobacco products? ☐ Yes ☐ No

*If answer to either question is yes, please indicate whether you have regularly used any of the following tobacco products and the dates and frequency with which such products were used:*

☐ Cigarettes    Packs Per Day (half pack = .5) _____    Start Year _____ End Year _____

☐ Cigars    Cigars Per Day _____    Start Year _____ End Year _____

☐ If Other Tobacco Products, please specify (e.g., chewing tobacco): _____    Amount Per Day _____    Start Year _____ End Year _____

Have you ever been diagnosed with chronic obstructive pulmonary disease ("COPD")? ☐ Yes ☐ No

*If yes, please attach all documents regarding such diagnosis and explain the nature of the diagnosis:* _____

**3. Information Regarding Chest X-Ray**

Please check the box next to the applicable location where your chest x-ray was taken (check one):

    ☐ Mobile laboratory ☐ Job site ☐ Union Hall ☐ Doctor office ☐ Hospital ☐ Other: _____

Address where chest x-ray taken: _____

**4. Information Regarding Chest X-Ray Reading**

Date of Reading: _____    ILO score: _____

Name of Reader: _____    Reader's Daytime Telephone Number: _____

Render's Mailing Address: _____

             Address          City     State/Province    Zip/Postal Code

With respect to your relationship to the reader, check all applicable boxes:

    Was the reader paid for the services that he/she performed? ☐ Yes ☐ No

      *If yes, please indicate who paid for the services performed:* _____

4

Did you retain counsel in order to receive any of the services performed by the reader? ☐ Yes ☐ No

Was the reader referred to you by counsel? ☐ Yes ☐ No

Are you aware of any relationship between the reader and your legal counsel? ☐ Yes ☐ No

*If yes, please explain:* _____

Was the reader certified by the National Institute for Occupational Safety and Health at the time of the reading? ☐ Yes ☐ No

*If the reader is not a certified B-reader, please describe the reader's occupation, specialty, and the method through which the reading was made:* _____

**5. Information Regarding Pulmonary Function Test:**

Date of Test: _____

List your height in feet and inches when test given: _____

List your weight in pounds when test given: _____

Name of Doctor Performing Test (if applicable): _____

Name of Clinician Performing Test (if applicable): _____

Total Lung Capacity (TLC): ___% of predicted

Forced Vital Capacity (FVC): ___% of predicted

FEV1/FVC Ratio: ___% of predicted

Doctor's Specialty: _____

Testing Doctor or Clinician's Mailing Address: _____
                                               Address            City      State/Province    Zip/Postal Code

Testing Doctor or Clinician's Daytime Telephone Number: _____

Name of Doctor Interpreting Test: _____ Doctor's Specialty: _____

Interpreting Doctor's Mailing Address: _____
                                     Address            City      State/Province    Zip/Postal Code

Interpreting Doctor's Daytime Telephone Number: _____

With respect to your relationship to the doctor or clinician who performed the pulmonary function test check all applicable boxes:

If the test was performed by a doctor, was the doctor your personal physician? ☐ Yes ☐ No

Was the testing doctor and/or clinician paid for the services that he/she performed? ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the testing doctor or clinician? ☐ Yes ☐ No

Was the testing doctor or clinician referred to you by counsel? ☐ Yes ☐ No

Are you aware of any relationship between either the doctor or clinician and your legal counsel? ☐ Yes ☐ No

*If yes, please explain:* _____

Was the testing doctor certified as a pulmonologist or internist by the American Board of Internal Medicine at the time of the pulmonary function test? ☐ Yes ☐ No

With respect to your relationship to the doctor interpreting the results of the pulmonary function test check all applicable boxes:

Was the doctor your personal physician? ☐ Yes ☐ No

Was the doctor paid for the services that he/she performed? ☐ Yes ☐ No

*If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ☐ Yes ☐ No

Was the doctor referred to you by counsel? ☐ Yes ☐ No

Are you aware of any relationship between the doctor and your legal counsel? ☐ Yes ☐ No

*If yes, please explain:* _____

Was the doctor interpreting the pulmonary function test results certified as a pulmonologist or internist by the American Board of Internal Medicine at the time the test results were reviewed? ☐ Yes ☐ No

5

6. **Information Regarding Pathology Reports:**

Date of Pathology Report: _____    Findings: _____

Name of Doctor Issuing Report: _____    Doctor's Specialty: _____

Doctor's Mailing Address: _____
                                          Address                                    City        State/Province    Zip/Postal Code

Doctor's Daytime Telephone Number: _____

With respect to your relationship to the doctor issuing the pathology report, check all applicable boxes:

    Was the doctor your personal physician? ☐ Yes ☐ No

    Was the doctor paid for the services that he/she performed? ☐ Yes ☐ No

      *If yes, please indicate who paid for the services performed:* _____

    Did you retain counsel in order to receive any of the services performed by the doctor? ☐ Yes ☐ No

    Was the doctor referred to you by counsel? ☐ Yes ☐ No

    Are you aware of any relationship between the doctor and your legal counsel? ☐ Yes ☐ No

      *If yes, please explain:* _____

_____

Was the doctor certified as a pathologist by the American Board of Pathology at the time of the diagnosis? ☐ Yes ☐ No

7. With respect to the condition alleged, have you received medical treatment from a doctor for the condition? ☐ Yes ☐ No

   *If yes, please complete the following:*

Name of Treating Doctor: _____    Treating Doctor's Specialty: _____

Treating Doctor's Mailing Address: _____
                                                        Address                          City        State/Province    Zip/Postal Code

Treating Doctor's Daytime Telephone number: _____

Was the doctor paid for the services that he/she performed? ☐ Yes ☐ No

    *If yes, please indicate who paid for the services performed:* _____

Did you retain counsel in order to receive any of the services performed by the doctor? ☐ Yes ☐ No

[REMAINDER OF PAGE INTENTIONALLY BLANK]

6

## PART III: DIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each site at which you allege exposure to Grace asbestos-containing products. If you allege exposure at multiple sites, the Court has ordered that you must complete a separate chart for each site. For your convenience, additional copies of Part III are attached as Appendix D to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each job listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Grace asbestos-containing products

(b) A worker who personally removed or cut Grace asbestos-containing products

(c) A worker who personally installed Grace asbestos-containing products

(d) A worker at a site where Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Grace asbestos-containing products were being installed, mixed, removed or cut by other:

(f) If other, please specify.

Site of Exposure:

Site Name: _____

Location: _____

Site Type: ☐ Residence ☐ Business

Site Owner: _____

Employer During Exposure: _____

Unions of which you were a member during your employment: _____

| | | | | | | | | |
|---|---|---|---|---|---|---|---|---|
| Job 1 Description: | | | | | | | | |
| Job 2 Description: | | | | | | | | |
| Job 3 Description: | | | | | | | | |
| Job 4 Description: | | | | | | | | |
| Job 5 Description: | | | | | | | | |
| Job 6 Description: | | | | | | | | |

7

## PART IV: INDIRECT EXPOSURE TO GRACE ASBESTOS-CONTAINING PRODUCTS

1. Are you asserting an injury caused by exposure to Grace asbestos-containing products through contact/proximity with another injured person? ☐ Yes ☐ No

   *If yes, complete questions 2 through 10 of this section for each injured person through which you allege exposure to Grace asbestos-containing products. For your convenience, additional copies of Part IV are attached as Appendix E to this Questionnaire.*

2. Please indicate the following information regarding the other injured person:

   Name of Other Injured Person: _____

   Gender: ☐ Male ☐ Female    Last Four Digits of Social Security Number: _____    Birth Date: _____

3. What is your Relationship to Other Injured Person: ☐ Spouse ☐ Child ☐ Other

4. Nature of Other Injured Person's Exposure to Grace Asbestos-Containing Products: _____

   _____

5. Dates Other Injured Person was Exposed to Grace Asbestos-Containing Products: From: _____ To: _____

6. Other Injured Person's Basis for Identification of Asbestos-Containing Product as Grace Product: _____

   _____

7. Has the Other Injured Person filed a lawsuit related to his/her exposure? ☐ Yes ☐ No

   *If yes, please provide caption, case number, file date, and court name for the lawsuit:*

   Caption: _____

   Case Number: _____ File Date: _____

   Court Name: _____

8. Nature of Your Own Exposure to Grace Asbestos-Containing Product: _____

   _____

9. Dates of Your Own Exposure to Grace Asbestos-Containing Product: From: _____ To: _____

10. Your Basis for Identification of Asbestos-Containing Product as Grace Product: _____

    _____

[REMAINDER OF PAGE INTENTIONALLY BLANK]

## PART V: EXPOSURE TO NON-GRACE ASBESTOS-CONTAINING PRODUCTS

Please complete the chart below for each party against which you have filed a lawsuit and/or claim alleging exposure to asbestos-containing products other than Grace products. If you filed such lawsuits and/or claims against multiple parties, the Court has ordered that you must complete a separate chart for each party. For your convenience, additional copies of Part V are attached as Appendix F to this Questionnaire.

If exposure was in connection with your employment, use the list of occupation and industry codes in the Instructions to Part III to indicate your occupation and the industry in which you worked.

In the "Nature of Exposure" column, for each product listed, please indicate the letter(s) corresponding to whether you were any of the following during your exposure:

(a) A worker who personally mixed Non-Grace asbestos-containing products

(b) A worker who personally removed or cut Non-Grace asbestos-containing products

(c) A worker who personally installed Non-Grace asbestos-containing products

(d) A worker at a site where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(e) A worker in a space where Non-Grace asbestos-containing products were being installed, mixed, removed or cut by others

(f) If other, please specify.

| Party Against which Lawsuit or Claim was Filed: | | | | | | |
|---|---|---|---|---|---|---|
| **Site of Exposure 1**<br>Site Name:_____<br>Address:_____<br>City and State:_____<br>Site Owner:_____ | Job 1 Description:<br><br>Job 2 Description:<br><br>Job 3 Description: | | | | | |
| **Site of Exposure 2**<br>Site Name:_____<br>Address:_____<br>City and State:_____<br>Site Owner:_____ | Job 1 Description:<br><br>Job 2 Description:<br><br>Job 3 Description: | | | | | |
| **Site of Exposure 3**<br>Site Name:_____<br>Address:_____<br>City and State:_____<br>Site Owner:_____ | Job 1 Description:<br><br>Job 2 Description:<br><br>Job 3 Description: | | | | | |

## PART VI: EMPLOYMENT HISTORY

Other than jobs listed in Part III or V, please complete this Part VI for all of your prior industrial work experience up to and including your current employment. For each job, include your employer, location of employment, and dates of employment. Only include jobs at which you worked for at least one month. Please use the copy of Part VI attached as Appendix G to this Questionnaire if additional space is needed.

Occupation Code: _____. If Code 59, specify _____     Industry Code: _____. If Code 118, specify _____

Employer: _____     Beginning of Employment _____     End of Employment _____

Location: _____
                          Address                                          City                    State/Province        Zip/Postal Code

Occupation Code: _____. If Code 59, specify _____     Industry Code: _____. If Code 118, specify _____

Employer: _____     Beginning of Employment _____     End of Employment _____

Location: _____
                          Address                                          City                    State/Province        Zip/Postal Code

Occupation Code: _____. If Code 59, specify _____     Industry Code: _____. If Code 118, specify _____

Employer: _____     Beginning of Employment _____     End of Employment _____

Location: _____
                          Address                                          City                    State/Province        Zip/Postal Code

Occupation Code: _____. If Code 59, specify _____     Industry Code: _____. If Code 118, specify _____

Employer: _____     Beginning of Employment _____     End of Employment _____

Location: _____
                          Address                                          City                    State/Province        Zip/Postal Code

## PART VII: LITIGATION AND CLAIMS REGARDING ASBESTOS AND/OR SILICA

### a. LITIGATION

1. Have you ever been a plaintiff in a lawsuit regarding asbestos or silica? ☐ Yes ☐ No

   *If yes, please complete the rest of this Part VII(a) for each lawsuit. For your convenience, additional copies of Part VII are attached as Appendix G to this Questionnaire*

2. Please provide the caption, case number, file date, and court name for the lawsuit you filed:

   Caption: _____

   Case Number: _____     File Date: _____

   Court Name: _____

3. Was Grace a defendant in the lawsuit? ☐ Yes ☐ No

4. Was the lawsuit dismissed against any defendant? ☐ Yes ☐ No

   *If yes, please provide the basis for dismissal of the lawsuit against each defendant:* _____

   _____

   _____

5. Has a judgment or verdict been entered? ☐ Yes ☐ No

   *If yes, please indicate verdict amount for each defendant(s):* _____

   _____

   _____

6. Was a settlement agreement reached in this lawsuit? ☐ Yes ☐ No

   *If yes and the settlement was reached on or after April 2, 2001, please indicate the following:*

10

a. Settlement amount for each defendant: _____

_____

b. Applicable defendants: _____

_____

c. Disease or condition alleged: _____

d. Disease or condition settled (if different than disease or condition alleged): _____

7. Were you deposed in this lawsuit? ☐ Yes ☐ No

   *If yes and Grace was not a party in the lawsuit, please attach a copy of your deposition to this Questionnaire*

**b. CLAIMS**

1. Have you ever asserted a claim regarding asbestos and/or silica, including but not limited to a claim against an asbestos trust (other than a formal lawsuit in court)? ☐ Yes ☐ No

   *If yes, please complete the rest of this Part VII(b). If no, please skip to Part VIII.*

2. Date the claim was submitted: _____

3. Person or entity against whom the claim was submitted: _____

4. Description of claim: _____

_____

5. Was claim settled? ☐ Yes ☐ No

6. Please indicate settlement amount: _____

7. Was the claim dismissed or otherwise disallowed or not honored? ☐ Yes ☐ No

   *If yes, provide the basis for dismissal of the claim:* _____

   _____

## PART VIII: CLAIMS BY DEPENDENTS OR RELATED PERSONS

Name of Dependent or Related Person: _____ Gender: ☐ Male ☐ Female

Last Four Digits of Social Security Number: _____ Birth Date: _____ Financially Dependent: ☐ Yes ☐ No

Relationship to Injured Party: ☐ Spouse ☐ Child ☐ Other   If other, please specify _____

Mailing Address: _____

           Address                      City     State/Province    Zip/Postal Code

Daytime Telephone number: _____

## PART IX: SUPPORTING DOCUMENTATION

Please use the checklists below to indicate which documents you are submitting with this form.

**Copies:**

- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products
- ☐ Supporting documentation of other asbestos exposure

- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Depositions from lawsuits indicated in Part VII of this Questionnaire
- ☐ Death Certification

**Originals:**

- ☐ Medical records and/or report containing a diagnosis
- ☐ Lung function test results
- ☐ Lung function test interpretations
- ☐ Pathology reports
- ☐ Supporting documentation of exposure to Grace asbestos-containing products

- ☐ Supporting documentation of other asbestos exposure
- ☐ X-rays
- ☐ X-ray reports/interpretations
- ☐ CT scans
- ☐ CT scan reports/interpretations
- ☐ Death Certification

Grace will reimburse your reasonable expenses incurred in providing (a) copies of depositions you have given in lawsuits in which Grace was not a party and/or (b) any documents you have previously provided to Grace in prior litigation. Please indicate the documents for which you are seeking reimbursement and attach a receipt for such costs:_____

## PART X: ATTESTATION THAT INFORMATION IS TRUE AND ACCURATE

The information provided in this Questionnaire must be accurate and truthful. This Questionnaire is an official court document that may be used as evidence in any legal proceeding regarding your Claim. The penalty for presenting a fraudulent Questionnaire is a fine of up to $500,000 or imprisonment for up to five years, or both. 18 U.S.C. §§ 152 & 3571.

**TO BE COMPLETED BY THE INJURED PERSON.**

I swear, **under penalty of perjury**, that, to the best of my knowledge, all of the foregoing information contained in this Questionnaire is true, accurate and complete.

Signature: _____    Date:_____

Please Print Name: _____

**TO BE COMPLETED BY THE LEGAL REPRESENTATIVE OF THE INJURED PERSON.**

I swear that, to the best of my knowledge, all of the information contained in this Questionnaire is true, accurate and complete.

Signature: _____    Date:_____

Please Print Name: _____