# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re:** : | |
| : | **Chapter 11** |
| **USG CORPORATION,** : | |
| a Delaware corporation, et al., : | **Jointly Administered** |
| : | **Case No. 01-2094 (JKF)** |
| **Debtors.** : | |
| : | |
| _____ : | |
| **USG CORPORATION, et al.,** : | Hearing Date: February 9, 2006 |
| : | Hearing Time: 12:30 pm |
| **Movant** : | |
| : | |
| v. : | |
| : | |
| **OFFICIAL COMMITTEE OF** : | Civil Action No. 04-1559 (JFC) |
| **ASBESTOS PERSONAL INJURY** : | Civil Action No. 04-1560 (JFC) |
| **CLAIMANTS, et al.,** : | |
| : | |
| **Respondents.** : | |

## [PROPOSED] ORDER STAYING ESTIMATION PROCEEDINGS AND PROCEEDINGS ON DEBTORS' VOTING RIGHTS MOTION FOR CERTAIN PARTIES

| | |
|---|---|
| COOLEY GODWARD LLP | RICHARDS, LAYTON, & FINGER, P.A. |
| Stephen C. Neal (CA 170085) | Daniel J. DeFranceschi (DE No. 2732) |
| Scott D. Devereaux (CA 146050) | Paul N. Heath (DE No. 3704) |
| Five Palo Alto Square | One Rodney Square |
| 3000 El Camino Real | P.O. Box 551 |
| Palo Alto, CA 94306 | Wilmington, Delaware 19899 |
| Tel: (650) 843-5000 | Tel: (302) 651-7700 |

JONES DAY
David G. Heiman (OH 0038271)
Brad B. Erens (IL 6206864)
North Point
901 Lakeside Avenue
Cleveland, Ohio 44114-1190
Tel: (216) 586-3939

*Counsel for Debtors*

982829 v2/SF
RLF1-2980691-1

On January 30, 2006, Debtors[1], the Official Committee of Asbestos Personal Injury Claimants (the "ACC"), the counsel for each member of the ACC in its individual capacity and on behalf of such member, and Dean M. Trafelet, in his capacity as the Legal Representative for Future Claimants informed the Court that they executed a term sheet (the "Term Sheet") setting forth the basic terms on which the parties agreed to settle certain disputes relating to Debtors' alleged liability for asbestos-related personal injury claims and demands. According to those parties, the Term Sheet, when implemented by a confirmed plan of reorganization for Debtors, will resolve all the disputes as to which the Court withdrew the reference in the above-captioned actions. Pursuant to the Term Sheet, the parties agreed to jointly seek a stay of the estimation litigation currently pending before the District Court.

On January 30 and February 9, 2006, this Court held duly-noticed hearings regarding Debtors' Motion for Stay of Estimation Proceedings and Proceedings on Debtors' Voting Rights Motion. Having fully considered the arguments presented by any party, in filings or during the hearings, the Court hereby orders that:

**1.** The above captioned actions are stayed indefinitely for all parties other than the Official Committee of Property Damage Claimants ("PD Committee"). This includes a stay of all discovery efforts, including subpoenas or other discovery directed to third parties. If these proceedings must resume at a later date, the Court will enter an appropriate order at that time.

---

[1] "Debtors" include the following eleven entities: USG Corporation, United States Gypsum Company, USG Interiors, Inc., USG Interiors International, Inc., L&W Supply Corporation, Beadex Manufacturing, LLC, B-R Pipeline Company, La Mirada Products Co., Inc., USG Industries, Inc., USG Pipeline Company, and Stocking Specialists, Inc.

982829 v2/SF
RLF1-2980691-1

1

**2.** The Debtors, and any other parties who issued a subpoena or other third-party discovery device to a third party, are hereby directed to serve a copy of this Order on any party to whom such third-party discovery was directed informing them that the return date for such a subpoena or other discovery is stayed pending further order of the Court, subject to the right of the PD Committee to take discovery of such third-parties, as set forth in Paragraph 4 of this Order.

**3.** Discovery associated with Debtors' Claimant Questionnaire ("Questionnaire") also is stayed and no response is currently required of any claimant who received the Questionnaire.

**4.** The PD Committee may take discovery relevant to the estimation of personal injury claims against Debtors or Debtors' voting rights motion, except the PD Committee may not seek to compel responses to Debtors' Questionnaire.

**5.** Should the PD Committee elect to serve discovery at this time, the parties may file objections and motions as permitted under the Federal Rules of Civil Procedure.

**IT IS SO ORDERED.**

Dated:_____                _____
                                                                   The Honorable Joy Flowers Conti
                                                                   United States District Court Judge